ANCC
**G. MARK ALBRIGHT, ESQ.**
Nevada Bar No.: 001394
**DANIEL R. ORMSBY, ESQ.**
Nevada Bar No.: 014595
**KYLE W. FENTON, ESQ.**
Nevada Bar No.: 016235
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D4
Las Vegas, Nevada 89106
Telephone: (702) 384-7111
Facsimile: (702) 384-0605
gma@albrightstoddard.com
kfenton@albrightstoddard.com
dormsby@albrightstoddard.com
*Attorneys for Plaintiff/Counter-defendants,*
Capital Pure Assets, LTD.; Shiva Prakash;
Hannah Dawn Prakash; Vikhyat Prakash;
James Chrisman, P.C.; James P. Chrisman

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>                    Plaintiff(s),<br><br>    vs.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br>                    Defendant(s). | Case No.  2:24-cv-00680-RFB-NJK<br><br><br><br>**COUNTER-DEFENDANT'S ANSWER TO COUNTERCOMPLAINT** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br>                    Counterclaimant,<br>    vs.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. CHRISMAN an individual; DOES I through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br>                    Counter-defendants. | |

**COMES NOW**, Counter-defendants, CAPITAL PURE ASSETS, LTD ('Capital Pure');

SHIVA PRAKASH ('Shiva'); HANNAH DAWN PRAKASH ('Hannah'); VIKHYAT PRAKASH

('Vikhyat'); JAMES CHRISMAN, P.C; AND JAMES P. CHRISMAN ('Chrisman') (collectively known as "Counterdefendants") by and through their counsel of record, ALBRIGHT, STODDARD, WARNICK & ALBRIGHT, and hereby files their Answer to Counterclaim by Counterclaimant CC TECHNOLOGY CORPORATION ('CCTC' or 'Counterclaimant') and admit, deny and avers as follows:

## NATURE OF THE ACTION

1.     In answering Paragraph 1 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

2.     In answering Paragraph 2 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

3.     In answering Paragraph 3 of Counterclaimant's Complaint, Counter-defendants admit that Counter-defendants represented to CCTC that they have a reputable business and that Counter-defendants requested $336,000 from CCTC to obtain a Standy Letter of Credit ('SBLC'), but deny all other allegations set forth therein.

4.     In answering Paragraph 4 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

5.     In answering Paragraph 5 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

## THE PARTIES

6.     In answering Paragraph 6 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

7.     In answering Paragraph 7 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

8.     In answering Paragraph 8 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

- 2 -

9.    In answering Paragraph 9 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

10.    In answering Paragraph 10 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

11.    In answering Paragraph 11 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

12.    In answering Paragraph 12 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

13.    In answering Paragraph 13 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

## JURISDICTION AND VENUE

14.    In answering Paragraph 14 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

15.    In answering Paragraph 15 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

## GENERAL ALLEGATIONS

16.    In answering Paragraph 16 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

- 3 -

17. In answering Paragraph 17 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

18. In answering Paragraph 18 of Counterclaimant's Counterclaim, Counter-defendants admit that Gavin and Lang were invited to Las Vegas to meet with Capital Pure. As to the rest of the allegations in said Paragraph, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

19. In answering Paragraph 19 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

20. In answering Paragraph 20 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

21. In answering Paragraph 21 of Counterclaimant's Counterclaim, Counter-defendants admit that (1) a 'Tri Party Joint Venture Agreement' was drafted and contemplated between the parties; and (2) Gavin and Lang came to Las Vegas on or about May 29, 2023. As to the rest of the allegations in said Paragraph, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

22. In answering Paragraph 22 of Counterclaimant's Counterclaim, Counter-defendants admit that Capital Pure entered into a Joint Venture Agreement with CCTC which was signed by Hannah on behalf of Capital Pure, but deny all other allegations set forth therein.

23. In answering Paragraph 23 of Counterclaimant's Counterclaim, Counter-defendants admit that Capital Pure entered into a Joint Venture Agreement with CCTC which was signed by Hannah on behalf of Capital Pure, but deny all other allegations set forth therein.

24. In answering Paragraph 24 of Counterclaimant's Counterclaim, Counter-defendants deny the allegations contained therein, and assert that the full context and terms of the agreement include conditions and milestones that are material to these obligations.

25.    In answering Paragraph 25 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

26.    In answering Paragraph 26 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

27.    In answering Paragraph 27 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

28.    In answering Paragraph 28 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

29.    In answering Paragraph 29 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

30.    In answering Paragraph 30 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

31.    In answering Paragraph 31 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

32.    In answering Paragraph 32 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

33.    In answering Paragraph 33 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

34.    In answering Paragraph 34 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

35.    In answering Paragraph 35 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

36.    In answering Paragraph 36 of Counterclaimant's Counterclaim, Counter-defendants admit that the referenced email and wire instructions were sent on September 21, 2023, but deny all other allegations contained therein.

37.    In answering Paragraph 37 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

38.    In answering Paragraph 38 of Counterclaimant's Counterclaim, Counter-defendants admit that Shiva requested a call on September 29, 2023, but deny all other allegations set forth therein.

39.    In answering Paragraph 39 of Counterclaimant's Counterclaim, Counter-defendants admit that the parties in interest had a call on September 29, 2023, but deny all other allegations set forth therein.

40.    In answering Paragraph 40 of Counterclaimant's Counterclaim, Counter-defendants admit that CCTC rescinded its request for the return of the escrow funds and cancellation of the JVA, but deny all other allegations set forth therein.

41.    In answering Paragraph 41 of Counterclaimant's Counterclaim, Counter-defendants admit that that parties in interest had several calls after the September 29, 2023, meeting, but deny all other allegations set forth therein.

42.    In answering Paragraph 42 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

43.    In answering Paragraph 43 of Counterclaimant's Counterclaim, Counter-defendants admit that Shiva sent a message on December 6, 2023, but deny all other allegations set forth therein.

44.    In answering Paragraph 44 of Counterclaimant's Counterclaim, Counter-defendants deny the allegations contained therein, as they are misrepresented, as Capital Pure's assurances were based on conditions that CCTC failed to fulfill.

45.    In answering Paragraph 45 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

46.    In answering Paragraph 46 of Counterclaimant's Counterclaim, Counter-defendants admit that Counterclaimant sent a letter to the Counter-defendants, but deny all other allegations set forth therein.

47.    In answering Paragraph 47 of Counterclaimant's Counterclaim, Counter-defendants admit that Capital Pure requested a video conference on March 5. However Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of all other allegations contained herein, and therefore deny the same.

48.    In answering Paragraph 48 of Counterclaimant's Counterclaim, Counter-defendants admit the allegations contained therein.

49.    In answering Paragraph 49 of Counterclaimant's Counterclaim, Counter-defendants admit Chrisman did not attend the March 5 conference. As to the rest of the allegations in said Paragraph, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

50.    In answering Paragraph 50 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

51.    In answering Paragraph 51 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

52.    In answering Paragraph 52 of Counterclaimant's Counterclaim, Counter-defendants admit that CCTC sent an email to Chrisman, but deny all other allegations set forth therein.

53.    In answering Paragraph 53 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

54. In answering Paragraph 54 of Counterclaimant's Counterclaim, Counter-defendants admit that Shiva sent CCTC an email on March 27, 2024, but deny all other allegations set forth therein.

55. In answering Paragraph 55 of Counterclaimant's Counterclaim, Counter-defendants admit Shiva sent an escrow release with $324,240 to be provided to CCTC, but deny all other allegations set forth therein.

56. In answering Paragraph 56 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

57. In answering Paragraph 57 of Counterclaimant's Counterclaim, Counter-defendants admit that CCTC's counsel sent the March 28 Demand, but deny the alleged impropriety of the Escrow Release, as well as any failures under the JVA and the Escrow Agreement.

58. In answering Paragraph 58 of Counterclaimant's Counterclaim, Counter-defendants admit the existence of a March 28, 2024 Demand, but deny all other allegations set forth therein.

59. In answering Paragraph 59 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

60. In answering Paragraph 60 of Counterclaimant's Counterclaim, Counter-defendants admit that Capital Pure's counsel communicated with CCTC regarding the escrow, but deny all other allegations contained therein, including any implication of impropriety by Counter-defendants.

61. In answering Paragraph 61 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

## FIRST CLAIM FOR RELIEF

### (Alter Ego Liability)

62. In answering Paragraphs 1 – 62 of Counterclaimant's Counterclaim, Counter-defendants repeat and reallege each response above as though fully set forth herein.

- 8 -

63.    In answering Paragraph 63 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

64.    In answering Paragraph 64 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

65.    In answering Paragraph 65 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

66.    In answering Paragraph 66 of Counterclaimant's Counterclaim, Counter-defendants deny the allegations contained therein.

67.    In answering Paragraph 67 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

68.    In answering Paragraph 68 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

69.    In answering Paragraph 69 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

## SECOND CLAIM FOR RELIEF

### (Fraud – Against Capital Pure, Shiva, Hannah, and Vikhyat)

70.    In answering Paragraphs 1 – 70 of Counterclaimant's Counterclaim, Counter-defendants repeat and reallege each response above as though fully set forth herein.

71.    In answering Paragraph 71 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

72.    In answering Paragraph 72 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

73.    In answering Paragraph 73 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

74.    In answering Paragraph 74 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

75.    In answering Paragraph 75 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

- 9 -

76. In answering Paragraph 76 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

77. In answering Paragraph 77 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same.

78. In answering Paragraph 78 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

## THIRD CLAIM FOR RELIEF

**(Deceptive Trade Practices/Consumer Fraud – against Capital Pure, Shiva, and Hannah)**

79. In answering Paragraphs 1-79 of Counterclaimant's Counterclaim, Counter-defendants repeat and reallege each response above as though fully set forth herein.

80. In answering Paragraph 80 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

81. In answering Paragraph 81 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

82. In answering Paragraph 82 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same.

83. In answering Paragraph 83 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

84. In answering Paragraph 84 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same.

85.    In answering Paragraph 85 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same.

86.    In answering Paragraph 86 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract – against Capital Pure, Shiva, and Hannah)

87.    In answering Paragraphs 1-87 of Counterclaimant's Counterclaim, Counter-defendants repeat and reallege each response above as though fully set forth herein.

88.    In answering Paragraph 88 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

89.    In answering Paragraph 89 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

90.    In answering Paragraph 90 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

91.    In answering Paragraph 91 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

- 11 -

92.    In answering Paragraph 92 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

93.    In answering Paragraph 93 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

94.    In answering Paragraph 94 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

95.    In answering Paragraph 95 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

## FIFTH CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing – against Capital Pure, Shiva, and Hannah)

96.    In answering Paragraphs 1-96 of Counterclaimant's Counterclaim, Counter-defendants repeat and reallege each response above as though fully set forth herein.

97.    In answering Paragraph 97 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

98.    In answering Paragraph 98 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

99.    In answering Paragraph 99 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis

- 12 -

that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

100.    In answering Paragraph 100 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

101.    In answering Paragraph 101 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

102.    In answering Paragraph 102 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

## SIXTH CLAIM FOR RELIEF

### (Breach of Contract – against Chrisman, P.C.)

103.    In answering Paragraphs 1-103 of Counterclaimant's Counterclaim, Counter-defendants repeat and reallege each response above as though fully set forth herein.

104.    In answering Paragraph 104 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

105.    In answering Paragraph 105 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

106.    In answering Paragraph 106 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

107.    In answering Paragraph 107 of Counterclaimant's Counterclaim, Counter-defendants  deny each and every allegation set forth in said paragraph.

- 13 -

108. In answering Paragraph 108 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

### SEVENTH CLAIM FOR RELIEF

**(Breach of Implied covenant of Good Faith and Fair Dealing – against Chrisman, P.C.)**

109. In answering Paragraphs 1-109 of Counterclaimant's Counterclaim, Counter-defendants repeat and reallege each response above as though fully set forth herein.

110. In answering Paragraph 110 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

111. In answering Paragraph 111 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

112. In answering Paragraph 112 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

113. In answering Paragraph 113 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

114. In answering Paragraph 114 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

### EIGHTH CLAIM FOR RELIEF

**(Breach of Fiduciary Duties – against Chrisman and Chrisman, P.C)**

- 14 -

115. In answering Paragraphs 1-115 of Counterclaimant's Counterclaim, Counter-defendants repeat and reallege each response above as though fully set forth herein.

116. In answering Paragraph 116 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

117. In answering Paragraph 117 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

118. In answering Paragraph 118 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

119. In answering Paragraph 119 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

120. In answering Paragraph 120 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

## NINTH CLAIM FOR RELIEF

### (Civil Conspiracy – against all Counter-defendants)

121. In answering Paragraphs 1-121 of Counterclaimant's Counterclaim, Counter-defendants repeat and reallege each response above as though fully set forth herein.

122. In answering Paragraph 122 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

123. In answering Paragraph 123 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

124.    In answering Paragraph 124 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

125.    In answering Paragraph 125 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

### TENTH CLAIM FOR RELIEF

### (Conversion – against all Counter-defendants)

126.    In answering Paragraphs 1-126 of Counterclaimant's Counterclaim, Counter-defendants repeat and reallege each response above as though fully set forth herein.

127.    In answering Paragraph 127 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

128.    In answering Paragraph 128 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

129.    In answering Paragraph 129 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same.

130.    In answering Paragraph 130 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

131.    In answering Paragraph 131 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

132.    In answering Paragraph 132 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

133.    In answering Paragraph 133 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

### ELEVENTH CLAIM FOR RELIEF

**(Unjust Enrichment – in the Alternative – against all Counter-defendants)**

134.    In answering Paragraphs 1-134 of Counterclaimant's Counterclaim, Counter-defendants repeat and reallege each response above as though fully set forth herein.

135.    In answering Paragraph 135 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same.

136.    In answering Paragraph 136 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same.

137.    In answering Paragraph 137 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

138.    In answering Paragraph 138 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

139.    In answering Paragraph 139 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

### TWELFTH CLAIM FOR RELIEF

**(Declaratory Relief – against all Counter-defendants)**

140.    In answering Paragraphs 1-140 of Counterclaimant's Counterclaim, Counter-defendants repeat and reallege each response above as though fully set forth herein.

- 17 -

141.   In answering Paragraph 141 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same on the basis that it is without sufficient knowledge or information to form a belief as to the truth or falsity of such factual allegations.

142.   In answering Paragraph 142 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

143.   In answering Paragraph 143 of Counterclaimant's Counterclaim, Counter-defendants deny each and every allegation set forth in said paragraph.

144.   In answering Paragraph 144 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same.

145.   In answering Paragraph 145 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same.

146.   In answering Paragraph 146 of Counterclaimant's Counterclaim, such paragraph sets forth a legal conclusion to which no response is required. Notwithstanding, to the extent that this paragraph is construed to include factual allegations, Counter-defendants deny the same.

147.   In answering Paragraph 147 of Counterclaimant's Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained herein, and therefore deny the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Counterclaimant has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Counterclaimant did not exercise ordinary care, caution, or prudence in this incident, and the resulting damages, if any, were proximately caused and contributed to Counterclaimant's own negligence, and such negligence was greater than the negligence, if any, of Counter-defendants.

### THIRD AFFIRMATIVE DEFENSE

Counter-defendant's entity was not undercapitalized.

### FOURTH AFFIRMATIVE DEFENSE

Counter-defendants allege that Counterclaimant has failed and refused to take reasonable steps to remedy, cure or mitigate their damages as alleged in the Counterclaim, and are therefore now barred from any recovery in the present action as a result of and to the extent of such failure and refusal.

### FIFTH AFFIRMATIVE DEFENSE

The damages, if any, complained of by the Counterclaimant were not proximately caused by any acts and/or omissions on the part of Counter-defendants.

### SIXTH AFFIRMATIVE DEFENSE

The damages, if any, allegedly suffered by the Counterclaimant were caused by new, independent, intervening and superseding causes and not by Counter-defendants alleged negligence or other actionable conduct, the existence of which is specifically denied.

### SEVENTH AFFIRMATIVE DEFENSE

Counterclaimant's claims, and each of them, for breach of contract are barred by the failure of Counterclaimant to satisfy conditions subsequent.

### EIGHTH AFFIRMATIVE DEFENSE

The claims of Counterclaimant are barred as a result of lack of good faith.

### NINETH AFFIRMATIVE DEFENSE

Counter-defendants allege that counter-defendants are not the proximate cause of any of Counterclaimant's alleged damages.

### TENTH AFFIRMATIVE DEFENSE

Counter-defendants are informed and believe, and thereon allege, that Counterclaimant's alleged damages, if any, were and are, wholly or partially, contributed or proximately caused by Counterclaimant's own carelessness, recklessness, negligence, or fault, thus barring or diminishing any recovery against Counter-defendants.

- 19 -

**ELEVENTH AFFIRMATIVE DEFENSE**

Counter-defendants are informed and believe, and thereon allege, that Counterclaimant's claims are reduced, modified, and/or barred by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

Counter-defendants at all times herein acted reasonably and in good faith in discharging their obligations and duties, if any.

**THIRTEENNTH AFFIRMATIVE DEFENSE**

Counterclaimant failed to complete the work they agreed to perform and failed to perform under the written agreements between Counterclaimant and Counter-defendants.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Counter-defendants hereby incorporate by reference those affirmative defenses enumerated in Rule 8 of the Nevada Rules of Civil Procedure as if fully set forth at length herein. In the event further investigation or discovery reveals the applicability of any such defenses, Counter-defendants reserve the right to seek leave of Court to amend their Answers to Counterclaimant's Counterclaim to specifically assert the same. Such defenses are herein incorporated by reference for the specific purpose of not waiving the same.

**FITHTEENTH AFFIRMATIVE DEFENSE**

Counter-defendants have not comingled any funds.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent discovery reveals that Counterclaimant's actions caused or contributed to the damages alleged in Counterclaimant's Counterclaim, Counter-defendants are entitled to an offset or reduction in damages, or a bar thereof, in accordance with such comparative fault.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Counter-defendants have not breached any contract.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Counter-defendants are informed and believes, and thereon alleges, that if Counterclaimant herein suffered or sustained any loss, damage or detriment, the same was directly and proximately caused and contributed to by Counterclaimant's own conduct, acts, omissions, activities,

- 20 -

carelessness, recklessness, negligence or intentional misconduct, thereby completely or partially barring any recovery against Counter-defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

It has been necessary for Counter-defendants to retain the services of an attorney to defend this Counterclaim and, therefore, Counter-defendants are entitled to a reasonable sum for attorney's fees and the costs expended in this action.

### TWENTEITH AFFIRMATIVE DEFENSE

Counterclaimant's claims, and each of them, are barred, in whole or in part, by the doctrines of mistake, excuse, and/or nonperformance.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Counter-defendants are informed and believe, and thereon allege, that Counterclaimant's damages, if any, occurred without negligence, want of care, default, or another breach of duty on the part of Counter-defendants.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Counterclaimant's claim for breach of contract is barred as a result of their failure to satisfy conditions precedent.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Counter-defendants' conduct was neither oppressive, fraudulent, nor committed with malice.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Counter-defendants' acts were not misleading in any material way.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Counter-defendants did not commit deceptive acts.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Counterclaimant has not been injured as a result of any deceptive acts of Counter-defendants.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Pursuant to NRCP 11, all possible affirmative defenses may not have been alleged herein insofar as insufficient facts were available after reasonable inquiry upon the filing of this Answer

- 21 -

and, therefore, Counter-defendants reserve the right to amend their Answers to allege additional affirmative defenses if subsequent investigation so warrants.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that Counter-defendants have not received any benefits from Counterclaimant, Counter-defendants have not been unjustly enriched.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Counterclaimant's claims for punitive damages are barred because Counter-defendants did not act with an evil hand guided by an evil mind.

### THIRTIETH AFFIRMATIVE DEFENSE

There was no comingling of funds, under capitalization, unauthorized diversion of funds, treatment of corporates assets from as Counter-defendant's own, and also no failure to observe corporate formalities.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

There is no such unity of interest between Capital Pure and Counter-defendants such that one is inseparable from the other.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Counterclaimant violated its duty of loyalty to answering Counter-defendants.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

There is no special relationship with Counter-defendants and Counterclaimant.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Counter-defendants could not, as a matter of law, conspire with each other.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Counter-defendants did not enter into a conspiracy to harm Counterclaimant.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Counter-defendants did not wrongfully take any property belonging to Counterclaimant.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The creation of a constructive trust is not essential to the effectuation of justice.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

- 22 -

The doctrine of unclean hands prohibits Counterclaimant from claiming a constructive trust.

### FOURTIETH AFFIRMATIVE DEFENSE

Counter-defendants have committed no acts of dominion over Counterclaimant's property/chattels.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Counter-defendant's alleged acts of dominion, if any, were not wrongful.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Counterclaimant's claims, and each of them, are barred by the failure to satisfy conditions precedent.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Counter-defendant did not seriously interfere with Counterclaimant's property rights.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Counterclaimant should not be granted its declaration.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

No genuine judicial controversy exists as to relevant rights and obligations of the parties.

**WHEREFORE,** Defendants pray for relief as follows:

A.    That Counterclaimant take nothing by way of its Counterclaim;

B.    That Counterclaimant's Counterclaim be dismissed as against the Counter-defendants;

C.    That the Counter-defendants be awarded their attorneys' fees and costs incurred in this matter, both under any statute, rule, or other provision allowing for the same, and also as special damages incurred herein; and

/ / /

/ / /

/ / /

/ / /

- 23 -

D.    For such other and further relief as to this Court may seem just and proper.

DATED this 24th day of July, 2024.

ALBRIGHT, STODDARD, WARNICK & ALBRIGHT

G. MARK ALBRIGHT, ESQ.
Nevada Bar No. 001394
DANIEL R. ORMSBY, ESQ.
Nevada Bar No. 014595
KYLE W. FENTON, ESQ.
Nevada Bar No. 016235
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Tel: (702) 384-7111
Fax: (702) 384-0605
E-Mail: gma@albrightstoddard.com
E-Mail: dormsby@albrightstoddard.com
E-Mail: kfenton@albrightstoddard.com
*Attorneys for Counterdefendants*