Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
         dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00680-RFB-NJK<br><br>**JOINT CONFERENCE REPORT UNDER RULE 26(f) AND STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br>v.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Counter-defendants. | |

1

Plaintiff and Counter-defendants Capital Pure Assets, Ltd, Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman (collectively, "Counter-defendants"), and Defendant/Counterclaimant CC Technology Corporation ("CCTC"), by and through their undersigned counsel of record, respectfully submit the following Joint Conference Report under Rule 26(f) and Stipulated Discovery Plan and Scheduling Order.

In accordance with Fed. R. Civ. P. 26(f) and LR 26-1, attorneys David B. Barney, Esq., on behalf of CCTC, and Kyle W. Fenton, Esq., on behalf of Counter-defendants, convened over a conference call on July 17, 2024.  During the conference, counsel for the parties discussed the matters required under Fed. R. Civ. P. 26(f), and the parties respectfully submit the following Stipulated Discovery Plan and Scheduling Order:

1.      Discovery Cut-off Date:

a.      CCTC's position: **December 16, 2024**

CCTC filed its Answer and Counterclaim on June 17, 2024.  CCTC believes that the standard discovery schedule should be sufficient, and that the parties may seek additional time should the need arise.

b.      Counter-defendants' position: **March 14, 2025**

Counter-defendants respectfully request that nine (9) months of discovery be provided in this matter due to the complexity and size of this litigation, as well as the numerous parties involved. Counter-defendants note the substantial nature of these pleadings, featuring a (1) Complaint (ECF No.1) with 78 paragraphs featuring three causes of action; as well as (2) a Counterclaim (ECF No. 5) with 147 paragraphs and twelve causes of action. Counterdefendants also note that there are currently seven (7) parties in this action, including four (4) individuals (*Shiva Prakash, Hannah Prakash, Vikhyat Prakash, and James Chrisman*), as well as three (3) entities (*Capital Pure Assets, Ltd., CCTC, and James Chrisman, P.C.*). Accordingly, Counter-defendants anticipate a significant amount of discovery in this matter, including at least five (5) depositions (if not more). As such, Counter-defendants respectfully request that this Court provide nine (9) months of discovery in this matter.

Counter-defendants also request that the rest of the proposed scheduling dates, including

the (1) deadline for amending the pleadings and adding parties, (2) last date to disclose experts, (3) deadline for rebuttal expert disclosures, (4) deadline for dispositive motions, and (5) deadline for joint pretrial order, also be extended to accommodate the requested nine (9) months of discovery, with such requested dates provided below.

2.      Deadline for Amending the Pleadings and Adding Parties:

      a.      CCTC's position: **September 17, 2024**

      b.      Counter-defendants' position: **December 14, 2024**

The deadline for filing motions to amend the pleadings or to add parties is 90 days before the close of discovery.

3.      Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2):

      a.      CCTC's position: **October 17, 2024**

      b.      Counter-defendants' position: **January 13, 2025**

The deadlines in Fed. R. Civ. P. 26(a)(2)(D) for expert disclosures are modified to require that initial expert disclosures be made 60 days before the discovery cut-off date.

4.      Deadline for rebuttal expert disclosures:

      a.      CCTC's position: **November 18, 2024**

      b.      Counter-defendants' position: **February 12, 2025**

The deadlines in Fed. R. Civ. P. 26(a)(2)(D) for expert disclosures are modified to require that rebuttal expert disclosures be made 30 days after the initial disclosure of experts.

5.      Deadline for dispositive motions:

      a.      CCTC's position: **January 15, 2025**

      b.      Counter-defendants' position: **April 14, 2025**

Dispositive motions are due 30 days after the discovery cut-off date.

6.      Deadline for joint pretrial order:

      a.      CCTC's position: **February 14, 2025**

      b.      Counter-defendants' position: **May 14, 2025**

The joint pretrial order deadline is 30 days after the dispositive motion deadline.  If dispositive motions are filed, the deadline for filing a joint pretrial order will be suspended until

30 days after a decision on the dispositive motions or further court order.  The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections to them, must be included in the joint pretrial order.

7.    With regard to alternative dispute resolution processes, including mediation and arbitration, the parties do not believe arbitration or mediation is appropriate at this time, but remain willing to discuss the possibility throughout the duration of litigation.

8.    **Consent to Trial by a Magistrate Judge**.  With regard to trial by a magistrate judge, the parties hereby consent and respectfully request that the Magistrate Judge conduct the trial and all pretrial proceedings in this matter in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 73.  The parties do not consent to the use of the Short Trial Program (General Order 2013-01).

9.    Counsel for the parties certify that they are in agreement that evidence may be presented in electronic format to jurors for the purposes of jury deliberations.  The parties currently have no stipulations regarding such evidence.

10.    Counsel for the Counter-defendants and for CCTC agreed with and propose the following discovery plan:

a.    Under the Rules, the parties' initial disclosures are due July 31, 2024.

b.    The parties have generally discussed the scope of discovery expected, including, but not limited to, documents and information in support of the claims and defenses set forth in the parties' pleadings.

c.    The parties agree to file a proposed order governing the handling of electronically stored information in connection with this matter by no later than August 9, 2024.

d.    The parties have agreed that the inadvertent production of documents, materials or information that is privileged or otherwise protected from discovery should not constitute a waiver of said privilege or protection, so long as the producing party took reasonable steps to prevent the disclosure; makes written request for the return of the documents, material or information within seven (7) days, and identifies in writing the grounds on which it asserts the information is privileged or otherwise protected.  The

4

parties ask that the Court include this agreement in an order pursuant to Federal Rule of Evidence 502.

e.  The parties agree that no changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

f.  The parties have agreed that a protective order is appropriate in this matter to allow the parties to identify as "confidential" any trade secret or other confidential research, development, commercial or personal.  The parties will file a proposed order governing the production and use of such material in this matter by August 9, 2024.

IT IS SO ORDERED.

On date: _____

Signed: _____
          JUDGE NANCY J. KOPPE
          US MAGISTRATE JUDGE

Respectfully submitted this 31st day of July, 2024.

| SKLAR WILLIAMS PLLC | ALBRIGHT, STODDARD, WARNICK & ALBRIGHT |
|---|---|
| */s/ David B. Barney*_____ | */s/ Kyle W. Fenton*_____ |
| Stephen R. Hackett, Esq. | G. Mark Albright, Esq. |
| Nevada Bar No. 5010 | Nevada Bar No. 1394 |
| David B. Barney, Esq. | Daniel R. Ormsby, Esq. |
| Nevada Bar No. 14681 | Nevada Bar No. 14595 |
| 410 S. Rampart Blvd., Suite 350 | Kyle W. Fenton, Esq. |
| Las Vegas, NV 89145 | Nevada Bar No. 16235 |
| *Attorneys for Defendant/Counterclaimant* | 801 South Rancho Drive, Suite D4 |
| *CC Technology Corporation* | Las Vegas, NV 89106 |
|  | *Attorneys for Plaintiff/Counter-defendants* |