# EXHIBIT N

March 28, 2024 Demand Letter

| | |
|---|---|
| **From:** | David Barney |
| **To:** | chairman@capitalpureassets.com; vikhyat.prakash@capitalpureassets.com; hannah@capitalpureassets.com; james@jameschrisman.com |
| **Cc:** | Steve Hackett; Jessica Uriostegui |
| **Subject:** | Final Demand to Capital Pure Assets, LTD |
| **Date:** | Thursday, March 28, 2024 5:41:00 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | Final Demand to CPA (3.28.24).pdf |

Good evening,

Please see the attached correspondence from our firm.  If you have any questions or should you wish to discuss this matter in further detail, please feel free to contact me or Mr. Hackett (cc'd).

Thank you,

David B. Barney

**SKLAR WILLIAMS**

—— **PLLC** ——

LAW OFFICES
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
(702) 360-6000     Fax: (702) 360-0000
E-Mail: dbarney@sklar-law.com

 



1

## SKLAR WILLIAMS

—— PLLC ——
LAW OFFICES
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
(702) 360-6000 • Fax: (702) 360-0000
E-Mail: dbarney@sklar-law.com

March 28, 2024

**Via Certified Mail and E-mail**

Capital Pure Assets, LTD
c/o James Chrisman, Registered Agent
8924 Spanish Ridge Ave.
Las Vegas, NV 89117

Capital Pure Assets, LTD
c/o James Chrisman, Registered Agent
P.O. Box 750939
Las Vegas, NV 89136

Capital Pure Assets, LTD
c/o James Chrisman, Registered Agent
████████████
Las Vegas, NV 89131
james@jameschrisman.com

Shivahi Prakash
████████████
Las Vegas, NV 89128
chairman@capitalpureassets.com

Hannah Prakash
████████████
Las Vegas, NV 89128
hannah@capitalpureassets.com

Vikhyat Prakash
████████████
Las Vegas, NV 89128
vikhyat.prakash@capitalpureassets.com

> **Re:** **Final Demand for Payment of Amounts Owed to CC Technology Corporation ("CCTC")**

To Whom it May Concern:

We represent CCTC in connection with the above-referenced matter. Please direct all future correspondence with CCTC to the undersigned attorney.

We are writing to follow up on our client's initial demand letter dated March 1, 2024 (the "*Initial Demand*"). Needless to say, you have not provided an adequate response to the Initial Demand, and so we are writing in a final attempt to ensure our client is made whole, before CCTC is forced to resort to litigation.

As you know, and as set forth in the Initial Demand, Capital Pure Assets, LTD ("*Capital Pure*") is in breach of its obligations under the Joint Venture Agreement dated June 26, 2023, between Capital Pure and CCTC (hereinafter, the "*JV Agreement*"). While CCTC complied with all of its obligations under the JV Agreement, including funding into escrow a total amount of $336,000 (the "*Escrow Deposit*"), Capital Pure has failed and refused to carry out its obligations under the agreement to, among other things, cause the issuance of a SWIFT MT799 Pre-Advice message or the subject standby letter of credit. These failures by Capital Pure have deprived CCTC of its justified expectations under the JV Agreement and the subject transaction overall.

While Capital Pure is in clear breach of the JV Agreement, we have broader concerns that the entity and its principals, including Shivahi Prakash, Hannah Prakash, and Vikhyat Prakash, never

2

**SKLAR WILLIAMS**
—— PLLC ——
LAW OFFICES

had the ability or intent to deliver on their representations, as set forth in the JV Agreement and otherwise made to CCTC, and which they knew were false at the time those representations were made. We are also concerned that the defined "ESCROW," James Chrisman Professional Corp., while acknowledging its fiduciary and statutory obligations in Section 5.2 of the Escrow Agreement dated July 5, 2023 ("*Escrow Agreement*"), has failed to live up to those obligations by not responding to our client's repeated written and verbal inquiries about the Escrow Deposit and apparently ignoring the Initial Demand.

These concerns are made even more serious by your recently proposed agreement, titled "Mutual Release for Escrow" (the "*Proposed Release*"). Not only is the Proposed Release completely inappropriate, but it raises even more questions relating to your conduct and your intent in connection with the proposed transactions. By way of example, we have no idea why the amount that would be released to our client under the Proposed Release is only $324,240, instead of the full amount of $336,000. Without conceding that any such amounts are actually owed, this reflects neither the 0.5% cancellation fee, nor the 1.5% escrow fee set forth in the Escrow Agreement. Therefore, we find it extremely alarming and suspect that at least a portion of the Escrow Deposit appears to have been improperly released from escrow, or is being improperly withheld. As Section 5.1 of the Escrow Agreement states: "ESCROW shall maintain the ESCROW Account under its direct supervision and control." Any of our client's funds missing from the Escrow Account will be the responsibility of the Escrow.

We are also alarmed by the language in the Proposed Release. As an initial matter, we are unaware of why such provisions would be necessary, or what consideration our client would be receiving in exchange for these blanket releases, in light of the fact that the Escrow Agreement itself requires return of the Escrow Deposit upon demand. In fact, upon receipt of the Initial Demand requesting the release of the Escrow Deposit under Section 3.3, the Escrow was supposed to issue written notice of not fewer than thirty (30) business days before releasing the Escrow Deposit, but no such written notice was ever provided by the Escrow. Accordingly, the thirty-day time period for objection to the release of the Escrow Deposit has been waived and we demand it be released immediately, to avoid causing further damage to our client arising from the delay in the return of the Escrow Deposit to CCTC.

In addition, as the Initial Demand explained, CCTC has suffered additional damages far in excess of the amount of the Escrow Deposit, which it intends to pursue from Capital Pure, and all other individuals responsible for such damages. Given this fact, our client will not be executing the Proposed Release, and we further demand that the Escrow Deposit be returned to CCTC immediately. **For the avoidance of doubt, this letter shall constitute CCTC's demand for the immediate return of the entire Escrow Deposit of $336,000 to our client's account pursuant to Section 3.3 of the Escrow Agreement without further delay or demand.**

We also wish to make it abundantly clear that any return of the Escrow Deposit to our client is not, nor shall it be construed as, any satisfaction of the amounts owed by any party to CCTC, nor an accord and satisfaction, or other waiver that would release any party from any liability to our client. CCTC's calculation of damages is set forth in the Initial Demand. However, as a one-time only final offer to resolve this matter prior to litigation, CCTC will accept the total amount of $1.2 million (a portion of which may be paid through refund of the Escrow Deposit). This offer will remain open until **5:00 p.m. on April 5, 2024,** at which time it shall automatically expire.

**SKLAR WILLIAMS**
—— PLLC ——
LAW OFFICES

Capital Pure Assets, LTD
March 28, 2024
Page 3

Nothing contained in or omitted from this letter shall be deemed to be a limitation, restriction, or waiver of any of CCTC's rights or remedies, either at law or in equity, in connection with any of the matters discussed herein, all of which are expressly reserved. If you would like to discuss this matter in further detail, please feel free to contact me by email, at dbarney@sklar-law.com, or by phone at (702) 360-6000.

Sincerely,

David B. Barney, Esq.

Cc:    CC Technology Corporation
Alan C. Sklar, Esq.
Stephen R. Hackett, Esq.