# EXHIBIT "1"

**DECL**
**G. MARK ALBRIGHT, ESQ.**
Nevada Bar No.: 001394
**DANIEL R. ORMSBY, ESQ.**
Nevada Bar No.: 014595
**KYLE W. FENTON, ESQ**.
Nevada Bar No.: 016235
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D4
Las Vegas, Nevada 89106
Telephone: (702) 384-7111
Facsimile: (702) 384-0605
gma@albrightstoddard.com
kfenton@albrightstoddard.com
dormsby@albrightstoddard.com
*Attorneys for Plaintiff/Counter-defendants,*
Capital Pure Assets, LTD.; Shiva Prakash;
Hannah Dawn Prakash; Vikhyat Prakash;
James Chrisman, P.C.; James P. Chrisman

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>     Plaintiff(s),<br><br>vs.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br>     Defendant(s). | Case No. 2:24-cv-00680-RFB-NJK<br><br><br><br>**DECLARATION OF SHIVA PRAKASH IN SUPPORT OF OPPOSITION OF MOTION FOR PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE, TO COMPEL DEPOSIT OF THE ESCROW FUNDS WITH THE COURT** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br>     Counterclaimant,<br>vs.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. CHRISMAN an individual; DOES I through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br>     Counter-defendants. | |

Docusign Envelope ID: C44A9157-DA0E-4F05-B593-CB829EEB0D62

I, SHIVA PRAKASH, state and declare under penalty of perjury under the laws of the State of Nevada as follows:

1.      I have personal knowledge of the following facts, or, as to those facts stated upon information and belief, or for which I rely on information I have received from others, such as my counsel Kyle W. Fenton. I believe my statements made herein with respect thereto to be true. I am over 18 years of age, and I am competent to provide this testimony; and would also testify as follows in a Court of Law.

2.      I am the Chairman of Capital Pure Assets, Ltd., (hereinafter "CPA"). Our company is an investment firm that partners with a variety of different companies to provide capital, project execution, and strategic planning.

3.      CPA prides itself on meticulous project execution and has a longstanding track record of integrity and success in financial endeavors. My role as Chairman at CPA involves overseeing operations and ensuring the sound management of investment ventures.

4.      In May 2023, CC Technology Corporation (hereinafter "CCTC") approached CPA to discuss a potential joint venture. The proposal involved CCTC bringing investment projects to the joint venture, which CPA would then fund using Standby Letters of Credit (SBLC), with profits to be divided equally between the parties.

5.      I, along with other members of CPA, exercise due diligence before proceeding with any investment, insisting on a thorough examination of any proposed project's viability as per our set criteria, which was communicated to CCTC in a document titled "Business Submission Criteria for Invent Considerations."

6.      A cannabis investment through Cannatrac Financial Corp (hereinafter "Cannatrac") was initially proposed by CCTC, but was declined by CPA due to revenue generation concerns and a lack of major bank approval for cannabis-based investments.

7.      A subsequent investment proposal by CCTC – titled the Timber Development – which was a real estate project in Chicago was initially favorably considered, predicated on affirmative representations made by CCTC regarding the project's advancement and readiness for capital investment.

- 2 -

Docusign Envelope ID: C44A9157-DA0E-4F05-B593-CB829EEB0D62

8.      On June 26, 2023, following CCTC's representations, CPA entered into a Joint Venture Agreement with CCTC. Pursuant to the agreement, CPA was to leverage its banking relationships to secure an SBLC to fund joint venture projects.

9.      A necessary step in the SBLC process involved CPA's bank issuing an MT799 Pre-Advice message, indicating the conditional block of funds, which would be followed by the issuance of an MT760 to the monetizer's bank, thus marking the commencement of the monetization process.

10.      CPA carried out all required actions according to the agreement, beginning the process to issue the SBLC. The amount of $336,000.00 was placed by CCTC into escrow to cover associated fees, as stipulated in the Joint Venture Agreement.

11.      Despite the setback with the Timber Development project, CPA assured CCTC that the SBLC remained available for other viable projects that CCTC had purposed to bring forth for the joint venture.

12.      However, on September 21, 2023, CCTC expressed its desire to abandon the Joint Venture Agreement, and requested the return of the funds it placed in escrow, claiming that certain time restrictions with its investors required the return of the escrow funds.

13.      On September 29, 2023, I had a call with CCTC and informed Thomas Gavin of CCTC that the MT799 Pre-Advice message had already been obtained and that CPA was in the process of obtaining the SBLC.

14.      Following this discussion, CCTC withdrew its request to terminate the Joint Venture Agreement and to have the escrow funds returned. Consequently, I proceeded to monetize the loan, which is a step in the SBLC process, ensuring the funds remained with the bank/monetizer.

15.      Contrary to the counterclaimant's assertions in their counterclaim, I affirm that no funds have been misappropriated or converted for personal use. The funds in question have been and remain within the confines of the banking/monetizer institutions.

16.      CPA remains willing to reimburse the funds to CCTC, provided that CCTC agrees to CPA's terms in the proposed Release.

17.      These reiterations made by CCTC, questioning my integrity and insinuating misconduct on my part, are incorrect. The allegations that the SBLC funds were misappropriated or converted are categorically untrue.

- 3 -

Docusign Envelope ID: C44A9157-DA0E-4F05-B593-CB829EEB0D62

18.    As Chairman of CPA, I stand by our practice of exercising utmost integrity, transparency, and fiscal responsibility in all financial dealings.

I declare under penalty of perjury that the foregoing is true and correct.

8/14/2024

Dated August _____, 2024.

DocuSigned by:

SHIVA PRAKASH

- 4 -