**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CAPITAL PURE ASSETS, LTD.,

    Plaintiff(s),

v.

CC TECHNOLOGY CORPORATION,

    Defendant(s).

Case No. 2:24-cv-00680-NJK

**ORDER TO SHOW CAUSE**

CC Technology filed counterclaims predicated on its allegations that, *inter alia*, (1) it is a subsidiary of Cannatrac Financial Corp., which is a company focused on "payment processing systems in the cannabis industry," Counterclaims at ¶ 16; (2) CC Technology was "developing and marketing 'CannaCard,' a cashless payment and reward system that could be used in the cannabis industry," *id.* at ¶ 17; and (3) CC Technology and the Counter-Defendants entered into a joint venture agreement "to further develop and build the CannaCard brand," as well as other projects, *id.* at ¶ 24.[1]  The gist of the dispute turns on the allegations that CC Technology was lured into depositing funds into an escrow account, but that the joint venture otherwise failed to launch. *See, e.g.*, *id.* at ¶ 25-60.  The counterclaim includes various tort and contract causes of action. *See id.* at ¶¶ 62-147.

The sale of marijuana continues to be criminal offense pursuant to federal law, as is the aiding and abetting of the sale of marijuana, *see, e.g.*, 21 U.S.C. § 801, et seq.; 18 U.S.C. § 2. Several courts have abstained from hearing state law tort and contract claims arising out of a dispute to engage in what appears to be federally criminal conduct related to the sale of marijuana.

---

[1] For its part, Plaintiff alleges that it declined to form a joint venture as to the cannabis business, Compl. at ¶¶ 12-14, and that the joint venture was actually related to investing in a Chicago real estate project, *see, e.g.*, *id.* at ¶¶ 15-22.

1

*See, e.g.*, *Stirling Hort, LLC v. Industrial Ventilation, Inc.*, 2023 WL 3866702 (W.D. Wash. June 7, 2023); *Wildflower Brands Inc. v. Camacho*, 2023 WL 3150091 (C.D. Cal. Mar. 20, 2023); *Gopal v. Luther*, 2022 WL 504983 (E.D. Cal. Feb. 18, 2022); *Left Coast Ventures, Inc. v. Bill's Nursey Inc.*, 2019 WL 6683518 (W.D. Wash. Dec. 6, 2019). On the other hand, the Court is mindful that the Ninth Circuit held recently that abstention was not warranted with regard to adjudicating federal constitutional claims regarding a governmental ordinance as to a residency requirement for storefront cannabis dispensaries. *See Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916 (9th Cir. 2024).

In light of the above, the parties are ordered to show cause in writing through concurrent briefs filed no later than September 4, 2024, why the Court should not abstain (in whole or in part) in this case.[2] Concurrent responsive briefs may be filed by September 11, 2024.

IT IS SO ORDERED.

Dated: August 26, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court may raise abstention *sua sponte*. *Thinh Tran v. Dept. of Planning for Cnty. of Maui*, 2020 WL 3146484, at *6 (D. Haw. June 12, 2020) (collecting cases).

2