# EXHIBIT "2"

CAPITAL PURE ASSETS

## JOINT VENTURE AGREEMENT
### Transaction Number JVA:CPACCTECH50M

SECTION 1: PARTIES TO THE AGREEMENT

This Joint Venture Agreement (hereinafter referred to as "JV Agreement") executed on June 26, 2023 (the "Effective Date") further identified by Transaction Number JVA:CPACCTECH50M is made by and between Capital Pure Assets, LTD, hereinafter also known as "CPA" as further identified through information attached to this Agreement as **Schedule A** legally represented by Mrs. Hannah Dawn Prakash (hereinafter referred to as the "Investor"); and CC Technology Corporation, a Corporation Incorporated in Colorado with EIN Number ██████ as further identified through information attached to this Agreement as **Schedule B**, legally represented by Mr. Thomas E Gavin IV, and Mr. Terrence M Patton, hereinafter referred to as the "JV PARTNERS " or "JV Partners").

Together both Investor and JV partners are hereinafter referred to as the Parties (the "Parties").

SECTION 2: RECITALS

Whereas JV Partners stipulates that it has various projects and businesses under management. JV PARTNERS group is confident in its portfolio projects companies which include CC Technology. Investor to extend clean collateral in the form of bank guarantees from prime Banks to assist JV Partner's capital needs.

Whereas JV partners stipulates that it is ready, willing, and able to receive this cash pool generated by Inventors' collaterals with the cumulative face value of Fifty Million United States Dollars ($50,000,000) SBLC (the "Standby Letter of Credit") in exchange for the full suite of services, issuance, and monetization, as described below. JV partners will fund bank processing fees into Investor Attorney's Escrow Account as per Annex 1.

Whereas Investor will provide JV partners a line of credit Twenty Million Dollars $20,000,000 to be used exclusive to grow the portfolio companies of JV Partner. Both Investor and JV Partner, work together to create growth opportunities for the portfolio companies.

Whereas Investor and JV partners will be 50/50 profit share of the all the business of JV Partner. JV partners will provide the accounting and other books as needed.

Whereas any investment that JV Partner makes into any another portfolio company profits will be split 50/50 with CPA as follows: 50% for CPA and 50% for JVPARTNERS.

Whereas Investor and JV partners decides all the expenditure as per agreed use of proceeds.

Whereas Investor and JV partners will maintain joint bank account for operating various business.

TMP    TEG

CAPITAL PURE ASSETS

## SECTION 3: TRANSACTION PROCEDURES

A. <u>Deposit of Escrow:</u> within one (1) banking day upon signing this agreement JV partners will fund Escrow account.

B. <u>Verification of Escrow:</u> Investor's escrow attorney will verify the funds are clean and unencumbered funds and have been deposited into the nominated escrow account as in Annex 1.

C. <u>SBLC Verbiage and Application Process:</u> Investor will instruct their bank to start the SBLC process of issuance. Which includes allocating cash funds, communicating with the credit risk departments of the bank and other ancillary activities.

D. <u>SBLC Pre Advice:</u> INVESTOR will instruct the bank to send a MT799 Pre-Advice message to the monetizer's bank. This will be a conditional block of funds message.

E. <u>Issuance of MT760:</u> INVESTOR will instruct their bank to send the SBLC via MT760 directly to the Monetizer's Bank. At this point Escrow Funds are released to the bank to pay for this transmission of the SBLC to monetizer bank.

F. <u>Monetization of SBLC:</u> Monetization will follow the monetization term sheet provided in Step E. Generally, monetization will occur within 21 days of receiving the SBLC Instrument. Once Monetization is done JV PARTNER's loan amount is deposited into their nominated bank account.

G. <u>Usage of Funds:</u> As Joint Venture Partners both INVESTOR and JV PARTNERS will conduct review of each project portfolio company and their specific growth strategies and capital requirements.

H. <u>No Liability</u>: Investor acknowledges and agrees that JV partners has no interest in, and no liability for, Investor's SBLCs. Investor is solely and fully responsible for all rights, obligations, and liabilities under the SBLCs. JV partners has no obligation under this JV Agreement for any matter relating to Investor's SBLCs.

## SECTION 4: MANAGEMENT OF PORTFOLIO COMPANIES

INVESTOR and JV PARTNER will work together to establish each portfolio company's growth strategy and capital requirements. Portfolio Companies will have to submit detailed plans of execution to the board of INVESTOR and JV PARTNER. These materials will include a business plan, financials, and use of funds. Once project details are supplied, monetized funds as an investment will be distributed to portfolio companies by JV PARTNERS' portfolio managers Mr. Thomas E. Gavin IV and Terrence M. Patton. Each investment will be documented and shared with INVESTOR and JV Partners.

TMP    TEG

## SECTION 5: REVEUNES FROM PORTOLIO COMPANIES

**It is agreed upon that INVESTOR and JV PARTNER will split profits generated before taxes across all the portfolio companies 50/50**

## SECTION 6: TERMS AND CONDITIONS

A. <u>Intent</u>: The Intent of this Agreement is to form a continuing relationship between the Parties whereby each shall benefit from the business transactions and anticipated proceeds. Creating a strong Joint Venture Partnership between the parties.

B. <u>Commissions and Fees</u>. No additional commissions or fees are to be paid by either Party to one another or to a third party. On this initial $50M transaction, with rolls and extensions up to $1B fees with the same or similar fee structure, based on current market conditions.

C. <u>Bank Accounts</u>: Each party shall be responsible for its own banking arrangements.

D. <u>Non-Solicitation</u>: Parties agree that this Agreement is one of Private Placement and is not subject to the United States Securities Act of 1933 and/or as amended, or subject to any security exchange laws of any other country and is intended for private use only. Further, Funding Provider acknowledges that the Funding Group has disclosed that it is not a licensed securities trader, bank officer, financial planner, attorney, or certified public accountant.

E. <u>Non-Disclosure and Non-Circumvention</u>: This is to confirm that each of the named signatories, separately and individually, and their associated hereby agree that ( he/she) or his/her corporation, subsidization, agents or consultants will not make any contract with, deal with or otherwise involve in any contract with, deal with or otherwise involve in any transaction with any banking or lending institutions, trusts, corporate or individual representatives of banks, lending institutions, corporations, or individuals, lenders or borrowers, Fund Partner s or sellers, introduced by another of the signatories, separately and individually, and their associates, without permission of the introducing signatory (s ). This agreement is also effective for the signatories, heirs, assignees, and designees. The signatories hereby agree to keep completely confidential any names of the banks, lending institution, organizations, corporations, individual or groups of individual lenders or borrowers, Fund Partners, or sellers, introduced by any of the named signatories or their associates.  Such identity shall remain confidential during the applicable transaction and during the duration of this agreement including a duration of five (5) years and shall include any telephone numbers, addresses, telex numbers, telefax, etc.

F. <u>Language</u>: The language of this Agreement shall be English.

G. <u>Term</u>: The term of this Agreement shall be for a period of three years from the date of the Execution and Exchange of the Agreement.

H. <u>Confidentiality</u>: This is a confidential document, and it may not be distributed or reused by any persons who received it, apart from the Parties involved in this transaction.

I. <u>Binding Agreement</u>: This Agreement is a binding full recourse commercial contract, and the Parties hereto agree it shall be recognized by any court of competent jurisdiction as binding upon the Parties hereto.

J. <u>Governing Laws</u>: This Agreement shall be construed and interpreted according to the laws of the United States in the State of Nevada.

K. <u>Complete Agreement</u>: This Agreement supersedes all other prior oral and written understandings and negotiations between the Parties. No amendment, supplement or modification will be binding unless it is executed in writing and signed by both Parties.

L. <u>Authority to Contract</u>: Each Party hereby represents and warrants that it has the full legal authority and power to enter into this agreement and that no consent or approval of any third party shall be required as a condition to the execution of this Agreement or the performance of either party hereunder.

M. <u>Independent Review</u>:  The Parties acknowledge that each has been given the opportunity to independently review this Agreement with legal counsel, and/or has the requisite experience and sophistication to understand, interpret and agree to the language of the provisions hereof. In the event of an ambiguity in or dispute regarding the interpretation of the same, the interpretation of this Agreement shall not be resolved by any rule of interpretation providing for interpretation against the party who causes the uncertainty to exist or against the draftsman.

N. <u>Headings</u>: Paragraph headings have been inserted into Agreement as a matter of Convenience only, such paragraph headings are not part of this Agreement and shall not be used in the interpretation of this Agreement.

O. <u>Schedules</u>: All Schedules, to which references are made herein or hereinafter, shall be deemed incorporated into this Agreement.

P. <u>Further Acts</u>: Each Party agrees to perform any further acts and to execute and deliver any further documents that may reasonably be required to carry out the provisions and conditions of this Agreement.

Q. <u>Counterparts</u>: This Agreement may be executed in any number of counterparts, each of which shall be deemed as original, but all of which taken together shall constitute one and the same documents.

R. <u>Legality of Electronic Transmissions</u>: The electronic transfer of this executed Agreement shall hold the same force and effect as an original copy. Notwithstanding, in due course, the original document(s) shall be forwarded to each Party for signature(s).

S. <u>Taxes</u>: Each Party shall be responsible only for their own taxes as incurred because of the herein or hereinafter contemplated commerce.

CAPITAL PURE ASSETS

T.  Duration: This Agreement shall commence on the Execution Date and, unless otherwise agreed to by the Parties in writing, terminate five (5) years from the Execution Date (the "Duration").

U.  Currency:  Unless otherwise stipulated by an addendum, all business shall be denominated in United States Dollars.

V.  Indemnification: Each Party hereto agrees to indemnify and hold each other harmless from actions, debts or liabilities caused or taken by them. Each Party shall be liable only for its own actions, debts, or liabilities, except such business expenses as to be mutually shared and agreed to and are specified by written agreement herein or hereinafter.

W.  Non-Exclusivity: Each Party hereto acknowledges that the other interests and business, and that association is a non-exclusive association, and only relates to the commerce herein, and/or hereinafter, or as otherwise by the Parties in writing.

X.  Assignments: Neither Party shall assign this Agreement or any future contract/agreements, or any part thereof, without the written consent of the other Party in writing.

Y.  Notices:  All notices regarding this Agreement shall be in writing and sent to the Party to whom it is directed at the address set forth herein by personal delivery; via express courier delivery (FEDEX, DHL or UPS) or by email to the address noted in Schedules A and B.

Z.  Beneficiaries of the Agreement: Parties attest that to the best of their knowledge no person(s), Specialty Entity or Embargoed County, State, Nation, or Entity, as recognized by the Government of the United States as a threat, hostile or political, or economic, are now or knowingly will hereafter be party to, or share in the benefit from any, and all, transaction(s) by and between said Parties. Further, no Party involved in the transactions, or funds, or Instruments, utilized in, or generated by, the Transactions as are contemplated, which shall be under their individual control, shall be used to provide funds, instruments or any support to any terrorist activity or act(s) of war.

CAPITAL PURE ASSETS

## SECTION 6: AFFIRMATION OF THE PARTIES

For and on behalf of Capital Pure Assets LTD. as of the Effective Date:

Name:   Mrs. Hannah Dawn Prakash
Title:    CEO

For and on behalf of CC Technology - JV Partner as of the Effective Date:

*Thomas E Gavin IV*

Name:   Mr. Thomas E Gavin IV
Title:    CEO

For and on behalf of CC Technology - JV Partner as of the Effective Date:

*Terrence M. Patton*

Name:   Mr. Terrence M Patton
Title:    Chairman of The Board

*(Remainder of this page left blank intentionally)*



CAPITAL PURE ASSETS

## SCHEDULE A-1
## CIS OF ISSUER & MONETIZER



CAPITAL PURE ASSETS

### CLIENT INFORMATION SHEET

In accordance with Articles 2 through 5 of the Due Diligence Convention and the Federal Banking Commission Circular of December 1998, and under the US Patriot Act of 2002, as amended in February 2003 concerning the prevention of money laundering and 305 of the Swiss Criminal Code, the following information may be supplied to banks and/or other financial institutions for purposes of verification of identity and activities of the Client described below, and the nature and origin of the funds which are to be utilized. The foregoing is subject to agreement by all parties to whom this information is provided that they are obligated to respect the privacy rights of the Client and all individuals described herein, as well as the generally accepted professional standards relating to the maintenance of confidential information, and to take all appropriate precautions to protect the confidentiality of the information contained herein, This legal obligation shall remain in full force indefinitely without restriction.

Details of Signatory

| | |
|---|---|
| Company Name | Capital Pure Assets LTD |
| Representative / Attorney | Mr. James Paul Chrisman |
| Nationality | USA |
| Date of Issue | 28 March 2016 |
| Date of Expiry | 27 March 2026 |
| Date of Birth | 4th January 1958 |
| Principal | Hannah Dawn Prakash |
| Company Registration | NV20191459870 |

www.capitalpureassets.com

Transaction Number JVA:CPACCTECH50M



## Schedule A - 2
## ARTICLES OF INCORPATION OF INVESTOR



www.capitalpureassets.com

CAPITAL PURE ASSETS

## SCHEDULE B-1:
## CIS OF JV PARTNER

## CLIENT INFORMATION SHEET

Directions: This document must be completed in full. If a line item does not pertain then insert the term: "N/A" (non-applicable).

### Corporate Information

| | |
|---|---|
| Full Name of Corporation: | CC Technology Corporation |
| Date of Incorporation: | 03/25/2022 |
| Incorporated in (City/State/Country): | Boulder / Colorado / United States of America |
| Registration Number: | ████████ |
| Board of Directors (Name & Title): | Terrence M. Patton - Chairman |
| | Thomas E. Gavin IV – Vice Chairman |
| | Edwin Sochacki – Director |
| | John H. Bluher - Director |
| | Ann Collins – Independent Director |
| Officers (Name & Title): | Thomas E. Gavin IV – CEO |
| | John H. Bluher – CFO |
| | Edwin Sochacki – CMO |
| | Terrence M. Patton - President |
| Shareholders (List all shareholders owning more than 5 % of all outstanding shares of Corporation): | ████████████ |

### Location of Address: Registered Address (Corporation)

| | |
|---|---|
| Full Name of Corporation: | CC Technology Corporation |
| Street Address: | 1942 Broadway St, STE 314C |
| City: | Boulder |
| State: | CO |
| Country: | United States of America |
| Postal Code: | 80302 |

### Location of Address: Mailing Address (Corporation)

| | |
|---|---|
| Full Name of Corporation: | CC Technology Corporation |
| Street Address: | 7804 W College Dr, Suite 2SW |
| City: | Palos Heights |
| State: | IL |
| Country: | United States of America |
| Postal Code: | 60463 |

### Contact Information (Corporation)

| | |
|---|---|
| Telephone Number: | ███████ |
| Fax Number: | N/A |
| Mobile Number: | N/A |
| Email Address: | tgavin@cannatrac.com |
| Skype ID: | N/A |

www.capitalpureassets.com

Transaction Number JVA:CPACCTECH50M

Page 9 of 14





CAPITAL PURE ASSETS

## Schedule B-2:
## ARTICLES OF INCORPORATION OF JV PARTNER

**E-Filed**

Document must be filed electronically.
Paper documents are not accepted.
Fees & forms are subject to change.
For more information or to print copies
of filed documents, visit www.sos.state.co.us.

Colorado Secretary of State
Date and Time: 03/25/2022 01:57 PM
ID Number: 20221318409

Document number: 20221318409
Amount Paid: $50.00

ABOVE SPACE FOR OFFICE USE ONLY

### Articles of Incorporation for a Profit Corporation
filed pursuant to § 7-102-101 and § 7-102-102 of the Colorado Revised Statutes (C.R.S.)

1. The domestic entity name for the corporation is

    CC Technology Corporation

    *(Caution: The use of certain terms or abbreviations are restricted by law. Read instructions for more information.)*

2. The principal office address of the corporation's initial principal office is

    Street address          1942 Broadway St. STE 314C
                             *(Street number and name)*

                             Boulder                CO        80302
                             *(City)*              *(State)*  *(ZIP/Postal Code)*
                                                   United States
                             *(Province – if applicable)*    *(Country)*

    Mailing address          7804 W College Dr Ste 2SW
    (leave blank if same as street address)    *(Street number and name or Post Office Box information)*

                             Palos Heights          IL        60463
                             *(City)*              *(State)*  *(ZIP/Postal Code)*
                                                   United States
                             *(Province – if applicable)*    *(Country)*

3. The registered agent name and registered agent address of the corporation's initial registered agent are

    Name
    (if an individual)
                             *(Last)*        *(First)*      *(Middle)*      *(Suffix)*
    or

    (if an entity)           Registered Agents Inc.
    *(Caution: Do not provide both an individual and an entity name.)*

    Street address           1942 Broadway St. STE 314C
                             *(Street number and name)*

                             Boulder                CO        80302
                             *(City)*              *(State)*  *(ZIP/Postal Code)*

    Mailing address
    (leave blank if same as street address)    *(Street number and name or Post Office Box information)*

                                                   CO
                             *(City)*              *(State)*  *(ZIP/Postal Code)*

ARTINC_PC                    Page 1 of 3                      Rev. 8/5/2013

TMP    TEG

CAPITAL PURE ASSETS

*(The following statement is adopted by marking the box.)*

[X] The person appointed as registered agent above has consented to being so appointed.

4. The true name and mailing address of the incorporator are

Name
(if an individual)         Park                    Riley
                           (Last)                  (First)              (Middle)        (Suffix)

or

(if an entity)            _____
*(Caution:  Do not provide both an individual and an entity name.)*

Mailing address          1942 Broadway St. STE 314C
                         *(Street number and name or Post Office Box information)*

                         _____

                         Boulder                    CO      80302
                         (City)                      (State)         (ZIP/Postal Code)
                                                    United States .
                         (Province – if applicable)         (Country)

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

[ ] The corporation has one or more additional incorporators and the name and mailing address of each additional incorporator are stated in an attachment.

5. The classes of shares and number of shares of each class that the corporation is authorized to issue are as follows.

(•) The corporation is authorized to issue  1,000  common shares that shall have unlimited voting rights and are entitled to receive the net assets of the corporation upon dissolution.

( ) Information regarding shares as required by section 7-106-101, C.R.S., is included in an attachment.

6. *(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

[ ] This document contains additional information as provided by law.

7. *(Caution:  Leave blank if the document does not have a delayed effective date.  Stating a delayed effective date has significant legal consequences.  Read instructions before entering a date.)*

*(If the following statement applies, adopt the statement by entering a date and, if applicable, time using the required format.)*
The delayed effective date and, if applicable, time of this document is/are _____.
                                                                        *(mm/dd/yyyy hour:minute am/pm)*

Notice:

Causing this document to be delivered to the Secretary of State for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the Secretary of State, whether or not such individual is named in the document as one who has caused it to be delivered.

ARTINC_PC                          Page 2 of 3                          Rev. 8/5/2013

CAPITAL PURE ASSETS

8. The true name and mailing address of the individual causing the document to be delivered for filing are

| Park | Riley | | |
|---|---|---|---|
| (Last) | (First) | (Middle) | (Suffix) |

1942 Broadway St. STE 314C
(Street number and name or Post Office Box information)

| Boulder | CO | 80302 |
|---|---|---|
| (City) | (State) | (ZIP/Postal Code) |

United States
(Province – if applicable)    (Country)

*(If the following statement applies, adopt the statement by marking the box and include an attachment.)*

☐ This document contains the true name and mailing address of one or more additional individuals causing the document to be delivered for filing.

Disclaimer:
This form/cover sheet, and any related instructions, are not intended to provide legal, business or tax advice, and are furnished without representation or warranty. While this form/cover sheet is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form/cover sheet. Questions should be addressed to the user's legal, business or tax advisor(s).

ARTINC_PC                     Page 3 of 3                     Rev. 8/5/2013

www.capitalpureassets.com

Transaction Number JVA:CPACCTECH50M

TMP    TEG

DocuSign Envelope ID: BD4BE92B-A071-4B91-AA4E-AEFDC2871504



CAPITAL PURE ASSETS

## SCHEDULE C:
## Attach Escrow Agreement

CAPITAL PURE ASSETS

### Annex 1

The total processing fees of the SBLC as follows.
0.672 % x $50,000,000 = $ 336,000
Total                = $ $336,000

*Details of Bank Co-ordinates*
*Account: Capital Pure Assets LLC – Treasury/Escrow*
*Corporate Address: 2251 N rampart Blvd, #325. Las Vegas NV 89128*
*Attorney: Mr. JAMES CHRISMAN*
*Bank Name: American Express*
*Bank Address: P.O. Box 30381 SALT LAKE CITY, UT 84130 US*
*Account Number:* ▮▮▮▮▮*5558 Routing Number: 124303243*

**INVESTOR Escrow Passport**

