Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
        dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00680-NJK<br><br>**DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S INITIAL BRIEF ON ORDER TO SHOW CAUSE** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Counter-defendants. | |

1

Defendant/Counterclaimant CC Technology Corporation ("CCTC"), by and through its attorneys, the law firm of Sklar Williams PLLC, hereby files this Initial Brief in response to the Order to Show Cause entered on August 26, 2024 (ECF No. 31; the "Order to Show Cause"), requesting that the parties show cause why the Court should not abstain from hearing this case.

This Initial Brief is being submitted based on the following Memorandum of Points and Authorities, the attached Declaration of Thomas Gavin, all of the papers and pleadings on file herein, and any oral argument that the Court may allow at a hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

While CCTC appreciates the Court's concern as to whether it has jurisdiction to hear and decide the claims in this case, such concern is unwarranted with a close look at the facts at hand and the relevant case law.  While certain federal courts have abstained from deciding state law tort and contract claims arising from cannabis-related transactions, the instant case is distinguishable from those cases, because (i) CCTC is a technology company, and no party to this case is involved in the cultivation or sale of cannabis; and (ii) the Court is not being asked to award any relief that is illegal or would run afoul of any federal laws or regulations.  In addition, this case does not fall within any of the rationales that would provide for or require abstention, and the Court should therefore proceed to hear and adjudicate this case as a whole.

### II.    LEGAL ARGUMENT

#### A.    This Case is Distinguishable from the Cases in Which Courts Have Abstained Based on the Involvement of Cannabis or other Illegal Activity.

In the Order to Show Cause, the Court cites several cases in which federal district courts have abstained from hearing a lawsuit because the claims in the lawsuit arise from what appears to be federally criminal conduct related to the sale of marijuana.  ECF No. 31, at 1.  While those cases involve certain abstention doctrines, as well as principles of comity—which are not applicable here as set forth below—it is important to delineate the circumstances in which courts elect to abstain from adjudicating cases relating to marijuana and, consequently, why those circumstances are not present in this case.

The principle recognized in the cases cited in the Order to Show Cause is that a federal court should abstain from hearing a controversy in which the court's enforcement of a party's rights "order[s] a legal violation." *See Gopal v. Luther*, No. 2:21-cv-00735-KJM-CKD, 2022 WL 504983, at *3 (E.D. Cal. Feb. 18, 2022) (quoting *Bassidji v. Goe*, 413 F.3d 928, 937-39 (9th Cir. 2005)). In the cannabis context, courts have applied this principle and abstained from hearing controversies in which they were asked to order a legal violation such as the grant of an interest in a marijuana distribution business, *see Left Coast Ventures, Inc. v. Bill's Nursery Inc.*, No. C19-1297 MJP, 2019 WL 6683518, at *1-2 (W.D. Wash. Dec. 6, 2019), or disgorgement of profits directly from "a business that . . . sells marijuana." *See Wildflower Brands Inc. v. Camacho*, No. 2:22-cv-09044-MCS-PLA, 2023 WL 3150091, at *2 (C.D. Cal. Mar. 20, 2023). In all of these cases, the court's focus is on the **remedy** to be fashioned, and whether the grant of such remedy would "order a legal violation."

At the same time, courts in the Ninth Circuit have expressly recognized that "contracts regarding cannabis transactions may be enforced . . . where the requested remedy is not unlawful." *See Gopal*, 2022 WL 504983, at *3 (quoting *Polk v. Gontmakher*, No. 18-01434, 202 WL 2572536, at *2 (W.D. Wash. May 21, 2020) (internal quotations omitted). This includes, by way of example, **(i)** cases based on contract disputes involving marijuana consulting and franchising companies, *see Mann v. Gulickson*, No. 15-cv-03630-MEJ, 2016 WL 6473215, at *7-9 (citing *Bassidji*, 413 F.3d at 939) (allowing a case to go forward and finding as follows: "Mandating that [full payment for the sale of such businesses] does not require Gullickson to possess, cultivate, or distribute marijuana, or to in any other way require her to violate the [Controlled Substances Act]."), **(ii)** cases involving contracts for the purchase of products used to cultivate, grow, and/or produce marijuana," *See Indian Hills Holdings, LLC v. Frye*, No. 3:20-cv-00461-BEN-AHG, 2021 WL 5994036, at *10 (S.D. Cal. Dec. 17, 2021) (finding that "[i]f the Court awards Plaintiff relief on its unjust enrichment claim, all that occurs is a return of funds paid to Defendants for goods never received [even though they were related to cannabis]. Specific performance, on the other hand, which would require Defendants to provide Plaintiff with the Cubes for which it paid, and which it intended to use for growing marijuana, is not being sought."),and **(iii)** cases based on loan

agreements tied to marijuana businesses. *See Bart Street III v. ACC Enterprises, LLC*, No. 2:17-cv-00083-GMN-VCF, 2018 WL 4682318, at \*6 (D. Nev. Sept. 27, 2018). These cases solidify the principle that the Court's focus should be on the relief being sought, and whether the Court's award of that relief would **require** the parties to engage in illegal conduct. Based on the facts of this case, it is clear the relief being sought would not require a party to engage in illegal conduct, such that abstention would be proper.

As set forth in CCTC's Answer and Counterclaim (ECF No. 5; the "Counterclaim"), and as referenced by the Court in its Order to Show Cause, the parties in this case entered into a Joint Venture Agreement, whereby Capital Pure agreed to provide funding for several of CCTC's projects, and the parties would share in the profits of those projects. *See* Counterclaim, ¶¶ 23-26. One of the projects contemplated by the parties was CCTC's management of the CannaCard, which is a payment processing application, or "app." *See id.* ¶ 24. While one of the CannaCard's applications is in the cannabis industry, the app can be used—and is in fact being used—in many industries outside of cannabis, including food, retail, and other services. *See* Declaration of Thomas Gavin, attached hereto as **Exhibit A**,¶ 3. The CannaCard functions in a manner similar to a downloadable gift card and simply allows consumers to purchase and earn rewards for purchasing a variety of goods and services. *See id.*, ¶ 4. It also allows businesses to advertise through "Push Notifications" and other common electronic methods of advertisement. *Id.*

Based on the above, and the allegations made by both parties, there are multiple reasons why the Court should not abstain from hearing this case. The first is that the relationship to cannabis in this case is too tangential to warrant abstention. The cases cited in the Order to Show Cause involve the licensure and ownership of cannabis companies, as well as claims for profits arising **directly** from the growth, processing and/or sale of cannabis. *See, e.g.*, *Wildflower Brands Inc. v Camacho*, No. 2:22-cv-09044-MCS-PLA, 2023 WL 3150091, at \*2-3 (C.D. Cal. Mar. 20, 2023); *Left Coast Ventures Inc. v. Bill's Nursery Inc.*, No. C19-1297 MJP, 2019 WL 6683518, at \*2 (W.D. Wash. Dec. 6, 2019). The attenuated relationship between cannabis and this case is analogous to *Mann*, 2016 WL 6473215, at \*7-9, where the entities involved have absolutely no involvement in the growth, processing or sale of cannabis. To the contrary, CCTC is a technology

4

company.  It develops, hosts, and markets an "app" that provides payment processing, advertising, and other services to businesses in a variety of industries.  The fact that cannabis is only one type of customer who may use the app does not cause this case to fall within the scope of those cases warranting abstention, where a party is actively engaged in a marijuana business.

The second reason abstention is not warranted is that no party is asking the Court to order, and the Court need not order, any illegal remedy in this case.  As the Court pointed out in the Order to Show Cause, the parties' joint venture has failed to launch.  This case is therefore analogous to *Frye*, where the court found that because the parties were not actually seeking to enforce an agreement relating to cannabis, but merely to recover funds lost as a result of a failed transaction, the remedy awarded would not give rise to illegal activity or any grounds for abstention.  *See Frye*, 2021 WL 5994036, at *10.  It may have been one thing if CCTC sought to have the agreements enforced, so that the parties could engage in their contemplated business arrangements, but that is not the situation here.

The only requests are for equitable and monetary damages against Capital Pure and its agents arising from a failed transaction, and Capital Pure and its agents have no involvement in any cannabis business that would implicate the Court's concerns.  On the other side, even if Capital Pure were entitled to some relief in this case—which it is not—the Court's order requiring payment from CCTC in connection with the alleged real estate transaction, *see* Capital Pure's Complaint and Jury Demand (ECF No. 1; the "Complaint"), ¶¶ 18-22, would not require CCTC to engage in any illegal conduct.  Once again, this is the litmus test for when abstention may be appropriate, and as long as the remedy does not inherently require a party to engage in illegal conduct, abstention is not appropriate.  *See Bart Street III*, 2018 WL 4682318, at *6 (citing *Mann*, 2016 WL 6473215, at *6).  In light of the above, abstention is not appropriate in this case because (i) the parties are not engaged in the growth, processing or sale of cannabis, and (ii) no relief sought in this case, even if granted, would require any party to engage in any illegal conduct.

**B.    Abstention is Not Proper unless Some Recognized Doctrine Warrants It.**

As the Court aptly pointed out in the Order to Show Cause, the Ninth Circuit Court of Appeals recently found in *Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916 (2024), that a

district court improperly abstained from hearing a case involving cannabis, because none of the abstention doctrines commonly recognized in the Ninth Circuit or any principles of comity applied, and abstention was therefore improper. The instant case is analogous to *Peridot Tree*, inasmuch as no abstention doctrine or comity principle applies, no less requires the Court to abstain from deciding the breach of contract and garden-variety common law claims in this lawsuit.

### i.      General Principles of Abstention.

It is important to note that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *See Peridot Tree*, 94 F.4th at 925-26 (quoting *Colorado River Water Conservation Dist. v. United States*, 42 U.S. 800, 813 (1976)). Both the Ninth Circuit Court of Appeals and the United States Supreme Court "have long affirmed that district courts have an obligation and a duty to decide cases properly before them." *Id.* (quoting *City of Tucson v. U.S. W. Commc'ns, Inc.*, 284 F.3d 1128, 1132 (9th Cir. 2002)). "Abstention is generally permitted only in 'exceptional circumstances,' when 'denying a federal forum would clearly serve an important countervailing interest.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). Accordingly, abstention remains "an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *Id.* (quoting *Colorado River*, 424 U.S. at 813).

### ii.      *Pullman* Abstention is Not Warranted under the Facts of this Case.

"Under the *Pullman* abstention doctrine, federal courts have the power to refrain from hearing cases when the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law." *See Peridot Tree*, 94 F.4th at 926 (quoting *Quackenbush*, 517 U.S. at 716-77) (internal quotations omitted). Like the other doctrines addressed in this Initial Brief, "*Pullman* abstention is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy." *Id.* (quoting *Wolfson v. Brammer*, 616 F.3d 1045, 1066 (9th Cir. 2010)). The *Pullman* abstention doctrine may be applied in a case where the following criteria are met:

> (1) [T]here are sensitive issues of social policy 'upon which the federal courts ought not enter unless no alternative to its adjudication is open,' (2) constitutional adjudication could be avoided by a state ruling, and (3) resolution of the state law

issue is uncertain.

*See id.*

While the court in *Peridot Tree* found that the first requirement above was satisfied—but nonetheless rejected the application of the *Pullman* abstention doctrine—none of the requirements that would warrant application of *Pullman* abstention are present here.  The claims in this case are common law and statutory claims that have nothing to do with cannabis or the right to do business as a cannabis-related venture.  *See* Complaint, at 9-11; Counterclaim, at 26-35.  Unlike in *Peridot Tree*, the Court in this case is not being asked to weigh in on city- or state-implemented policies involving cannabis businesses; instead, the Court is only being asked to determine facts such as (i) whether the parties complied with their contractual obligations and other promises; and (ii) their intent in doing so.  *Id.*  Accordingly, there are no sensitive issues of social policy which are at issue in this matter.

The same is true regarding (2) and (3) above.  The only state laws to be reviewed are clear-cut standards established by statute or a litany of case law regarding the elements of claims for injunctive relief, breach of contract and fraud.  There are no constitutional issues for the Court to adjudicate here, including any relating to cannabis or otherwise.  Therefore, none of the elements required to invoke the *Pullman* abstention doctrine are present, and abstention under *Pullman* is inappropriate.

### iii.     *Burford* **Abstention is Not Warranted under the Facts of this Case.**

The same is true for *Burford* abstention.  "*Burford* abstention is designed to limit federal interference with the development of state policy, and it is justified where the issues in federal court are primarily questions regarding that state's laws."  *See Bart Street III*, 2018 WL 4682318, at *7 (citing *Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1407 (9th Cir. 1991)) (internal quotations omitted).  "Application of *Burford* abstention generally requires that the state has chosen to concentrate suits . . . in a particular court; that federal issues could not be separated easily from complex state law issues with respect to which state courts might have special competence; and that federal review might disrupt state efforts to establish a coherent policy."  *Id.* (quoting *Knudsen Corp. v. Nevada State Dairy Comm'n*, 676 F.2d 374, 377 (9th Cir. 1982))

(internal quotations omitted). "Nonetheless, while *Burford* is concerned with protecting complex state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a potential for conflict with state regulatory law or policy." *Id.* (citing *Tucker*, 942 F.2d at 1405.

As in *Peridot Tree*, as well as *Bart Street III*, *Burford* abstention is not appropriate in this case. To the extent this matter is tangentially related to the cannabis business, the State of Nevada has not chosen to concentrate breach of contract actions regarding cannabis businesses in any particular court. *See Bart Street III*, 2018 WL 4682318, at *7. This case also does not present issues that state courts have a special competence in; these are straightforward common law and statutory claims. *Id.* Finally, a federal review of the matters in this case would not disrupt state efforts to establish a coherent policy, because the claims in this matter do not involve issues of state policy relating to cannabis. Once again, they deal with whether the parties breached their contractual and other agreements, and their respective states of mind with regard to such conduct.

In addition to the above, because the parties seek recovery of monetary damages in this case, *Burford* abstention is not applicable as a matter of law. *See id.* (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. at 731). *Burford* abstention is therefore not appropriate under the facts of this case, because none of the requirements that would warrant its application are present.

### iv.    *Thibodaux* Abstention is Not Warranted under the Facts of this Case.

*Thibodaux* abstention allows a federal court to abstain from hearing a matter "pending determination by a state court of decisive issues of state law." *Peridot Tree*, 94 F.4th at 931 (citing *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 27 (1959)). "When the issue touches upon the relationship of City to State or involves the scope of a previously uninterpreted state statute which, if applicable, is of questionably constitutionality, district courts should stay their proceedings pending the submission of the state law question to state determination." *Id.* (citing *Thibodaux*, 360 U.S. at 28). When the law governing a dispute is clear and readily ascertainable, however, abstention under the *Thibodaux* doctrine is inappropriate. *See Peridot Tree*, 94 F.4th at 931 (citing *Mach-Tronics, Inc. v. Zirpoli*, 316 F.2d 820, 826 (9th Cir. 1963)).

Here, the governing law is certainly clear and ascertainable because this case involves

8

claims based on clear common law and statutory provisions, which have been ruled upon by the Supreme Court of Nevada and federal courts in Nevada time and time again. There are no novel issues, let alone issues involving disputes between the State or municipalities therein. Accordingly, there is no basis for the application of *Thibodaux* abstention.

> **v.     *Colorado River* Abstention is Not Warranted under the Facts of this Case.**

"The *Colorado River* abstention doctrine applies when a case in federal court is identical to a concurrently pending state court case." *Id.* at *6 (citing *Colorado River*, 424 U.S. at 813). While the narrow exception is applied upon the review and application of several factors, the Court in this case need not even address the factors because there is no concurrent state court proceeding. *See id.*; *see also Peridot Tree*, 94 F.4th at 916. Because there is no concurrent state court proceeding, *Colorado River* abstention does not apply as a matter of law.

> **vi.     Abstention is Not Warranted on General Comity Grounds.**

Finally, as recognized in *Peridot Tree*, the Court should not create a new basis for abstention where all of the commonly recognized grounds are not applicable. The only other basis for abstention cited in the cases listed in the Order to Show Cause is general comity. *Wildflower Brands Inc.*, 2023 WL 3150091, at *2. But even then, the courts applying this doctrine with respect to the issue of cannabis rely on the same issue outlined in Section II.A, *supra*—whether an ultimate Court order would require the parties to engage in illegal activity. And once again, the answer here is a clear "no."

As set forth above, this case is not the type of case in which courts have or should abstain from adjudication, because (i) it is too attenuated from any cannabis activity to be considered as actually involving a cannabis business; and (ii) in any event, the relief sought by the parties would not require the Court to order any illegal activity. In light of these facts, and because under *Peridot Tree* the Court should not create a new basis for abstention relating to every case that has some tangential reference to cannabis, the Court should not abstain from deciding any portion of this lawsuit, and it should allow the parties to continue the instant litigation in this forum.

/ / /

9

**C.      If the Court is Inclined to Abstain from Adjudicating any Part of this Case, it Should Abstain from the Case in its Entirety.**

"District courts may exercise power in furtherance of the efficient and speedy resolution of cases." *See In re Roundup Prods. Liability Litig.*, 544 F. Supp. 3d 950, 961 (N.D. Cal. 2021). In the event the Court is inclined to abstain from hearing any portion of this case—which, as set forth above, CCTC respectfully submits is not appropriate—it should abstain from hearing this case in its entirety, so the claims at issue, which are all interconnected, can be decided efficiently in one forum. If the Court maintains jurisdiction over some of the claims in this case, but abstains from others, such an outcome would create an incredibly burdensome and piecemeal litigation, both in this court and in the state court to which the rest of the case would wind up being heard. In the interests of judicial economy and efficiency for all parties, CCTC respectfully requests that the Court adjudicate this case in its entirety, or that it abstain from hearing this case in total, if it is inclined to abstain from any portion of it.

## III.      CONCLUSION

In light of the above, neither principles of comity nor any recognized principles of abstention apply to this matter, and the Court should hear and adjudicate this matter on its merits.

Dated this 4th day of September, 2024.

SKLAR WILLIAMS PLLC

*/s/ David B. Barney*_____
Stephen R. Hackett, Esq. (NBN: 5010)
David B. Barney, Esq. (NBN: 14681)
410 South Rampart Blvd, Suite 350
Las Vegas, NV 89145
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

10

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the 4th day of September, 2024, a true and correct copy of the above and foregoing **DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S INITIAL BRIEF ON ORDER TO SHOW CAUSE** was filed electronically with the Clerk of the Court by submission to the electronic filing and service system (CM/ECF) at the United States District Court, District of Nevada.  CM/ECF will provide copies to all parties and counsel of record registered to receive CM/ECF notification.

*/s/ David B. Barney*_____
An employee of Sklar Williams PLLC

11

<u>**INDEX OF EXHIBITS**</u>

<u>**EXHIBIT**</u>        <u>**DESCRIPTION**</u>

A              Declaration of Thomas Gavin