**RESP**
**G. MARK ALBRIGHT, ESQ.**
Nevada Bar No.: 001394
**DANIEL R. ORMSBY, ESQ.**
Nevada Bar No.: 014595
**KYLE W. FENTON, ESQ**.
Nevada Bar No.: 016235
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D4
Las Vegas, Nevada 89106
Telephone: (702) 384-7111
Facsimile: (702) 384-0605
gma@albrightstoddard.com
kfenton@albrightstoddard.com
dormsby@albrightstoddard.com
*Attorneys for Plaintiffs/Counter-defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>Plaintiff(s),<br><br>vs.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br>Defendant(s).<br><hr>CC TECHNOLOGY CORPORATION, a Colorado corporation,<br>Counterclaimant,<br>vs.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. CHRISMAN an individual; DOES I through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br>Counter-defendants. | Case No. 2:24-cv-00680-RFB-NJK<br><br><br><br>**PLAINTIFF/COUNTERDEFENDANTS' RESPONSIVE BRIEF TO CC TECHNOLOGY CORPORATION'S INITIAL BRIEF ON ORDER TO SHOW CAUSE** |

COMES NOW, Plaintiff/Counter-defendants, CAPITAL PURE ASSETS, LTD ('Capital Pure'); SHIVA PRAKASH ('Shiva'); HANNAH DAWN PRAKASH ('Hannah'); VIKHYAT PRAKASH ('Vikhyat'); JAMES CHRISMAN, P.C; AND JAMES P. CHRISMAN ('Chrisman') by and through their counsel of record, ALBRIGHT, STODDARD, WARNICK & ALBRIGHT,

and hereby files their Responsive Brief to CC Technology Corporation's Initial Brief on Order to Show Cause. This Responsive Brief is based on the Memorandum of Points and Authorities below, the papers and pleadings on file with the Court, the exhibits attached, and any oral argument that this Court may entertain.

DATED this ___11___ day of September, 2024.

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**

G. MARK ALBRIGHT, ESQ.
Nevada Bar No. 001394
DANIEL R. ORMSBY, ESQ.
Nevada Bar No. 014595
KYLE W. FENTON, ESQ.
Nevada Bar No. 016235
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Tel: (702) 384-7111
Fax: (702) 384-0605
*Attorneys for Plaintiffs/Counter-defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Court should abstain in part from these proceedings, by both abstaining from hearing CCTC's Counterclaim, and by allowing Capital Pure's Complaint to continue in this Court. As an initial matter, both parties are in agreement that this Court should not abstain from hearing Capital Pure's Complaint, as it centers around claims from a real estate transaction devoid from any connection to marijuana. *See* CCTC's Initial Brief at P. 5:16-19. Moreover, Capital Pure is in agreement with CCTC that neither *Pullman* abstention, *Burford* abstention, *Thibodaux* abstention, nor *Colorado River* abstention apply in this matter. *See* CCTC's Initial Brief at P. 6 - 9:1-12. However, Capital Pure disagrees with CCTC's analysis as it pertains to abstention warranted on general comity grounds. Here, because (1) CCTC is a business that aids and abets in the sale of marijuana; (2) CCTC's interpretation of the JVA in its Counterclaim mandates the aiding and abetting of the sale of marijuana; and (3) relief given from this Court to CCTC would violate federal

Albright Stoddard Warnick & Albright

law, this Court should abstain from hearing CCTC's Counterclaim under principles of general comity. *See Wildflower Brands Inc. v. Camacho*, No. 222CV09044MCSPLA, 2023 WL 3150091. Accordingly, this Court should both allow CPA's Complaint to proceed in federal court, and abstain from hearing CCTC's Counterclaim.

## II.    ARGUMENT

**A. General Comity Grounds Permit a Court to Abstain from Hearing Claims that Involve Marijuana and Would Permit a Court to Issue a Remedy that would Violate Federal Law, Even when No Abstention Doctrine Requires that a Court do so**

The sale of marijuana continues to be a criminal offense pursuant to federal law, as is the aiding and abetting of the sale of marijuana. See, e.g., 21 U.S.C. § 801, et seq.; 18 U.S.C. § 2. When determining whether to assert jurisdiction over a case involving a contractual dispute where the contract involves marijuana, courts have generally examined whether asserting jurisdiction over the dispute would result in a violation of federal law. *Indian Hills Holdings, LLC v. Frye*, No. 320CV00461BENAHG, 2021 WL 5994036, at *9 (S.D. Cal. Dec. 17, 2021).

In *Wildflower Brands*, which this Court cites to in its Order to Show Cause, the court notes, "[A] federal court may stay its proceedings based on comity even when none of the abstention doctrines requires that it do so." *Wildflower Brands Inc. v. Camacho*, No. 222CV09044MCSPLA, 2023 WL 3150091, at *2 (C.D. Cal. Mar. 20, 2023) (Emphasis added). In *Wildflower Brands*, the court notes that the relief the parties requested "would violate or encourage the violation of the Controlled Substances Act." *See* Id. at *2. This decision was based in part by the fact that both parties involved in the *Wildflower Brands* dispute were in the cannabis business, and that the, "agreement at the heart of this dispute is a contract for sale of a cannabis dispensary business." *See* Id. at *2. The court determined that the relief requested would violate federal law because, "A disgorgement order directing Defendants to forfeit Exclusive's profits would thus 'award profits from a business that ... sells marijuana.'" *See* Id. at *2. Moreover, the court in *Wildflower Brands* determined that, "an award of restitution 'restor[ing] Plaintiff] to its former position,' would require the Court to offset any award by Plaintiff's gains from Exclusive—i.e., profits from the 'cultivation, distribution, and retail sale of cannabis,' —to make Plaintiff whole." *See* Id. at *2. Ultimately, the court held that abstention was proper, but declined to invoke a particular abstention doctrine – instead choosing to abstain on general comity principles. The Court issued a stay, "until the claims

- 3 -

from which the Court abstains are finally adjudicated or until the Court may award all requested relief without violating or encouraging the violation of federal law, whichever is earlier." *See Id.* *4 (C.D. Cal. Mar. 20, 2023).

**B. Just as in *Wildflower Brands*, this Court should abstain from hearing CCTC's Counterclaims on General Comity Principles because (1) CCTC is a Business that Aids and Abets in the Sale of Marijuana; (2) CCTC's Interpretation of the JVA Mandates the Aiding and Abetting of the Sale of Marijuana; and (3) Relief given from this Court to CCTC would Violate Federal Law**

The present matter has many parallels to the facts of *Wildflower Brands*, and this Court should abstain from hearing CCTC's Counterclaim, just as the court in *Wildflower Brands* chose to abstain from the cannabis claims in that action. For one, CCTC is a business, just as were the two businesses in *Wildflower Brands*, that presumptively violates the CSA via its practices and business activities. According to its own pleadings, "CCTC is a wholly owned subsidiary of Cannatrac Financial Corp. ("Cannatrac"), a Fintech company with a <u>focus on payment processing systems in the cannabis industry</u>." *See* Counterclaim at ¶ 16. Because marijuana remains a Schedule I substance under the CSA, any processing of payments of marijuana purchases presumptively are in violation of the CSA under federal law. This is analogous to *Wildflower Brands*, where the Court ruled that the defendants in that action were involved in the distribution and retail sales of marijuana, also in violation of the CSA.

Moreover, just as the parties in *Wildflower Brands* alleged, CCTC alleges that the agreement at the heart of this dispute was related to an activity in violation of the CSA. Here, by its own admission, CCTC seeks to enforce a contract that it alleges was, "centered around CCTC's development and management of the CannaCard brand." See Counterclaim at ¶ 24. CCTC describes CannaCard as a "cashless payment and reward system that could be used in the cannabis industry." *See* Counterclaim at ¶ 17. Accordingly, the intended use of CannaCard, which is to provide cashless rewards and benefits to individuals seeking to purchase marijuana, aids and abets in the sale of marijuana, and is therefore illegal under federal law. *See, e.g.*, 21 U.S.C. § 801, et seq.; 18 U.S.C. § 2. The entire premise of CannaCard is designed to entice individuals to continue to purchase marijuana so that they may accumulate benefits and rewards that offer them discounts on future purchases. Such a system is obviously in violation of the Controlled Substances Act, wherein marijuana remains a Schedule I substance. *See* 21 U.S.C. § 812(b)(1).

Lastly, just as the parties in *Wildflower Brands*, CCTC desires that this Court issue remedies that, "would violate or encourage the violation of the Controlled Substances Act." *See Wildflower Brands Inc. v. Camacho*, No. 222CV09044MCSPLA, 2023 WL 3150091, at *2 (C.D. Cal. Mar. 20, 2023). CCTC's prayer for relief includes requesting, "an award of CCTC's compensatory, general, incidental, and consequential damages." All of of the relief CCTC requests relates to the JVA (and the Escrow Agreement located within it), that again CCTC asserts in its Counterclaim was entirely related to CannaCard, the reward system CCTC alleges will be used in the cannabis industry and thus aid and abet in the sale of marijuana. CCTC asks to be made whole by having the escrow payment that it alleges is due and owing under the JVA returned, as well as further and consequential damages based on the lost potential it alleges that it had in the CannaCard cannabis project. This is analogous to *Wildflower Brands*, wherein the Court states both (1) "The Court cannot fathom how ordering Defendants to turn over the future profits of a marijuana business would not require them to violate the CSA;" and (2) "an award of restitution 'restor[ing Plaintiff] to its former position,' would require the Court to offset any award by Plaintiff's gains from Exclusive—i.e., profits from the 'cultivation, distribution, and retail sale of cannabis,' (id. ¶ 9)—to make Plaintiff whole." *See* Id. at *2 (C.D. Cal. Mar. 20, 2023).

Moreover, any relief the Court may award CCTC under its Counterclaim would require the Court to give monetary damages to a business entity that is focused on the aiding and abetting of marijuana sales, due to the fact that CCTC admits that it's function as a business is to process payment systems in the cannabis industry. The Court in *Wildflower Brands* noted this exact conundrum of the issue federal courts face in awarding a judgment to a business that violates federal law, writing, "But Plaintiff leaves uncertain how to untangle permissible claims asserted and remedies sought in the Complaint from the claims and remedies that would run afoul of the CSA upon a judgment in Plaintiff's favor." *See* Id. at *3 (C.D. Cal. Mar. 20, 2023).

In sum, because (1) CCTC is a business that aids and abets in the sale of marijuana; (2) CCTC's interpretation of the JVA mandates the aiding and abetting of the sale of marijuana; and (3) relief given from this Court to CCTC would violate federal law, this Court should abstain from hearing CCTC's Counterclaim under principles of general comity. On the contrary, this Court should not retain from hearing CPA's claims as stated in the Complaint, as CPA has proper

jurisdiction and its allegations involve neither the sale of marijuana nor the aiding and abetting of the sale of marijuana

### III.    CONCLUSION

For the reasons set forth above, the Court should abstain in part from these proceedings, by abstaining from CCTC's Counterclaim under principles of general comity. However, the Court should not abstain from hearing CPA's Complaint, because CPA has proper jurisdiction and its allegations involve neither the sale of marijuana nor the aiding and abetting of the sale of marijuana

DATED this ____ day of September, 2024.

**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**

G. MARK ALBRIGHT, ESQ.
Nevada Bar No. 001394
DANIEL R. ORMSBY, ESQ.
Nevada Bar No. 014595
KYLE W. FENTON, ESQ.
Nevada Bar No. 016235
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Tel: (702) 384-7111
Fax: (702) 384-0605
E-Mail: gma@albrightstoddard.com
E-Mail: dormsby@albrightstoddard.com
E-Mail: kfenton@albrightstoddard.com
*Attorneys for Counterdefendants*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of ALBRIGHT, STODDARD, WARNICK & ALBRIGHT, and that on this ___11th___ day of September, 2024, service was made by the Court's ECF system to all of the registered recipients on the electronic service list, of a true and correct copy of the foregoing **PLAINTIFF/COUNTERDEFENDANTS' RESPONSIVE BRIEF TO CC TECHNOLOGY CORPORATION'S INITIAL BRIEF ON ORDER TO SHOW CAUSE** as follows:

SKLAR WILLIAMS PLLC
STEPHEN R. HACKETT, ESQ.
DAVID B. BARNEY, ESQ.
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
shackett@sklar-law.com
dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

Certified Mail
X    Electronic Filing/Service
Email
Facsimile
Hand Delivery
Regular Mail

//s// **Phyllis C. Cameron**
An employee of Albright, Stoddard, Warnick & Albright

- 7 -