Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
        dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00680-NJK<br><br>**DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S REPLY TO PLAINTIFF/ COUNTERDEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Counter-defendants. | |

1

Defendant/Counterclaimant CC Technology Corporation ("CCTC"), by and through its attorneys, the law firm of Sklar Williams PLLC, hereby files this Reply ("Reply") to Plaintiff/Counter-defendants' Response to Order to Show Cause (ECF No. 32).

This Reply is being submitted based on the following Memorandum of Points and Authorities, all of the papers and pleadings on file in this action, and any oral argument that the Court may allow at a hearing on this matter.

<strong><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></strong>

## I.    INTRODUCTION

Plaintiff and Counter-defendants ("Counter-defendants") misapprehend the case law regarding abstention by federal courts in the marijuana context.  While they vaguely cite the cases referenced by the Court in its Order to Show Case (ECF No. 31; the "Order to Show Cause"), their brief in response to the Order to Show Cause is devoid of any actual analysis of those cases or an honest review of how they relate to the instant case.  As set forth in CCTC's initial brief, however, when the Court evaluates the facts of this case against the cases in which federal courts have abstained in connection with claims involving marijuana, it becomes clear that this is not a case in which the Court is being asked to order a violation of the law, and so abstention is not appropriate.

Counter-defendants also miss the mark in their attempt to request that the Court abstain from hearing CCTC's claims in this case, but that it allow the Counter-defendants' affirmative claims—which are based upon the same exact negotiations and agreements relied upon by CCTC—to proceed.  This makes no sense.  The fact of the matter is that the parties' claims arise from the same exact agreements, and same exact set of operative facts.  While CCTC respectfully submits that abstention is not warranted in this matter overall, if the Court is inclined to abstain from hearing any portion of this case, it should abstain from this case in its entirety, so the parties can litigate their claims in one lawsuit.

## II.    LEGAL ARGUMENT

### A.    Abstention Is Not Warranted in this Case.

Counter-defendants offer virtually no legal analysis in their initial brief.  ECF No. 32, at 6-8.  Instead, they use broad strokes to argue that (i) abstention is proper because the parties'

2

proposed venture would constitute a violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.* (the "CSA"); and (ii) *Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916, 921 (9th Cir. 2024) is inapplicable to this case, because this case does not involve constitutional matters. Both of these positions are without merit. *Id.*

With regard to the former, Counter-defendants state: "When determining whether to assert jurisdiction over a case involving a contractual dispute where the contract involves marijuana, courts have generally examined whether asserting jurisdiction over the dispute would result in a violation of federal law." ECF No. 32, at 6. They then go on to argue that because the parties' proposed agreement would have resulted in the CannaCard business receiving funds relating to marijuana, the Court must abstain from adjudicating CCTC's counterclaims because they involve illegal conduct. *Id.* But that is not the holding of the cases cited by the Court in its Order to Show Cause.

As set forth in CCTC's Initial Brief on Order to Show Cause (ECF No. 33; "Initial Brief"), the actual question asked by courts that have abstained in connection with cannabis-related transactions is whether the ultimate relief being sought by the parties would inherently constitute a violation of law. *See* Initial Brief, at 2-5. In fact, even the courts that have abstained when a case relates to cannabis have recognized that courts in the Ninth Circuit routinely enforce contracts relating to cannabis "where the requested remedy is not unlawful." *Gopal v. Luther*, No. 2:21-cv-00735-KJM-CKD, 2022 WL 504983, at *3 (E.D. Cal. Feb. 18, 2022) (collecting cases). Abstention is therefore appropriate only when the ultimate judgment being sought in a case would inherently be unlawful. *See id.*; *see also Mann v. Gullickson*, No. 15-cv-03630-MEJ, 2016 WL 6473215, at *7 (N.D. Cal. Nov. 2, 2016) (citing *Bassidji v. Goe*, 413 F.3d 928, 939 (9th Cir. 2005) ("The foregoing case law demonstrates that even where contracts contain illegal objects, where it is possible for a court to enforce a contract in a way that does not require illegal conduct, the court is not barred from according such relief. However, if, as in *Bassidji*, the enforcement of a contract would require the court to order illegal conduct, such contracts are unenforceable.").

In the case at hand, neither party is requesting that the Court order a violation of the law. As the Court recognized in the Order to Show Cause, the parties' joint venture failed to launch.

3

ECF No. 31, at 1. Neither party is requesting that the Court require the parties to move forward with their intended joint ventures, whether related to cannabis or not. *See generally*, Complaint and Jury Demand (ECF No. 1), at 10-12; CCTC's Answer and Counterclaim (ECF No. 5), at 26-36. Accordingly, this case is analogous to *Indian Hills Holdings, LLC v. Frye*, No: 3:20-cv-00461-BEN-AHG, 2021 WL 5994036, at \*14 (S.D. Cal. Dec. 7, 2021), where the court found that an award of monetary damages arising from a contract to purchase marijuana products would not constitute a violation of the law, and was therefore permissible, whereas an order requiring the parties to perform the contract would have been illegal.

Similarly, this case is analogous to *Mann*, where the court found that an award of monetary damages relating to the purchase of a marijuana consulting business and a marijuana retail franchisor did not require a violation of the CSA, because mandating payment for the businesses "does not require [the defendant] to possess, cultivate, or distribute marijuana, or to in any other way require her to violate the CSA." 2016 WL 6473215, at \*7. This was true, even where the defendant stated that she had no other means to pay an award other than profits of a cannabis business, because the order did not inherently require her to violate the law. *Id.*

The same is true in this case. The relief requested by CCTC, if granted, would require the Counter-defendants—none of whom have alleged that they are involved in any cannabis business—to pay monetary damages to CCTC. ECF No. 5, at 26-36. The relief requested by Plaintiff, Capital Pure Assets, Ltd. ("Capital Pure"), would also require the payment of monetary damages by CCTC. ECF No. 1, at 10-12. Because an award of such damages would not inherently require a violation of federal law, *e.g.*, because CCTC's business, including but not limited to the CannaCard, involves a variety of industries unrelated to cannabis, *see* ECF 33-1, ¶¶ 3-4, the Court may award damages without inherently requiring a violation of federal law.

With regard to Counter-defendants' effort to distinguish *Peridot Tree* from this case, they similarly fail to analyze that case as a whole. While the case did involve constitutional questions, the court emphasized that abstention from the exercise of otherwise proper federal jurisdiction is a narrow exception to the rule that federal courts have a duty to hear and decide cases within their jurisdiction. *See Peridot Tree*, 94 F.4th at 925-26. The court held that a district court must engage

in a practical and detailed analysis to determine whether any specific abstention doctrine applies, and whether abstention is appropriate under the law and the circumstances of each case. *Id.* at 926-36. But where no doctrine of abstention or principles of comity would require abstention under the circumstances of a case, the court held that abstention is improper, as it would accomplish nothing more that requiring "another lawsuit, with added delay and expense for all parties." *Id.* at 935 (quoting *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1950)).

That is the case here. In fact, this case is even clearer than *Peridot Tree*, because it involves routine statutory and common law claims, such as breach of contract, fraud, and breach of the Nevada Deceptive Trade Practices Act, NRS 598.0901, *et seq.*, which raise no policy issues or other conflicts with federal law. *See generally* ECF No. 1, at 10-12; ECF No. 5, at 26-36. As set forth above, and in the Initial Brief, abstention is not appropriate in this case, and the Court should therefore proceed to adjudicate this case in its entirety.

> **B.** **If the Court Abstains from any Portion of this Case, it Should Abstain from the Case in its Entirety.**

Counter-defendants continue to dissemble in order to gain a perceived advantage in this litigation. Apparently thinking it would benefit them to have their claims relating to the parties' Joint Venture Agreement and Escrow Agreement heard in this court, and CCTC's claims relating to those same agreements heard in an entirely different court, Counter-defendants argue that the Court should abstain from hearing CCTC's affirmative claims in this case but allow Capital Pure's claims to go forward. Such bifurcation makes no sense from either a legal or a logical standpoint.

Counter-defendants argue that the Court's adjudication of their claims can be completely divorced from any issues involving cannabis. *See* ECF No. 32, at 8-10. However, **both parties' claims** arise from the same contract—the Joint Venture Agreement. And while Capital Pure pretends that it declined entering into the Joint Venture Agreement for any purpose relating to Cannatrac or the CannaCard, and that it later entered into the agreement on June 26, 2023, with absolutely no relation to CannaCard, *see* ECF No. 1, ¶¶ 12-30, the evidence already presented in this case proves otherwise. *See, e.g.*, ECF No. 22-5 (e-mail dated August 23, 2023, from Counter-defendant Vikhyat Prakash, promising to "get the funding to CannaCard" by the week of

September 15th); ECF No. 22-8 (letter dated December 6, 2023, from Counter-defendant Shiva Prakash, expressing his "excitement about the potential of CannaTrac and CC Technology Corp in the realm of customer rewards and real-life gifts in the cannabis industry," and promising to deliver funds in connection with that venture around February 1).

Whether the joint venture agreement is being litigated as part of affirmative claims or defenses, these issues undoubtedly will arise. Counter-defendants cannot simply claim that the Court can hear their claims because the joint venture had nothing to do with cannabis, and then turn around and argue that the Court should abstain from CCTC's counterclaims because the joint venture transaction proposed by CCTC actually centered around funding a cannabis card. There is no way to bifurcate the parties' claims regarding their interpretation of and plans in connection with the same joint venture contract, and bifurcating such claims would lead to an absurd and untenable result.

As cautioned by the court in *Peridot Tree*, abstention in the manner requested by Counter-defendants would create a situation where the parties have to bring their claims and defenses regarding the same contract in separate forums and engage in piecemeal and duplicative litigation. Therefore, if the Court is inclined to abstain from hearing any portion of this lawsuit, whether it be a claim, a remedy, or counterclaim, CCTC respectfully requests that the Court abstain from this case as a whole, so the parties can litigate their claims arising from the same exact facts, circumstances, and contractual agreements, in a single forum.

/ / /

/ / /

/ / /

6

**III.    CONCLUSION**

In light of the above, CCTC respectfully requests that the Court not abstain in this matter, so the parties can continue to litigate their claims in this case.  If the Court is inclined, however, to abstain from any portion of this case, CCTC requests that the Court abstain from the case as a whole, so that the parties are not prejudiced by litigating their claims in a piecemeal fashion in two separate courts.

Dated this 11th day of September, 2024.

SKLAR WILLIAMS PLLC

 */s/ David B. Barney*_____
Stephen R. Hackett, Esq. (NBN: 5010)
David B. Barney, Esq. (NBN: 14681)
410 South Rampart Blvd, Suite 350
Las Vegas, NV 89145
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 11th day of September, 2024, a true and correct copy of the above and foregoing **DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S REPLY TO PLAINTIFF/ COUNTERDEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE** was filed electronically with the Clerk of the Court by submission to the electronic filing and service system (CM/ECF) at the United States District Court, District of Nevada.  CM/ECF will provide copies to all parties and counsel of record registered to receive CM/ECF notification.

 */s/ Jessica Uriostegui*
An employee of Sklar Williams PLLC

8