# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CAPITAL PURE ASSETS, LTD.,

    Plaintiff(s),

v.

CC TECHNOLOGY CORPORATION,

    Defendant(s).

Case No. 2:24-cv-00680-NJK

**ORDER**

Pending before the Court is Counterclaimant's motion for preliminary injunction, Docket No. 22, and Counterclaimant's motion to compel deposit of funds, Docket No. 23. Also pending before the Court is an order to show cause regarding abstention. Docket No. 31. The Court hereby **SETS** all of these matters for an in-person hearing at 9:30 a.m. on September 20, 2024, in Courtroom 3D.

Prior to that hearing, the Court clarifies the law regarding preliminary injunctions in diversity cases. First, the Court determines whether state law rejects the availability of that remedy. Second, if not, the Court applies federal law to determine whether an injunction should issue. *See Travelers Cas. & Sur. Co. of Am. v. Williams Bro., Inc.*, 2013 WL 5537191, at *2 (D. Nev. Oct. 4, 2013) (collecting cases); *accord Ink Projects, LLC v. Ruben Kasper, LLC*, 2024 WL 2750758, at *2 (D. Nev. May 28, 2024). These federal standards are well-established. A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008). Courts consider the following elements in determining whether to issue a preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The party seeking the injunction bears the burden of persuasion for each element. The movant must make a threshold showing of likelihood of success on the merits and irreparable harm, but a stronger showing on one element may offset a weaker showing on another. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-33 (9th Cir. 2011). Courts employ a sliding scale: "serious

questions going to the merits and a balance of hardships that tips sharply toward the [movant] can support issuance of a preliminary injunction, so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (internal quotations omitted). With respect to irreparable harm, "a district court has authority to issue a preliminary injunction where the [movant] can establish that money damages will be an inadequate remedy due to impending insolvency of the [opposing party] or that [the opposing party] has engaged in a pattern of secreting or dissipating assets to avoid judgment." *Hilao v. Marcos*, 25 F.3d 1467, 1480 (9th Cir. 1994). The parties must be prepared at the hearing to fashion their arguments in accordance with this legal framework.

In addition to the above, the Court is puzzled why a live dispute exists as to depositing the escrow funds with the Clerk's Office. There is no question that the escrow funds are in dispute. Moreover, Counter-Defendants represent that they already tried to pay the escrow funds to Counterclaimant and that they remain "willing to reimburse CCTC with the funds" upon appropriate release terms. Docket No. 26 at 11; *see also* Docket No. 26-1 at ¶ 16. As such, it is not clear why Counter-Defendants are opposing the motion to compel them to deposit funds. *See, e.g.*, *in re Villa Marina Yacht Harbor, Inc.*, 984 F.2d 546, 548-49 (1st Cir. 1993) (explaining that the court was "at a loss as to understand why Villa Marina opposes" an order to deposit funds with the Court given that Villa Marina indicated that it was "willing to post the funds directly [to the plaintiff]").[1] Counsel must immediately confer on whether a stipulation to deposit funds is warranted in the event the Court decides not to abstain. A joint status report on that issue must be filed by September 18, 2024.

IT IS SO ORDERED.

Dated: September 12, 2024

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Nancy J. Koppe
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] The response to this motion consists of one paragraph with six sentences. *See* Docket No. 26 at 11-12. The response is in a nutshell that Counter-Defendants stand ready and willing to pay these funds to Counterclaimant, which simply begs the question as to why Counter-Defendants are opposing the request that the funds be deposited with the Court.