UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD., <br><br>   Plaintiff(s), <br><br> v. <br><br> CC TECHNOLOGY CORPORATION, <br><br>   Defendant(s). | Case No. 2:24-cv-00680-NJK <br><br> **ORDER** |

Pending before the Court is an order to show cause why the Court should not abstain in whole or in part in light of the marijuana-related aspects of the case. Docket No. 31. The parties have briefed the issue. Docket Nos. 32-35. For the reasons discussed below, the Court will not abstain and the order to show cause is discharged.[1]

**I.    BACKGROUND**

CC Technology filed counterclaims predicated on its allegations that, *inter alia*, (1) it is a subsidiary of Cannatrac Financial Corp., which is a company focused on "payment processing systems in the cannabis industry," Counterclaims (Docket No. 5) at ¶ 16; (2) CC Technology was "developing and marketing 'CannaCard,' a cashless payment and reward system that could be used in the cannabis industry," *id.* at ¶ 17; and (3) CC Technology and the Counter-Defendants entered into a joint venture agreement "to further develop and build the CannaCard brand," as well as other projects, *id.* at ¶ 24.[2] The gist of the dispute turns on the allegations that CC Technology was lured

---

[1] In light of this ruling, the Court does not require abstention argument at the hearing set for September 20, 2024. The hearing remains on calendar, however, as to the motion for preliminary injunction and the motion to compel deposit.

[2] For its part, Plaintiff alleges that it declined to form a joint venture as to the cannabis business, Compl. at ¶¶ 12-14, and that the joint venture was actually related to investing in a Chicago real estate project, *see, e.g., id.* at ¶¶ 15-22.

into depositing funds into an escrow account, but that the joint venture otherwise failed to launch. *See, e.g.*, Counterclaims at ¶ 25-60. The counterclaims include various tort and contract causes of action. *See id.* at ¶¶ 62-147. The counterclaims seek myriad forms of relief, including damages, declaratory relief, injunctive relief, attorneys' fees, and interest. *See id.* at p. 36.

Given that the sale of marijuana continues to be unlawful pursuant to federal law, the Court ordered the parties to show cause in writing why the Court should not abstain from hearing this case. Docket No. 31. That is the matter currently at hand.

**II.     ANALYSIS**

As a starting point, the Court notes that the parties agree that *Pullman* abstention, *Burford* abstention, *Thibodaux* abstention, and *Colorado River* abstention are all inapplicable to the circumstances of this case. *See* Docket No. 33 at 6-9; Docket No. 34 at 2. Having reviewed the parties' briefing and the case law, the Court agrees that these abstention doctrines do not apply in the circumstances of this case. *See, e.g.*, *Bart Street III v. ACC Enterps., LLC*, 2018 WL 4682318, at *7 (D. Nev. Sept. 27, 2018).

The parties disagree, however, on whether abstention is warranted pursuant to general comity concerns. *See, e.g.*, Docket No. 34 at 3-6. As Counter-Defendants point out, some courts have abstained from hearing marijuana-related cases without a finding that any particular abstention doctrine applies, resorting instead to general principles of comity. *E.g.*, *Wildflower Brands Inc. v. Camacho*, 2023 WL 3150091, at *3 (C. D. Cal. Mar. 20, 2023). The Ninth Circuit has recently cast doubt on such an approach, noting case law that federal courts have "no discretion" to abstain when none of the traditional abstention doctrines apply, *see Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916, 932 (9th Cir. 2024) (quoting *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 939 (9th Cir. 2002)), *but see Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003) ("a federal court may stay its proceedings based on comity even when none of the abstention doctrines requires that it do so"), and this Ninth Circuit panel cabined the earlier comity-based abstention cases as involving specific circumstances not present here, such as suits that interfere with the validity of state tax systems, *see Peridot Tree*, 94 F.4th 932-33. Given that the

Ninth Circuit recently declined to "invent" a new comity-based abstention doctrine to apply to marijuana-related cases, *see id.* at 934, the Court is not inclined to do so either.

At any rate, it does not appear that abstention would be warranted even were the Court to follow the cases relying on general principles of comity. The crux of the issue is whether the remedy requested is not unlawful under federal law. *See Wildflower Brands*, 2023 WL 3150091, at *2 (quoting *Gopal v. Luther*, 2022 WL 504983, at *3 (E.D. Cal. Feb. 18, 2022)). The counterclaims here seek at their heart financial recourse in the form of the return of escrow funds and various types of damages. *See* Counterclaims at p. 36 (prayer for relief).[3] Regardless of whether the monetary relief sought in this case may bear some relation to marijuana-related business activity,[4] the Court could fashion relief without requiring a violation of federal law. *See Bart Street III*, 2018 WL 4682318, at *6; *see also Shulman v. Kaplan*, 58 F.4th 404, 409 (9th Cir. 2023) (addressing redressability in Article III challenge in case involving business dispute related to growing, marketing, and selling marijuana).[5]

## III. CONCLUSION

For the reasons discussed above, the Court will not abstain and the order to show cause is discharged.

IT IS SO ORDERED.

Dated: September 16, 2024

                                                    Nancy J. Koppe
                                                    United States Magistrate Judge

---

[3] The counterclaims also seek injunctive relief, but that remedy appears to be limited to an order for the return of the funds in escrow. *See* Counterclaims at ¶¶ 85, 146.

[4] While it previously highlighted marijuana-related uses, Counterclaimant clarifies in the latest briefing that its CannaCard technology can also be used (and actually is used) outside the marijuana industry, including in food, retail, and other services. Docket No. 33-1 at ¶ 3.

[5] Counter-Defendants' reliance on *Wildflower* is unpersuasive, as that case involved relief in the form of profits from the cultivation, distribution, and sale of marijuana. *See* 2023 WL 3150091, at *2; *see also* Docket No. 34 at 5.