**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD., | Case No. 2:24-cv-00680-NJK |
| Plaintiff(s), | |
| v. | **ORDER** |
| CC TECHNOLOGY CORPORATION, | |
| Defendant(s). | |

Pending before the Court is Counterclaimant's motion for preliminary injunction, Docket No. 22, and Counterclaimant's motion to compel deposit of funds, Docket No. 23.

On September 12, 2024, the Court ordered the parties to confer on whether to stipulate to depositing the subject escrow funds with the Clerk's Office, and to file a corresponding joint status report. Docket No. 36 at 2. The parties have not agreed to such a stipulation. In the corresponding joint status report, Counter-Defendants attempt to bolster their skeletal position in the motion practice[1] with new argument and a new objection. *See* Docket No. 38 at 2-4. Quite obviously and as argued by Counterclaimant, Docket No. 38 at 6, a post-briefing *status* report is not a proper vehicle for raising new arguments regarding the underlying motions, *see in re REMEC Inc. Securities Litig.*, 702 F. Supp. 2d 1202, 1222 (S.D. Cal. 2010); *see also Brathwaite v. Southwest Med. Assocs., Inc.*, 2024 WL 7870704, at *4 n.6 (D. Nev. Jan. 24, 2024); *Sifuentes v. Brema Invs., LLC*, 2018 WL 3421386, at *2 (S.D. Tex. June 27, 2018). In addition, Counter-Defendants' new Rule 408 objection to information addressed in the motion was waived by not timely raising it in

---

[1] Counter-Defendants' position in their opposition to the motion to compel deposit of funds consists of one paragraph with six sentences. *See* Docket No. 26 at 11-12.

1

1  responding to the motion.  *See* Fed. R. Evid. 103(a)(1)(A) (requiring that a party "*timely* objects

2  or moves to strike" (emphasis added)).[2]

3         In light of the above, the Court declines to consider the substance of Counter-Defendants'

4  new arguments and objection raised in the status report because they were not timely and properly

5  presented.

6         IT IS SO ORDERED.

7         Dated: September 19, 2024

8                                                                    _____

                                                                       Nancy J. Koppe
9                                                                      United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23
_____
24   [2] Counter-Defendants' new Rule 408 objection is also waived for another reason:  Counter-
Defendants themselves rely on these same settlement discussions.  *See, e.g.*, Docket No. 26 at 11
25   (Counter-Defendant's responsive brief representing that "Counter-defendants have already clearly
demonstrated that they have $336,000 for reimbursement, as demonstrated by (1) the fact that CPA
26   offered to reimburse CCTC the sum of $324,240 in March of 2024; and (2) Shiva's Declaration
attached hereto which reiterates that Counter-defendants are willing to reimburse CCTC with the
27   funds if the proper release language is included").  It is well-settled that a party's own reliance on
settlement discussions waives any Rule 408 objection they have regarding such information.  *See,
28   e.g.*, *JIPC Mgmt., Inc. v. Incredible Pizza Co.*, 2009 WL 8591607, at *27 (C.D. Cal. July 14, 2009)
(collecting cases).