**G. MARK ALBRIGHT, ESQ.**
Nevada Bar No.: 001394
**DANIEL R. ORMSBY, ESQ.**
Nevada Bar No.: 014595
**KYLE W. FENTON, ESQ**.
Nevada Bar No.: 016235
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rancho Drive, Suite D4
Las Vegas, Nevada 89106
Telephone: (702) 384-7111
Facsimile: (702) 384-0605
gma@albrightstoddard.com
kfenton@albrightstoddard.com
dormsby@albrightstoddard.com
*Attorneys for Plaintiff/Counter-defendants,*
Capital Pure Assets, LTD.; Shiva Prakash;
Hannah Dawn
Prakash; Vikhyat Prakash;
James Chrisman, P.C.; James P. Chrisman

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>Plaintiff(s),<br><br>vs.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendant(s). | Case No.  2:24-cv-00680-NJK<br><br><br>**MOTION TO WITHDRAWAL AS COUNSEL OF RECORD FOR PLAINTIFF AND COUNTER-DEFENDANTS** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. CHRISMAN an individual; DOES I through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Counter-defendants. | |

Albright Stoddard
Warnick & Albright

## AFFIDAVIT OF KYLE W. FENTON, ESQ IN SUPPORT OF MOTION TO WITHDRAWAL AS COUNSEL OF RECORD FOR PLAINTIFF/COUNTER-DEFENDANTS

STATE OF NEVADA            )
                           ) ss:
COUNTY OF CLARK            )

I, KYLE W. FENTON, ESQ. being first duly sworn, deposes and says that:

1.    I have personal knowledge of the matters set forth herein and am willing to testify thereto.

2.    I am an attorney with the law firm of ALBRIGHT, STODDARD, WARNICK & ALBRIGHT ("ASWA"), attorneys for Plaintiff/Counter-defendants, CAPITAL PURE ASSETS, LTD, a Nevada limited liability company, ("Plaintiff') and SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. CHRISMAN ("Counter-defendants").

3.    On April 8, 2024, Plaintiff CAPITAL PURE ASSETS, LTD ("CPA") filed its *Complaint*. [ECF No. 1]

4.    On June 17, 2024, Defendant/Counterclaimant CC TECHNOLOGY CORPORATION ("CCTC") filed its *Answer and Counterclaim.* [ECF No. 5]

5.    On July 24, 2024, CPA filed its *Answer to Countercomplaint.* [ECF No. 18]

6.    On August 1, 2024, CCTC filed a *Motion for Preliminary Injunction or, in the Alternative, to Compel Deposit of Escrow Funds with the Court.* [ECF No. 22]

7.    On September 20, 2024, the Court held an in-person hearing regarding CCTC's *Motion for Preliminary Injunction or, in the Alternative, to Compel Deposit of Escrow Funds with the Court.*

8.    On September 24, 2024, an *Order Granting Preliminary Injunction* was filed, wherein Plaintiff/Counter-Defendants were ordered to deposit funds in the amount of $336,000 with the Clerk's Office to be placed into the registry of the Court. [ECF No. 42]

9.    Following the Court's issuance of the *Order Granting Preliminary Injunction*, the

- 3 -

undersigned was presented with information that revealed for the first time that continued representation of all Counter-Defendants presented an unwaivable concurrent conflict of interest pursuant to NRPC 1.7(a)(1).

10. G. Mark Albright, Esq., also counsel of record, sent a letter to the Counter-Defendants on September 24, 2024, informing them that because of such conflict ASWA must withdraw its representation in this matter. The letter notified Counter-Defendants that a motion to withdraw would be filed by October 1, 2024, allowing them a week's time to seek substitute counsel.

11. On September 30, 2024, Plaintiff/Counter-Defendants deposited the $336,000 with the Clerk's Office, as ordered by the Court in ECF No. 42.

12. A discovery *Order* was issued by this Court on August 1, 2024, with the following cutoffs: *Initial Expert cutoff*: October 17, 2024; *Rebuttal Experts cutoff*: November 18, 2024; *Discovery cutoff*: December 16, 2024. [ECF No. 20]

13. Moreover, CCTC has served written discovery upon CPA on September 25, 2024, with such responses being due on October 25, 2024.

14. Multiple grounds for withdrawal exist under the Nevada Rules of Professional Conduct, including NRPC 1.16(a)(1), 1.16(b)(4)(7), & 1.7(a). Because of the unwaivable concurrent conflict of interest presented under NRPC 1.7(a)(1), a continued representation of ASWA for the Plaintiff/Counter-Defendants would result in a violation of the Rules of Professional Conduct pursuant to NRPC 1.16(a)(1).

15. Due to the imminent nature of the deadlines in this matter, as well as in the date to respond to CCTC's written discovery, the granting of the foregoing motion as quickly as possible is necessary to afford Plaintiff/Counter-defendants the opportunity to find substitute counsel.

16. The last known address for Plaintiff/Counter-defendants is as follows:

James Chrisman, P.C. & James Chrisman:
8924 Spanish Ridge Ave.
Las Vegas, NV 89136
james@jameschrisman.com

and

Capital Pure Assets, Ltd.; Shiva Prakash; Hannah Dawn Prakash; and Vikhyat Prakash:
2251 Noth Rampart Blvd., Ste 325
Las Vegas, NV 89128
Shiva1863@gmail.com
702-755-7233

I declare under penalty of perjury, the foregoing to be true and correct under the laws of the United States of America and the State of Nevada.



KYLE W. FENTON, ESQ.

SUBSCRIBED and SWORN to before me
This ___30TH___ day of September, 2024.

NOTARY PUBLIC in and for said County
and State

LAINEY MARIE HARE
Notary Public, State of Nevada
Appointment No. 24-3985-01
My Appt. Expires Apr 27, 2028

## MEMORANDUM OF POINTS AND AUTHORITIES

ASWA, G. MARK ALBRIGHT, ESQ., KYLE W. FENTON, ESQ., and all attorneys part of the ASWA firm, respectfully request leave of this Court to withdraw as Counsel of Record for Plaintiff and Counter-defendants. ASWA respectfully submits that in accordance with Local Rule 11-6 of this Court, entry of an order allowing counsel to now withdraw as Plaintiff and Counter-defendants counsel should be entered. It is further requested pursuant to said Local Rule, that Plaintiff and Counter-defendants be granted an extension of time within which to engage new counsel and to reply to any pending pleadings or outstanding discovery requests.

Pursuant to Local Rule IA 11-6(b), the Court can enter an order allowing the withdrawal of an attorney. Pursuant to LR IA 11-6(e), withdrawal should not result in delay of trial or discovery deadlines or a hearing, except for good cause shown. Good cause exists and has been shown in this instance.

Counsel should be permitted by this Court to withdraw from representing Plaintiff based on the foregoing facts. ABA Model Rule of Professional Responsibility 1.16(a)(1) & 1.7(a)(1) and

- 5 -

Nevada Rule of Professional Conduct 1.16(a)(1) & 1.7(a)(1), provides in pertinent part, that an attorney may be allowed to withdraw from representing a client under the following conditions:

**Rule 1.16.    Declining or Terminating Representation.**

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) The representation will result in violation of the Rules of Professional Conduct or other law;

**Rule 1.7.    Conflict of Interest: Current Clients.**

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) The representation of one client will be directly adverse to another client; or

(2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) The representation is not prohibited by law;

(3) The representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) Each affected client gives informed consent, confirmed in writing.

*See* ABA Model Rule of Professional Responsibility 1.16(a)(1) & 1.7(a)(1) and Nevada Rule of Professional Conduct 1.16(a)(1) & 1.7(a)(1).

Here, as stated in the Declaration of Kyle W. Fenton, Esq., the undersigned was informed of new information following the hearing on CCTC's *Motion for Preliminary Injunction or, in the Alternative, to Compel Deposit of Escrow Funds with the Court,* that made it clear that continued

representation would result in a concurrent conflict of interests between two (2) clients. Specifically, it would result in the representation of one client being directly adverse to another client. While the undersigned is aware that both the Model Rules and NRPC allow for such a conflict to be waived pursuant to the waiver provisions of NRPC 1.7(b), the undersigned does not believe that the requirements are met in this case. NRPC 1.7(b)(1) lists as a perquisite for such a waiver that, "[t]he lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client." *See* NRPC 1.7(b)(1). Here, the undersigned does not believe that competent and diligent representation can be provided to the affected clients. Because this unwaivable conflict of interest exists, ASWA's continued representation of Plaintiff/Counter-Defendants would result in a violation of the Rules of Professional Conduct pursuant to NRPC 1.16, and the present Motion must be granted.

Moreover, ABA Model Rule of Professional Responsibility 1.16(b)(4)(7) and Nevada Rule of Professional Conduct 1.16(b)(4)(7) provide:

(b)  Except as stated in paragraph (c), a lawyer may withdraw from representing a client i

(4)  A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement; or

(7)  Other good cause for withdrawal exists.

*See* ABA Model Rule of Professional Responsibility 1.16(b)(4)(7) and Nevada Rule of Professional Conduct 1.16(b)(4)(7).

Here, not only is ASWA faced with fundamental disagreements in how to proceed with the current litigation with its clients, but there also exists an unwaivable conflict of interest between its clients for which it is impossible for ASWA to represent them in accordance with the rules of professional conduct.

Pursuant to Local Rule IA 11-6(b), the Court can enter an order allowing the withdrawal of an attorney. Pursuant to LR IA 11-6(e), withdrawal should not result in delay of trial or discovery deadlines or a hearing, except for good cause shown. Good cause exists and has been shown in this instance, given the imminency of upcoming deadlines and written discovery response deadlines.

Accordingly, pursuant to Local Rule IA 11-6 and Nevada Rules of Professional Conduct 1.16(a)(1), 1.16(b)(4)(7), & 1.7(a), ASWA is entitled to withdraw as counsel for Plaintiff and Counter-defendants. As set forth in Kyle W. Fenton's Affidavit, the last known address for Plaintiff and Counter-defendants is as follows, on which future service of any pleadings or papers should be made:

Capital Pure Assets, Ltd.;
Shiva Prakash;
Hannah Dawn Prakash;
Vikhyat Prakash;
2251 Noth Rampart Blvd., Ste 325
Las Vegas, NV 89128
Shiva1863@gmail.com
T: 702-755-7233

James Chrisman, P.C.;
James Chrisman
8924 Spanish Ridge Ave.
Las Vegas, NV 89136
james@jameschrisman.com

DATED this 30 day of September, 2024

ALBRIGHT, STODDARD, WARNICK & ALBRIGHT

_____
G. MARK ALBRIGHT, ESQ. (1394)
KYLE W. FENTON, ESQ. (16235)
801 S. Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
T: 702-384-7111
F: 702-384-0605
gma@albrightstoddard.com
kfenton@albrightstoddard.com
*Attorneys for Plaintiff/Counter-defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of ALBRIGHT, STODDARD, WARNICK & ALBRIGHT and that on this 2⊘day of September, 2024, service was made by the following mode/method a true and correct copy of the foregoing **EMERGENCY MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF/COUNTER-DEFENDANTS** to the following person(s):

**STEPHEN R. HACKET, ESQ.**
**DAVID B. BARNEY, ESQ.**
410 South Rampart Blvd., Ste. 350
Las Vegas, NV 89145
Telephone: (702) 360-6000
Facsimile: (702) 360-0000
shackett@sklar-law.com
dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

|   | Certified Mail |
| X | Electronic Filing/Service |
|   | Email |
|   | Facsimile |
|   | Hand Delivery |
| X | Regular Mail |

An employee of Albright, Stoddard, Warnick & Albright

- 9 -