Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
          dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company, | Case No. 2:24-cv-00680-NJK |
| Plaintiff, | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINE** |
| v. | **(First Request)** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive, | |
| Defendants. | |
| CC TECHNOLOGY CORPORATION, a Colorado corporation, | |
| Counterclaimant, | |
| v. | |
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive, | |
| Counter-defendants. | |

1

Pursuant to LR IA 6-1 and LR 26-3, Plaintiff and Counter-defendants Capital Pure Assets, Ltd, Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman (collectively, "Counter-defendants"), and Defendant/Counterclaimant CC Technology Corporation ("CCTC"), by and through their undersigned counsel of record, hereby submit this Stipulation and Order to Extend Discovery Deadline (First Request). The parties respectfully request that the Court extend the discovery deadline by thirty (30) days, to afford the parties time to finalize their settlement documents without waiving their rights in discovery.

## I.    <u>PROCEDURAL HISTORY</u>

1.    Plaintiff/Counter-defendant Capital Pure Assets, Ltd ("Capital Pure") filed its Complaint and Jury Demand (ECF No. 1; the "Complaint") to initiate this case on April 8, 2024.

2.    On June 17, 2024, CCTC filed an Answer and Counterclaim (ECF No. 5; the "Counterclaim"), in which it generally denied the allegations in the Complaint and stated several claims for relief against the Counter-defendants.

3.    On July 15, 2024, Capital Pure filed a Substitution of Attorney (ECF No. 15), which was granted by the Court on July 16, 2024 (ECF No. 17).

4.    Capital Pure's new counsel filed an Answer to the Counterclaim on behalf of all of the Counter-defendants on July 24, 2024 (ECF No. 18).

5.    On August 1, 2024, after the parties filed a Joint Conference Report under Rule 26(f) and Stipulated Discovery Plan and Scheduling Order (ECF No. 19), the Court entered an Order granting in part and denying in part the parties' discovery plan, which also set the discovery deadlines in this case (ECF No. 20; the "Scheduling Order"). The Court set the following discovery deadlines in its Scheduling Order:

- Initial disclosures:  July 31, 2024
- Amend pleadings/ add parties:  September 17, 2024
- Initial experts: October 17, 2024
- Rebuttal experts:  November 18, 2024
- Discovery cutoff:  December 16, 2024
- Dispositive motions:  January 15, 2025

2

- Joint proposed pretrial order: February 14, 2025, or 30 days after resolution of dispositive motions.

ECF No. 20, at 1-2.

6. Also on August 1, 2024, CCTC filed a Motion for Preliminary Injunction (ECF No. 22) or, in the alternative, to Compel Deposit of Escrow Funds with the Court (ECF No. 23) (together, the "Injunction Motion"). Counter-defendants filed an Opposition to the Injunction Motion on August 16, 2024 (ECF No. 26), and CCTC filed a Reply in support of the Injunction Motion on August 23, 2024 (ECF Nos. 29, 30).

7. On August 26, 2024, the Court entered an Order to Show Cause (ECF No. 31; the "OSC"), requiring the parties to show cause why the Court should not abstain from these proceedings in light of the relation of certain claims to cannabis activities. The parties each filed briefs in response to the OSC on September 4, 2024 (ECF Nos. 32, 33), and then additional briefs in response to the other parties' briefing on September 11, 2024 (ECF Nos. 34, 35), as required by the Court.

8. On September 16, 2024, the Court entered an Order discharging the OSC and determining that it will not abstain from these proceedings. ECF No. 37.

9. On September 20, 2024, the Court held a hearing on the Injunction Motion. ECF No. 41. On September 24, 2024, the Court entered an Order Granting Preliminary Injunction (ECF No. 42; the "Injunction Order"), in which it ordered the Counter-defendants to deposit funds in the amount of $336,000 with the Clerk's Office to be placed into the registry of the Court. ECF No. 42, at 14.

10. On September 25, 2024, once the parties knew that the Court would not be abstaining in this matter, CCTC served the Counter-defendants with its Rule 26(a)(1) Initial Disclosures.

11. Also on September 25, 2024, CCTC served its (i) First Set of Requests for Admission, (ii) First Set of Interrogatories, and (iii) First Set of Requests for Production of Documents on Capital Pure.

12. On September 30, 2024, Counter-defendants filed a Certificate of Cash Deposit

3

(ECF No. 44), confirming they had deposited an amount of $336,000 into the registry of the Court pursuant to the Injunction Order.

13.    Also on September 30, 2024, Counter-defendants' counsel filed a Motion to Withdraw as Counsel of Record for Plaintiff and Counter-defendants (ECF No. 43; the "Motion to Withdraw").

14.    On October 2, 2024, the Court entered an Order setting a hearing on the Motion to Withdraw (ECF No. 45), in which it also extended certain discovery deadlines in light of the filing. The Court's Order extended the discovery deadlines which had not already passed, as follows:

> Initial experts:  November 18, 2024
> Rebuttal experts:  December 16, 2024
> Discovery cutoff:  January 15, 2025
> Dispositive motions:  February 14, 2025
> Joint proposed pretrial order:  March 17, 2025, or 30 days after resolution of dispositive motions.

ECF No. 45, at 2.

15.    On October 10, 2024, the law firm of Hutchison & Steffen, PLLC filed three separate notices of appearance (ECF Nos. 47, 48, and 49), by which the law firm entered its appearance on behalf of the Counter-defendants.  The Court then entered an Order granting the motion to withdraw and vacating the hearing on the same (ECF No. 50), finding the appearance of new counsel on behalf of the Counter-defendants was really a substitution of counsel, which the Court permitted.

16.    On October 17, 2024, CCTC served its (i) First Set of Requests for Admission, (ii) First Set of Interrogatories, and (iii) First Set of Requests for Production of Documents on Counter-defendant James P. Chrisman.

17.    On November 1, 2024, Counter-defendants served their Rule 26(a)(1) Initial Disclosures on CCTC.

18.    On November 8, 2024, after obtaining an extension of time to do so in light of their recent retention, Capital Pure served its responses to CCTC's (i) First Set of Requests for

4

Admission, (ii) First Set of Interrogatories, and (iii) First Set of Requests for Production of Documents to Capital Pure.

19. On November 15, 2024, the parties held a meet-and-confer regarding Capital Pure's discovery responses, and Capital Pure agreed to provide certain supplements.

20. On November 22, 2024, Capital Pure served its (i) First Supplemental Responses to CCTC's First Set of Requests for Admission, and (ii) First Supplemental Responses to CCTC's First Set of Interrogatories. Counter-defendants also served supplemental disclosures under Rule 26(a)(1).

21. Also on November 22, 2024, Counter-defendant James P. Chrisman ("Chrisman") served his responses to CCTC's (i) First Set of Requests for Admission, (ii) First Set of Interrogatories, and (iii) First Set of Requests for Production of Documents to Chrisman.

22. On November 27, 2024, Capital Pure served its First Set of Requests for Production of Documents on CCTC.

23. While the parties had generally discussed the prospect of settlement throughout this case, on or about December 10, 2024, they began having detailed negotiations regarding a settlement of this case in its entirety.

24. On December 17, 2024, CCTC served its (i) First Set of Requests for Admission, (ii) First Set of Requests for Production of Documents, and (iii) First Set of Interrogatories on Counter-defendant James Chrisman, P.C. ("Chrisman, P.C."). It also served its (i) First Set of Requests for Admission, (ii) First Set of Requests for Production of Documents, and (iii) First Set of Interrogatories on Counter-defendant Shiva Prakash ("Shiva"), the same day.

25. While the parties were close to reaching the terms of a settlement, in light of an upcoming discovery deadline, Counter-defendants served notices of four depositions on CCTC, on December 19, 2024. CCTC served notices of six depositions on Counter-defendants, the same day.

26. On December 23, 2024, the parties reached an agreement regarding the settlement of this case, in its entirety. In light of their settlement agreement, as well as scheduling conflicts in connection with the parties' depositions, the parties agreed to hold off on pending discovery

matters, including written discovery, depositions, and discovery motions, in the interest of avoiding the expenditure of time and resources of both the parties and the Court, while they focused their efforts on finalizing their settlement documents.

27. The parties are actively working to finalize their settlement documents, which will result in the dismissal of this lawsuit, and they respectfully request that the Court extend the discovery period to afford them additional time to finalize their settlement without waiving any rights in this matter should the discovery period expire.

## II.    GROUNDS FOR EXTENSION OF DISCOVERY DEADLINE

### A.    Local Rule IA 6-1

Under LR IA 6-1, a stipulation to extend time must state the reasons for the extension requested and must inform the Court of all previous extensions of the subject deadline the Court has granted.  While the Court extended the relevant deadlines by one month, in connection with Counter-defendants' substitution of counsel, this is the parties' first request to extend the deadlines referenced in this Stipulation.  The parties stipulate that while they have reached an agreement regarding a settlement of this case, a brief extension of discovery is necessary to afford the parties time to finalize their settlement documents without waiving any rights in connection with this matter.

### B.    Local Rule 26-3

Under LR 26-3, a stipulation to extend any date set by a discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.  LR 26-3 requires the following to be including in such a stipulation:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing the remaining discovery.

/ / /

**1.      Discovery Completed.**

As of the date of this Stipulation, the parties have exchanged their Rule 26(a)(1) Initial Disclosures, and Counter-defendants have supplemented the same.  CCTC served its (i) First Set of Requests for Admission, (ii) First Set of Requests for Production of Documents, and (iii) First Set of Interrogatories on Capital Pure, to which Capital Pure responded.  The parties met and conferred regarding Capital Pure's responses, and Capital Pure supplemented several of them.

CCTC also served its (i) First Set of Requests for Admission, (ii) First Set of Requests for Production of Documents, and (iii) First Set of Interrogatories on Counter-defendant Chrisman. Chrisman responded to CCTC's discovery requests.

Capital Pure has served its First Set of Requests for Production of Documents on CCTC, and CCTC has served its (i) First Set of Requests for Admission, (ii) First Set of Requests for Production of Documents, and (iii) First Set of Interrogatories on Chrisman, P.C. and Shiva, respectively.  The parties have not responded to these discovery requests as of yet.  The parties have also noticed ten (10) depositions between them, but due to scheduling conflicts and the parties' agreement to settle this case, they have not gone forward.

**2.      Discovery that Remains to Be Completed.**

The remaining discovery includes being able to take the depositions that were noticed in connection with this matter.  The parties also need to respond to the pending discovery requests, and to resolve the discovery disputes between them, whether through further cooperation or Court intervention.

**3.      Reasons Why Discovery Has Not Been Completed.**

The depositions were not completed because (i) in light of their scheduling during the first two weeks of the year, nearly all of the parties had scheduling conflicts, and (ii) the parties sought to avoid the unnecessary expenditure of time and costs associated with the depositions, given their settlement agreement.  The parties also sought to do the same with respect to the pending discovery requests, as well as pending discovery disputes, which would have required motion practice to resolve.  While the parties have a settlement agreement in place, and they are finalizing the same, the seek a brief extension of the discovery period out of an abundance of caution, so their rights in

7

connection with the remaining discovery are preserved, until this case is dismissed pursuant to the parties' agreement and the Court's approval.

**4.    Proposed Schedule.**

- Discovery cutoff:  February 14, 2025

- Dispositive motions:  March 17, 2025

- Joint proposed pretrial order:  April 16, 2025, or 30 days after resolution of dispositive motions.

WHEREFORE, good cause existing, the parties hereby stipulate and request that the Court enter an Order approving the proposed discovery schedule set forth above.

**IT IS SO STIPULATED**.

HUTCHISON & STEFFEN, PLLC                    SKLAR WILLIAMS PLLC

*/s/ Piers R. Tueller*_____          */s/ David B. Barney*_____
Joseph R. Ganley, Esq. (NBN: 5643)           Stephen R. Hackett, Esq. (NBN: 5010)
Piers R. Tueller, Esq. (NBN: 14633)          David B. Barney, Esq. (NBN: 14681)
Ramez A. Ghally, Esq. (NBN: 15225)           410 S. Rampart Blvd., Suite 350
Peccole Professional Park                    Las Vegas, Nevada 89145
10080 West Alta Drive, Suite 200             *Attorneys for Defendant/Counterclaimant*
Las Vegas, Nevada 89145                      *CC Technology Corporation*
*Attorneys for Plaintiff and Counter-defendants*
*Capital Pure Assets, Ltd, Shiva Prakash,*
*Hannah Dawn Prakash, Vikhyat Prakash,*
*James Chrisman, P.C., and James P. Chrisman*


**ORDER**

**IT IS SO ORDERED.**

Dated: _____




_____
UNITED STATES MAGISTRATE JUDGE