Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
        dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00680-NJK<br><br>**DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S MOTION TO ENFORCE SETTLEMENT AND FOR SANCTIONS AGAINST COUNTER-DEFENDANTS**<br><br>**ORAL ARGUMENT REQUESTED** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Counter-defendants. | |

1

Defendant/Counterclaimant CC Technology Corporation ("CCTC"), by and through its attorneys, the law firm of Sklar Williams PLLC, hereby files this Motion to Enforce Settlement and for Sanctions against Counter-defendants (hereinafter, the "Motion").

This Motion is made and based upon the following Memorandum of Points and Authorities, the exhibits attached hereto, all of the papers and pleadings on file herein, and any oral argument that the Court may allow at a hearing on this matter.

Dated this 26th day of February, 2025.

SKLAR WILLIAMS PLLC

 /s/ David B. Barney_____
Stephen R. Hackett, Esq.
Nevada Bar No. 5010
David B. Barney, Esq.
Nevada Bar No. 14681
410 South Rampart Blvd, Suite 350
Las Vegas, NV 89145
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

**I.    INTRODUCTION**

In an ordinary motion to enforce settlement, the parties argue about whether an agreement was reached, and what the terms of a settlement are.  That is not the case here.  The parties in this case have executed a Mutual Release and Settlement Agreement (the "Settlement Agreement"), but over a month-and-a-half after agreeing to its terms, Counter-defendants refuse to comply with their obligations that would enable the parties to file dismissal papers.  The Court has now asked the parties to file three separate Status Reports regarding settlement, and there is no reason for this case to remain in limbo.  The Court has authority to enforce the Settlement Agreement as written, and it should require the Counter-defendants to comply with their obligations thereunder, so this case can be dismissed.  The Court should also impose sanctions on the Counter-defendants for their delay tactics and bad faith in connection with the settlement.

**II.    FACTUAL BACKGROUND**

The parties reached a settlement agreement on December 23, 2024.  *See* Declaration of David B. Barney, Esq. ("Barney Decl."), attached hereto as **Exhibit 1**, ¶ 3.  On December 26, 2024, CCTC's counsel sent a draft of the settlement documents to counsel for the Plaintiff and Counter-defendants, Capital Pure Assets, Ltd, Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman (collectively, "Counter-defendants").  *Id.* Counter-defendants' counsel responded with proposed changes on January 7, 2025.  *Id.*

On January 9, 2025, CCTC's counsel sent a few proposed revisions to the latest version of the documents, to Counter-defendants' counsel.  *Id.* ¶ 4.  Counter-defendants accepted the changes, with the exception of replacing one semicolon with a comma.  *Id.*  These documents became the finalized version of the Settlement Agreement, which sets forth the terms of a global resolution of the issues between the parties, including the resolution and dismissal of this lawsuit.  *Id.*

CCTC has spent almost two months trying to get Counter-defendants to sign the Settlement Agreement and comply with their obligations thereunder, so this case can be dismissed and the parties can look forward to the settlement terms that come into effect thereafter.  *Id.* ¶ 5.  In the parties' Joint Status Report regarding Settlement filed on February 6, 2025 (ECF No. 53), Counter-

defendants represented to the Court that due to prolonged international travel and ongoing medical procedures, Counter-defendants anticipated being able to execute and deliver the settlement documents to CCTC within ten (10) days.  ECF No. 53, at 2.  When ten days had come and passed, the parties filed a second Joint Status Report regarding Settlement on February 18, 2025 (ECF No. 55), in which the Counter-defendants advised that "the parties are continuing to work to gather the signatures of all parties and anticipate that this will be concluded shortly."  ECF No. 55, at 2.

On February 19, 2025, after CCTC advised that it intended to file a motion to enforce settlement if the case had not been dismissed by February 20, 2025, *see* ECF No. 55, at 3, Counter-defendants delivered a fully executed copy of the Settlement Agreement to CCTC's counsel, by email. *Id.* ¶ 6.  Counter-defendants further advised that they would have a runner deliver the Initial Payment (as defined in the Settlement Agreement) and an original copy of the Confession of Judgment to CCTC's counsel, which is required under the parties' agreement to be done (i) concurrently with the execution and delivery of the Settlement Agreement to CCTC, and (ii) before the case can be dismissed.  *Id.*  A true and correct copy of the fully executed Settlement Agreement, including exhibits, is attached hereto as **Exhibit 2**.  *Id.*

Since February 19, 2025, CCTC's counsel has sent a number of emails and had several telephone calls with Counter-defendants' counsel, to see when the Initial Payment and the original copy of the Confession of Judgment would be delivered, so the parties can move forward with their agreement and dismiss this case, including disbursement of the funds being held in the Court's registry.  *See* Barney Decl., ¶ 7.  But CCTC has received absolutely nothing other than promises that Counter-defendants' counsel will follow up with their clients or be in touch.  *Id.*  While CCTC advised that they would be filing the instant Motion if the Initial Payment and Confession of Judgment were not delivered by the close of business on February 25, 2025, Counter-defendants have neither delivered the items nor advised of a date on which they expect to deliver them—they have simply had no answer when asked when they will comply with the Settlement Agreement's terms.  *Id.*; *see also* true and correct copy of such correspondence, attached hereto as **Exhibit 3**.

Without receiving any actual response or the items needed to dismiss this case, CCTC is left with no choice but to file this Motion to move things forward.  *Id.*  CCTC respectfully requests

that the Court order the Counter-defendants to comply with their obligations in the Settlement Agreement, i.e., delivering the Initial Payment and the Confession of Judgment, so this case can be dismissed. Based on the Counter-defendants conduct thus far, and the basis of this case overall, CCTC further requests that the Court maintain jurisdiction over this matter post-dismissal, including with respect to any potential filing of the Confession of Judgment, to ensure that the Counter-defendants comply with the obligations they agreed to incur, in exchange for the dismissal of this case.

III.    LEGAL ARGUMENT

A.    **The Court Should Enforce the Settlement Agreement and Require the Counter-defendants to Perform their Obligations Thereunder.**

It is well established that a "trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (quoting *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969)). "A settlement agreement is binding when the parties have a meeting of the minds as to all essential terms to resolve the case." *Peyman v. Rayhan*, No. 2:09-cv-01384-KJD-LRL, 2011 WL4527932, at *1 (D. Nev. Sept. 28, 2011) (citing *May v. Anderson*, 119 P.3d 1254, 1258-59 (Nev. 2005)). A motion to enforce a settlement agreement essentially is an action to specifically enforce a contract, and a district court has the power to enforce a completed settlement agreement. *See Sagastume v. Wireless Comms. of Nevada#7 LLC*, No. 2:19-cv-00997-RFB-VCF, 2021 WL 3566369, at *1 (D. Nev. Jan. 27, 2021) (citing *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989); (*Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987)).

There is no dispute that the parties in this case negotiated, agreed to, and executed the Settlement Agreement. *See generally* Exhibit 2. There was a meeting of the minds, and the parties agreed to be bound by the terms of the Settlement Agreement, which included Counter-defendants' delivery of the Initial Payment and an original copy of the executed Confession of Judgment to CCTC's counsel, concurrently with the mutual execution and delivery of the Settlement Agreement to CCTC. *See id.* at 2-3 (Section 2(a), (f)); *see also* ECF No. 53 ("The parties are in

full agreement as to the terms of the settlement documents and are in the process of executing those documents."). After those items are delivered to CCTC's counsel, along with a fully executed copy of the Settlement Agreement, the parties agreed to dismiss this case and request the Court's disbursement of the funds being held in the Court's registry, within three business days. Exhibit 2, at 2 (Section 2(b)).

Notwithstanding the parties' mutual execution of the Settlement Agreement as of February 19, 2025, Counter-defendants have failed or refused to comply with their obligation to deliver the Initial Payment and the original Confession of Judgment to CCTC's counsel, which will enable the parties to file dismissal papers with the Court, as the Court has now requested on three occasions. *See* Barney Decl., ¶ 7; ECF Nos. 52, 54. Counter-defendants have provided neither a reason for the delay, nor a date on which the items will be delivered, and they have provided absolutely no response other than, "we'll check on it." Barney Decl., ¶ 7. As set forth above, the Court can enforce the Settlement Agreement by requiring the Counter-defendants to take the steps necessary to dismiss this case. Such relief is warranted here, because the Counter-defendants have simply delayed and have shown no good faith in actually trying to follow the terms of their agreement.

In addition, because the Counter-defendants have shown that they are happy to drag things out and ignore their contractual obligations as long as possible, CCTC requests that the Court incorporate the Settlement Agreement into the eventual dismissal order in this case, or at least find that it is already incorporated by reference into the parties' agreed upon stipulation, *see* Exhibit 2, at 14, so that the Court can maintain jurisdiction over the parties in connection with their obligations under the Settlement Agreement, including any future defaults and the potential filing of the Confession of Judgment. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994) (providing that a court may retain jurisdiction over a settlement agreement where the agreement is either incorporated by reference in the dismissal or the parties otherwise agree for the court to retain jurisdiction).

/ / /

/ / /

6

**B.      The Court Should Sanction the Counter-defendants for their Bad Faith and Dilatory Conduct.**

"Holding parties to the terms of executed and valid settlement agreements is critically important, as is deterring such behavior from the outset." *Harper v. Nevada Property 1, LLC*, 552 F. Supp. 3d 1033, 1045 (2021).  Courts have a number of powers at their disposal, including the authority to impose sanctions, where a party refuses to comply with its obligations under an enforceable settlement agreement to resolve litigation.  *Id.* at 1045-46.  The Ninth Circuit has affirmed the imposition of sanctions under a district court's inherent authority, where parties had agreed to settle a case and a party refused to honor its agreements.  *Id.* at 1046 (citing *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002)).  In the context of this type of sanction, courts routinely require the party who refused to comply with the settlement agreement to pay the attorneys' fees and costs incurred by the moving party, as a direct result of the bad faith refusal to honor the agreement's terms.  *Id.* at 1046-47 (citing *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 103-04, 109 (2017)).

This type of sanction is proper in this matter, which should have been dismissed more than a month ago, but for the Counter-defendants' attempts to delay their execution of the Settlement Agreement and comply with the most basic terms of the same, which must be done before the case can be dismissed.  CCTC has incurred approximately $3,431.82 in costs and attorney fees since the terms of the Settlement Agreement were finalized, as a direct result of the Counter-defendants' delays. The Court should therefore award CCTC its reasonable costs and attorney fees, including all costs and attorney fees incurred in continued briefing a litigation of these matters, as a sanction against the Counter-defendants in an amount to be determined after CCTC files an appropriate motion setting forth the required information.

/ / /

/ / /

/ / /

7

## IV.  CONCLUSION

In light of the above, the Court should enforce the terms of the Settlement Agreement by ordering the Counter-defendants to comply with their obligations thereunder, including delivering the Initial Payment and an original copy of the Confession of Judgment to CCTC's counsel.  The Court should further retain jurisdiction over the post-settlement matters between the parties, and it should impose sanctions on the Counter-defendants for their bad faith and dilatory conduct.

Dated this 26th day of February, 2025.

SKLAR WILLIAMS PLLC

 */s/ David B. Barney*_____
Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
410 South Rampart Blvd., Ste 350
Las Vegas, Nevada 89145
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 26th day of February, 2025, a true and correct copy of the above and foregoing **DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S MOTION TO ENFORCE SETTLEMENT AND FOR SANCTIONS AGAINST COUNTER-DEFENDANTS** was filed electronically with the Clerk of the Court by submission to the electronic filing and service system (CM/ECF) at the United States District Court, District of Nevada.  CM/ECF will provide copies to all parties and counsel of record registered to receive CM/ECF notification.

*/s/ David B. Barney*
An employee of Sklar Williams PLLC

9

**INDEX OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1 | Declaration of David B. Barney, Esq. |
| 2 | Fully Executed Settlement Agreement |
| 3 | Correspondence dated February 24, 2025 |