# EXHIBIT 1

Declaration of David B. Barney, Esq.

Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
        dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00680-NJK<br><br>**DECLARATION OF DAVID B. BARNEY, ESQ. IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S MOTION TO ENFORCE SETTLEMENT AND FOR SANCTIONS AGAINST COUNTER-DEFENDANTS** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br>v.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Counter-defendants. | |

1

I, David B. Barney, Esq., declare as follows:

1.      I am an attorney duly licensed to practice law in the State of Nevada.  I am a member of the law firm Sklar Williams PLLC, counsel of record for Defendant/Counterclaimant CC Technology Corporation ("CCTC") in the above-captioned matter.  I make this Declaration in that capacity, and in support of CCTC's Motion to Enforce Settlement and for Sanctions against Counter-defendants (the "Motion").

2.      I make this Declaration based upon my own personal knowledge, and if called upon to testify to the matters set forth herein, I could and would competently do so.

3.      The parties in this matter reached a settlement agreement on December 23, 2024.  On December 26, 2024, I sent a draft of the settlement documents to counsel for the Plaintiff and Counter-defendants, Capital Pure Assets, Ltd, Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman (collectively, "Counter-defendants").  Counter-defendants' counsel responded with proposed changes on January 7, 2025.

4.      On January 9, 2025, I sent a few proposed revisions to the latest version of the documents, to Counter-defendants' counsel.  Counter-defendants accepted the changes, with the exception of replacing one semicolon with a comma.  These documents became the finalized version of the Settlement Agreement, which sets forth the terms of a global resolution of the issues between the parties, including the resolution and dismissal of this lawsuit.

5.      CCTC has spent almost two months trying to get Counter-defendants to sign the Settlement Agreement and comply with their obligations thereunder, so this case can be dismissed and the parties can look forward to the settlement terms that come into effect thereafter.

6.      On February 19, 2025, after CCTC advised that it intended to file a motion to enforce settlement if the case had not been dismissed by February 20, 2025, Counter-defendants delivered a fully executed copy of the Settlement Agreement to CCTC's counsel, by email.  Counter-defendants further advised that they would have a runner deliver the Initial Payment (as defined in the Settlement Agreement) and an original copy of the Confession of Judgment to CCTC's counsel, which is required under the parties' agreement to be done (i) concurrently with the execution and delivery of the Settlement Agreement to CCTC, and (ii) before the case can be

2

dismissed. A true and correct copy of the fully executed Settlement Agreement, including exhibits, is attached to the Motion as **Exhibit 2**.

7. Since February 19, 2025, I have sent a number of emails and had several telephone calls with Counter-defendants' counsel, to see when the Initial Payment and the original copy of the Confession of Judgment would be delivered, so the parties can move forward with their agreement and dismiss this case, including disbursement of the funds being held in the Court's registry. But I have received absolutely nothing other than promises that Counter-defendants' counsel will follow up with their clients or be in touch. While I advised that CCTC would be filing a motion to enforce settlement if the Initial Payment and Confession of Judgment were not delivered by the close of business on February 25, 2025, Counter-defendants have neither delivered the items nor advised of a date on which they expect to deliver them—they have simply had no answer when asked when they will comply with the Settlement Agreement's terms. A true and correct copy of relevant portions of my correspondence with CCTC's counsel, regarding a forthcoming motion to enforce settlement, is attached to the Motion as **Exhibit 3**.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Dated this 26th day of February, 2025.

DAVID B. BARNEY, ESQ.

3