Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Ramez A. Ghally (15225)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
jganley@hutchlegal.com
ptueller@hutchlegal.com
rghally@hutchlegal.com

*Attorneys for Plaintiff/Counter-defendants*
*Capital Pure Assets, Ltd., Shiva Prakash,*
*Hannah Dawn Prakash, Vikhyat Prakash,*
*James Chrisman, P.C., and James P. Chrisman*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-00680-NJK<br><br><br><br>**MOTION OF HUTCHISON & STEFFEN, PLLC TO WITHDRAW AS COUNSEL; DECLARATION OF PIERS R. TUELLER; [PROPOSED] ORDER** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>CAPITAL PURE ASSETS, LTD., a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. | |

1 of 8

CHRISMAN, and individual; DOES 1 through 10, inclusive; and ROE ENTITIES 1 through X, inclusive,

Counter-defendants.

The law firm Hutchison & Steffen, PLLC ("H&S") respectfully moves this Court for an order, pursuant to NRPC 1.16(b)(6) and LR IA 11-6(b), permitting H&S to withdraw as counsel of record for plaintiff/counter-defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman (collectively, "plaintiff/counter-defendants").  This Motion is based on the attached Declaration of Piers R. Tueller, Esq., the pleadings and papers on file, the attached points and authorities, and any arguments of counsel allowed at any permitted hearing.

## POINTS AND AUTHORITIES

### I. INTRODUCTION

H&S began representing plaintiff/counter-defendants on or around October 8, 2024. Recently, a breakdown in the attorney-client relationship has developed, which prevents further representation by H&S.  Therefore, in accordance with NRPC 1.16(b), LR IA 11-6(b), and LR IA 11-6(e), H&S respectfully requests that this Court permit it to withdraw as plaintiff/counter-defendants' counsel of record.

### II. LEGAL DISCUSSION

**A.** *The standard for attorney withdrawal supports H&S's withdrawal.*

H&S moves to withdraw as counsel for plaintiff/counter-defendants because H&S and plaintiff/counter-defendants have irreconcilable differences, and, pursuant to SCR 166(2)(e), continued representation will result in an unworkable relationship between Plaintiffs and H&S. Attorney withdrawals are permitted under both the FRCP and the Nevada Supreme Court Rules.

The standard for determining whether a motion to withdraw is justified is contained within NRPC 1.16(b).  Pursuant to NRPC 1.16(b)(7), an attorney may withdraw from

representing a client if good cause for withdrawal exists.  Furthermore, Supreme Court Rule 46(2) states, in pertinent part, that the attorney in an action or special proceeding may be changed at any time before judgment or final determination upon the order of the court or judge thereof on the application of the attorney or the client.

LR IA 11-6 provides:

> If an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel.  The affected client may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise.

LR IA 11-6(e) provides:

> Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case.

**B.  *The circumstances justify H&S's withdrawal.***

Here, it is clearly stated within the engagement agreement that H&S or plaintiff/counter-defendants may terminate the attorney client relationship for any reason. Moreover, it is stated within the engagement agreement that H&S could and would withdraw if plaintiff/counter-defendants failed to fulfill their obligations to H&S regarding their services, so, as NRCP 16.1(b)(5) requires, the client "has been given reasonable warning that [H&S] will withdraw unless the obligation is fulfilled." As set forth in the attached Tueller Declaration, plaintiff/counter-defendants were given reasonable warning that H&S would withdraw unless the obligation was fulfilled.  It was not.

In addition, H&S cannot reasonably be expected to continue handling this case on plaintiff/counter-defendants' behalf.  Doing so would be unfair and would place an undue burden on H&S.  H&S specifically satisfies the standard for withdrawal stated in NRCP 16.1(b)(6), in that continued representation will result in an unreasonable financial burden on H&S. Moreover, a breakdown in communication exists with plaintiff/counter-defendants that

renders it impossible for H&S to continue effectively to represent plaintiff/counter-defendants.

Given this breakdown, H&S cannot reasonably be expected to continue handling this case on behalf of plaintiff/counter-defendants. Doing so would be unfair and would place an undue burden on both parties.

Based on the totality of the circumstances, as set forth above, H&S is unable to continue effective representation and, respectfully submits, that good cause exists for this Court to permit H&S to withdraw as plaintiff/counter-defendants' counsel.

**C. *Any prejudice to plaintiff/counter-defendants is minimal and is justified.***

H&S acknowledges that its withdrawal would mean plaintiff/counter-defendants would have to find replacement counsel. However, this case is resolved. The settlement agreement has been signed. There is no scheduled trial date. Therefore, permitting H&S to withdraw now will not unduly prejudice plaintiff/counter-defendants or the other case parties.

## III.   CONCLUSION

Based on the foregoing, H&S respectfully requests that the Court issue an order approving H&S's motion to withdraw as plaintiff/counter-defendants counsel of record.

DATED this 7th day of March, 2025.

HUTCHISON & STEFFEN, PLLC

*/s/ Piers R. Tueller*

Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Ramez A. Ghally (15225)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Plaintiff/Counter-defendants*
*Capital Pure Assets, Ltd., Shiva Prakash,*
*Hannah Dawn Prakash, Vikhyat Prakash,*
*James Chrisman, P.C., and James P. Chrisman*

### **DECLARATION OF PIERS R. TUELLER**

Piers R. Tueller, being first duly sworn, deposes and says that:

1.  I am a senior associate with the law firm of Hutchison & Steffen, PLLC, counsel for plaintiffs/counter-defendants in this case.

2.  I make this affidavit in support of the Motion of Hutchison & Steffen PLLC to Withdraw as Counsel ("Motion"), according to my personal knowledge, except as to those matters stated on information and belief and, as to those matters, I believe them to be true.

3.  Plaintiff/counter-defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman may be reached at the below listed addresses.

> Capital Pure Assets, Ltd.; Shiva Prakash; Hannah Dawn Prakash;
> and Vikhyat Prakash:
> 2251 North Rampart Blvd., Ste. 325
> Las Vegas, NV 89128
> shiva1896@gmail.com
> 725-309-0955
>
> James Chrisman, P.C. & James Chrisman:
> 8924 Spanish Ridge Ave
> Las Vegas, NV 89136
> james@jameschrisman.com

4.  Plaintiff/counter-defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman retained H&S to represent them on or about October 8, 2024.

5.  H&S attorneys have zealously advocated on behalf of plaintiff/counter-defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman, including, but not limited to, appearing on their behalf before the Court, engaging in rigorous discovery efforts, and working with the opposing party to resolve this matter.  However, there has been a breakdown in communications between H&S and plaintiff/counter-defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn

Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman such that continued representation is not tenable.

6.     It is stated within the engagement agreement that H&S or plaintiff/counter-defendants may terminate the attorney client relationship for any reason.

7.     Moreover, it is stated within the engagement agreement that H&S could and would withdraw if plaintiff/counter-defendants failed to fulfill their obligations to H&S regarding their services.

8.     In this case plaintiff/counter-defendants have been given reasonable warning that H&S would withdraw unless the obligation is fulfilled.

9.     On February 13, 2025, Ramez Ghally and I met with Mr. Prakash and told him that H&S was quite concerned that plaintiff/counter-defendants' outstanding balance was delinquent and needed to be brought current.

10.     On February 18, 2025, Ramez Ghally and I again met with Mr. Prakash and again informed him that H&S was uncomfortable with plaintiff/counter-defendants' outstanding balance and that it needed to be brought current immediately.

11.     Finally, on February 27, 2025 I emailed plaintiff/counter-defendants and informed them that H&S would file for withdrawal on March 4, 2025 if no payment was made. It was not.

12.     The undersigned respectfully requests that this Court grant this motion without the need for a hearing.

I declare under penalty of perjury under the laws of the State of Nevada that the forgoing is true and correct.

DATED this 7th day of March, 2025.

*/s/ Piers R. Tueller*

_____

Piers R. Tueller, Esq.

## **ORDER**

IT IS ORDERED THAT Hutchison & Steffen, PLLC, and its individual attorneys Joseph R. Ganley, Esq., Piers R. Tueller, Esq., and Ramez A. Ghally, Esq. are granted leave to withdraw from representing plaintiff/counter-defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman in this matter. The names of the firm and its individual attorneys shall be removed from the docket and the service list.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Hutchison & Steffen, PLLC, and that on this 7th day of March, 2025, I caused a copy of **MOTION OF HUTCHISON & STEFFEN, PLLC TO WITHDRAW AS COUNSEL; DECLARATION OF PIERS R. TUELLER; [PROPOSED] ORDER** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Heather Shepherd*

An employee of Hutchison & Steffen, PLLC