**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD., | Case No. 2:24-cv-00680-NJK |
| Plaintiff(s), | |
| v. | **Order** |
| CC TECHNOLOGY CORPORATION, | [Docket No. 58] |
| Defendant(s). | |

Pending before the Court is a motion to withdraw as counsel of record for Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman. Docket No. 58.

The decision whether to allow withdrawal of counsel is an issue entrusted to the broad discretion of the Court. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *see also Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). In exercising that discretion, courts may consider several factors, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021).

The motion does not track these pertinent considerations and is not sufficiently developed in several ways. As to the reasons why withdrawal is warranted, the papers argue that continuing to represent the clients would cause an undue financial burden on counsel, but the papers do not elaborate on that financial burden. *See, e.g.*, Docket No. 58 at 3. It appears that the clients may have failed to pay their legal bills, but it is not clear why that would require withdrawal at this late stage given what appears to be limited legal work remaining. The only pending motion at present is one to enforce settlement. Docket No. 57. No explanation is provided as to why responding to

1

that motion would impose an unreasonable financial burden.[1]  Moreover, the motion does not identify any other lawyering work requiring significant resources by counsel.  The papers also make bald assertions of "irreconcilable differences" between counsel and their clients.  *See* Docket No. 58 at 2; *see also, e.g.*, Docket No. 58 at 5 (declaration attesting without elaboration to a "breakdown in communications").  No elaboration of any kind is provided as to that reason.[2]

With respect to prejudice to other litigants, the papers state in conclusory fashion that the opposing party will not be prejudiced by allowing withdrawal because a settlement has been reached.  Docket No. 58 at 4.  Such a contention ignores the fact that there is a pending motion to enforce settlement that specifically accuses Counter-Defendants of engaging in stalling tactics to avoid their contractual obligations.  *See, e.g.*, Docket No. 57 at 6 ("Counter-defendants have shown that they are happy to drag things out and ignore their contractual obligations as long as possible").[3]  The papers also ignore the more specific circumstance that the response deadline to that motion to enforce is imminent.  *See* Local Rule 7-2(b); *see also* Local Rule IA 11-6(e) ("Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case").

With respect to the harm withdrawal might cause to the administration of justice and the degree to which withdrawal will delay the resolution of the case, the papers do not address those considerations in direct fashion.

Accordingly, the motion to withdraw as counsel is **DENIED** without prejudice.  Any renewed motion must be structured to address the pertinent considerations.  *See Williams*, 562 F. Supp. 3d at 1035.  If relief is sought from the imminent deadline to respond to the motion to enforce

---

[1] If the counsel are seeking emergency resolution of the motion to withdraw prior to the expiration of this briefing deadline, the motion does not do so properly.  *See, e.g.*, Local Rule 7-4.

[2] If adequately addressing this assertion requires secrecy, the Court reminds counsel that there are procedures available to seek that secrecy.  *See, e.g.*, Local Rule IA 10-5 (addressing requests to seal).  As the Court has been provided none of the details at issue, however, the Court cannot judge whether sealing is warranted at this time.

[3] This is not the first time such accusations have been made.  *See, e.g.*, Docket No. 42 at 12 (preliminary injunction order indicating that "[t]he Court also agrees with CCTC that Counter-Defendants have engaged in evasive behavior, including a history of yanking CCTC's chain as it sought the return of these escrow funds").

settlement, such relief must be sought explicitly and must be predicated on an appropriate showing. Any renewed motion must also address the other shortcomings identified herein. **At this juncture, all deadlines remain unchanged.**

IT IS SO ORDERED.

Dated: March 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

3