Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Ramez A. Ghally (15225)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
jganley@hutchlegal.com
ptueller@hutchlegal.com
rghally@hutchlegal.com

*Attorneys for Plaintiff/Counter-defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD., a Nevada limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 20, inclusive, <br><br> Defendants. | Case No.: 2:24-cv-00680-NJK <br><br><br> **OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation, <br><br> Counterclaimant, <br><br> v. <br><br> CAPITAL PURE ASSETS, LTD., a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. CHRISMAN, an individual; <br><br> Counter-defendants. | |

**I.      Introduction**

Counter-defendants acknowledge and agree the parties negotiated, agreed to, and executed the Settlement Agreement and are bound by its terms.  However, to be clear, under the agreed terms of the Settlement Agreement *there is no deadline for the initial payment to be made thereunder and no "time is of the essence" provision.*  Therefore, by seeking judicial relief from the Court only one week after the Settlement Agreement was fully executed, CCTC has *prematurely* moved for relief from this Court when such relief is unwarranted under the Settlement Agreement's terms.  Accordingly, Counter-defendants respectfully submit that CCTC's motion should be denied.

**II.      Discussion**

**A.  Judicial involvement is unwarranted at this stage.**

"Enforcing a settlement agreement is interpreted as an action to enforce a contract." *Monroy v. Wal-Mart Inc.*, 2:22-CV-01638-RFB-NJK, 2024 WL 4441831, at *1 (D. Nev. Sept. 29, 2024).  "A contract's construction and enforcement are governed by principles of state contract law." *Id*.  "This is true even if the underlying cause of action is federal." *Id*.

In Nevada, "a fundamental principle of contract law is that the time for performance under a contract is not considered of the essence unless the contract expressly so provides or the circumstances of the contract so imply." *Mayfield v. Koroghli*, 124 Nev. 343, 349, 184 P.3d 362, 366 (2008).  "If time is not of the essence, the parties generally must perform under the contract within a *reasonable time*, which 'depends upon the nature of the contract and the particular circumstances involved.'" *Id*. (emphasis added).  "Nevertheless, in the absence of a clause making time of the essence, a party's failure to perform within a reasonable time generally does not constitute a material breach of the agreement." *Id*.  "But when a contract does not make time of the essence, one party to the contract may make it so by demanding performance by a certain date or time, so long as the party 'fix[es] a reasonable time for the completion of the contract and giv [es] notice to the other party of an intention to abandon the contract unless it is completed within the specified time.'" *Id*. (alternations in original).

////

Here, the Settlement Agreement states the initial payment is to be made concurrently with the delivery of the executed settlement documents. *See* Settlement Agreement at §2(a). Although the Settlement Agreement and Confession of Judgment have been fully executed, the settlement documents have yet to be delivered because Counter-defendants have yet to provide the funds for the Initial Payment.[1]

Unlike other obligations in the Settlement Agreement which expressly contemplate temporal restrictions for certain obligations to be fulfilled—such as §2(b) which requires the stipulation for dismissal to be entered within 3 days of delivery of the Initial Payment or §2(c) which requires that the quarterly payments be made on specific dates—§2(a) does not provide a specific deadline for the delivery of the settlement documents or the Initial Payment. If it was imperative for CCTC to receive delivery of the settlement documents or the Initial Payment within a specified time period, it should have bargained for the imposition of a deadline under the terms of the Settlement Agreement or the inclusion of a "time is of the essence" provision. Yet, it did not. Therefore, CCTC cannot now reasonably ask the Court to enforce the Settlement Agreement when, at this stage, there is simply no obligation to enforce. Simply, CCTC's anxiety to resolve this matter has resulted in it prematurely moving for relief from this Court. There is no basis for judicial involvement at this stage and CCTC's motion should be denied.

**B.  There is no basis for this Court to impose sanctions.**

CCTC's request for sanctions should also be rejected. As detailed above, Counter-defendants have not to date "refused" to comply with their settlement obligations. Thus, the circumstances here are a far cry from the circumstances in the case cited by CCTC where sanctions were imposed by this Court.

---

[1] Although the Settlement Agreement is entered into and contemplates a release of all claims by all parties, the payment obligations thereunder are borne only by Capital Pure Assets ("CPA") and Shiva Prakash. *See e.g.*, Settlement Agreement at §2(f) stating that the confession of judgment, which is against CPA and Shiva only, will only be filed "in the event that ***Capital Pure and Shiva*** default on ***their obligation*** to pay the Settlement Amount." (emphasis added)). As defined in the Settlement Agreement, the "Settlement Amount" is the entire amount owed under the Settlement Agreement including the Initial Payment.

In *Harper*, the parties agreed on settlement terms on September 10, 2020, yet over two months later, on November 12, 2020, one of the parties affirmatively indicated that he was not going to execute the settlement agreement despite acknowledging he had agreed to its terms. *See Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1038 (D. Nev. 2021).  In support of his position, the party stated that he had a sudden "epiphany" regarding standard contract terms that he previously agreed to.  *See id*. at 1051.  Moreover, this purported "epiphany" came to the party after he admitted his desire to renege on the settlement agreement.  *See id*.  Based on this conduct, this Court deemed sanctions appropriate.  *See id*.

Here, Counter-defendants executed the Settlement Agreement and are complying therewith.  Although CCTC seemingly believes that Counter-defendants have not acted with sufficient haste in delivering the Initial Payment, the parties did not bargain for a specific deadline for that payment to be made and this Court has not otherwise required that the payment be made.  Therefore, there is no basis for sanctions here.

Even if, *arguendo*, sanctions were deemed appropriate, CCTC failed to provide this Court with sufficient information to support its "approximate" fees and costs of $3,431.82.  CCTC did not provide any information regarding what work was done, why that work was necessary, the hours worked, the hourly rates, or who performed the work.  Without this information, this Court cannot assess the reasonableness of the fees and costs supposedly incurred by CCTC or determine whether those fees and costs were actually incurred.  *See id*. at 1052-54 (analyzing the reasonableness of the hours worked and the hourly rates in calculating sanctions related to enforcement of a settlement agreement); *see also*, *Bundorf v. Jewell*, 336 F. Supp. 3d 1248, 1252 (D. Nev. 2018) (setting forth twelve factors for courts to consider in awarding attorney fees.).  Accordingly, the request for sanctions must be denied.

**C. This Court may not maintain jurisdiction over the Settlement Agreement after dismissal is entered.**

CCTC asks this Court to "incorporate the Settlement Agreement into the eventual dismissal order in this case or at least find that it is already incorporated by reference into the parties' agreed upon stipulation… so that the Court can maintain jurisdiction over the parties in

connection with their obligations under the Settlement Agreement, including any future defaults and the potential filing of the Confession of Judgment." There is no basis for this request.

Under the Settlement Agreement, upon delivery of the Initial Payment and the settlement documents, the parties are to file a dismissal of the action with prejudice. With the dismissal of the claims between the parties, there would no longer be a basis for this Court to exert jurisdiction because there would be no case or controversy over which this Court may exercise jurisdiction. *See Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) ("An actual controversy must exist at all stages of federal court proceedings."). A hypothetical future default of the Settlement Agreement does not create a valid controversy over which this Court may maintain jurisdiction. *See id*. at 838–39 ("Concrete legal issues require more than mere 'hypothetical threat[s],' and where we can 'only speculate' as to the specific activities in which a party seeks to engage, we must dismiss a claim as nonjusticiable.").

Furthermore, the case cited by CCTC is unavailing because it specifically requires consent of the parties for the Court to incorporate the settlement agreement into a dismissal or retain jurisdiction over the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1674 (1994) (When dismissal occurs pursuant to Rule 41(a)(1)(ii), the district court is empowered ***(with the consent of the parties)*** to incorporate the settlement agreement in the order or retain jurisdiction over the settlement contract itself. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." (emphasis added)). Here nothing in the Settlement Agreement or the stipulated dismissal agreed upon by the parties contemplates this Court's continuing exercise of jurisdiction over the parties or the Settlement Agreement after dismissal. Therefore, CCTC's request is unfounded, and it should be rejected.

### III. Conclusion

Although CCTC is apparently displeased with Counter-defendant's pace, there is no legally enforceable right this Court may act upon here because there is no deadline for the delivery of these items under the bargained for terms of the Settlement Agreement. Furthermore, CCTC has not established that it is entitled to an award of attorney fees and costs as a sanction

and has not shown that this Court should continue to exercise jurisdiction over the parties after the matter has been dismissed.  Therefore, CCTC's motion should be denied in its entirety.

DATED this 12th day of March, 2025.

HUTCHISON & STEFFEN, PLLC

*/s/ Piers R. Tueller*

Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Ramez A. Ghally (15225)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Plaintiff/Counter-defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Hutchison & Steffen, PLLC, and that on this 12th day of March, 2025, I caused a copy of **OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Heather Shepherd*

_____
An employee of Hutchison & Steffen, PLLC