# EXHIBIT 1

Declaration of David B. Barney, Esq.

Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
        dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00680-NJK<br><br>**DECLARATION OF DAVID B. BARNEY, ESQ. IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AND FOR SANCTIONS AGAINST COUNTER-DEFENDANTS** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Counter-defendants. | |

1

I, David B. Barney, Esq., declare as follows:

1.      I am an attorney duly licensed to practice law in the State of Nevada.  I am a member of the law firm Sklar Williams PLLC, counsel of record for Defendant/Counterclaimant CC Technology Corporation ("CCTC") in the above-captioned matter.  I make this Declaration in that capacity, and in support of CCTC's Reply in Support of Motion to Enforce Settlement and for Sanctions against Counter-defendants (the "Reply").

2.      I make this Declaration based upon my own personal knowledge, and if called upon to testify to the matters set forth herein, I could and would competently do so.

3.      A true and correct copy of e-mail correspondence between counsel for the Counter-defendants in the above-captioned matter ("Counter-defendants") and me, dated February 19, 2025, is attached to the Reply as **Exhibit 2**.  In this correspondence, Counter-defendants delivered a fully executed copy of the Mutual Release and Settlement Agreement between the parties in this matter ("Settlement Agreement") to me via email.

4.      A true and correct copy of additional email correspondence between Counter-defendants' counsel and me between February 19 and 24, 2025, is attached to the Reply as **Exhibit 3**.  After I sent the email shown at the top of Exhibit 3, I did not receive a response from Counter-defendants until after CCTC filed its Motion to Enforce Settlement, nor did the Counter-defendants deliver the Confession of Judgment or the Initial Payment to my office.

5.      After CCTC and the Counter-defendants agreed to the terms of the Settlement Agreement, I spent over a month attempting to secure the signatures of the Counter-defendants, so this case could be dismissed.  During those discussions, Counter-defendants' counsel advised that Counter-defendant James P. Chrisman ("Chrisman") was traveling internationally, and that Counter-defendant Shiva Prakash ("Shiva") had an ongoing medical procedure, which made obtaining their signatures untenable at the time.  Counsel for the Counter-defendants further advised that Counter-defendants Hannah Dawn Prakash ("Hannah") and Vikhyat Prakash ("Vikhyat") had provided their signatures, but that they needed to wait to obtain the final signatures based on travel and ongoing medical issues.

6.      About a week after the parties submitted their first Joint Status Report to the Court,

2

Counter-defendants' counsel advised over the phone that his clients no longer intended to move forward with the Settlement Agreement as written, and that they needed to change the terms of the Quarterly Payments, in particular when they started. I advised that the parties had an agreement, and that CCTC intended to file a motion to enforce settlement.

7.    On February 18, 2025, when the parties were working to prepare a second Joint Status Report, Counter-defendants' counsel advised that Counter-defendants were working to secure signatures on the Settlement Agreement as agreed to as of January 9, 2025, but that they now needed the signatures of Hannah and Vikhyat. I advised that this explanation was completely inadequate, as it conflicted with Counter-defendants' previous story. A true and correct copy of this correspondence is attached to the Reply as **Exhibit 4**.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Dated this 17th day of March, 2025.

_____
DAVID B. BARNEY, ESQ.

3