Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Ramez A. Ghally (15225)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
jganley@hutchlegal.com
ptueller@hutchlegal.com
rghally@hutchlegal.com

*Attorneys for Plaintiff/Counter-defendants
Capital Pure Assets, Ltd., Shiva Prakash,
Hannah Dawn Prakash, Vikhyat Prakash,
James Chrisman, P.C., and James P. Chrisman*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-00680-NJK<br><br><br><br>**EMERGENCY MOTION OF HUTCHISON & STEFFEN, PLLC TO WITHDRAW AS COUNSEL; DECLARATION OF PIERS R. TUELLER; [PROPOSED] ORDER** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>CAPITAL PURE ASSETS, LTD., a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. | |

CHRISMAN, and individual; DOES 1 through 10, inclusive; and ROE ENTITIES 1 through X, inclusive,

Counter-defendants.

The law firm Hutchison & Steffen, PLLC ("H&S") respectfully moves this Court on an emergency basis, for an order pursuant to NRPC 1.16(b)(6), LR IA 11-6(b), and LR 7-4 permitting H&S to withdraw as counsel of record for plaintiff/counter-defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman (collectively, "plaintiff/counter-defendants"). This Motion is based on the attached Declaration of Piers R. Tueller, Esq., the pleadings and papers on file, the attached points and authorities, and any arguments of counsel allowed at any permitted hearing.

## POINTS AND AUTHORITIES

### I.      INTRODUCTION

H&S began representing plaintiff/counter-defendants on or around October 8, 2024. Recently, a breakdown in the attorney-client relationship has developed, which prevents further representation by H&S. Therefore, in accordance with NRPC 1.16(b), LR IA 11-6(b), and LR IA 11-6(e), H&S respectfully requests that this Court permit it to withdraw as plaintiff/counter-defendants' counsel of record.

### II.     LEGAL DISCUSSION

#### A.      Legal Standard.

The decision whether to allow withdrawal of counsel is an issue entrusted to the broad discretion of the Court. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *see also Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). In exercising that discretion, courts may consider several factors, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. Cnty. Of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021).

Moreover, under NRCP 1.16(b)(7), a motion to withdraw is justified to if good cause for withdrawal exists.  Furthermore, Supreme Court Rule 46(2) states, in pertinent part, that the attorney in an action or special proceeding may be changed at any time before judgment or final determination upon the order of the court or judge thereof on the application of the attorney or the client.

LR IA 11-6 provides:

> If an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel.  The affected client may, but is not required to, file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise.

LR IA 11-6(e) provides:

> Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case.

Here H&S regrettably must renew its request to withdraw as counsel for plaintiff/counter-defendants because H&S and plaintiff/counter-defendants continue to have irreconcilable differences, and, pursuant to SCR 166(2)(e), continued representation will result in an unworkable relationship between Plaintiffs and H&S.

**B.      The circumstances justify H&S's withdrawal.**

Here, it is clearly stated within the engagement agreement that H&S or plaintiff/counter-defendants may terminate the attorney client relationship for any reason. Moreover, it is stated within the engagement agreement that H&S could and would withdraw if plaintiff/counter-defendants failed to fulfill their obligations to H&S regarding their services, so, as NRCP 16.1(b)(5) requires, the client "has been given reasonable warning that [H&S] will withdraw unless the obligation is fulfilled." As set forth in the attached Tueller Declaration, plaintiff/counter-defendants were given reasonable warning that H&S would withdraw unless the obligation was fulfilled.  It was not.

In addition, H&S cannot reasonably be expected to continue handling this case on plaintiff/counter-defendants' behalf.  Doing so would be unfair and would place an undue burden on H&S.  H&S specifically satisfies the standard for withdrawal stated in NRCP 16.1(b)(6), in that continued representation will result in an unreasonable financial burden on H&S. In this case, plaintiff/counter-defendants have failed to meet their financial obligations to H&S, and have maintained a significant outstanding account balance.  Multiple attorneys have provided legal services on plaintiff/counter-defendants' behalf and plaintiff/counter-defendants' lack of payment makes such ongoing efforts unsustainable.  At this juncture, it is prudent and necessary to withdraw before any necessary collection efforts commence.

Moreover, a breakdown in communication exists with plaintiff/counter-defendants that renders it impossible for H&S to continue effectively to represent plaintiff/counter-defendants. Specifically, despite numerous updates and recommendations, plaintiff/counter-defendants have not provided counsel with substantive updates or direction, if there is any response at all. In fact, in discussing the current procedural posture of the case there are irreconcilable differences regarding whether certain factual and/or legal representations can be properly asserted in the Court.  Given this breakdown, H&S cannot reasonably be expected to continue handling this case on behalf of plaintiff/counter-defendants.  Doing so would be unfair and would place an undue burden on H&S.

Finally, and similar to the previous paragraph, there appears to now be an irreconcilable conflict of interest between the various plaintiff/counter-defendants.  As previously noted, there is an ongoing issue regarding the settlement agreement and related compliance.  Mr. Chrisman is not part of the settlement agreement/confession of judgment payment but yet is currently subjected to (and harmed by) the adverse rulings and potential sanctions as determined by the Court.  Given this distinction between Mr. Chrisman and the other plaintiff/counter-defendants, their issues are becoming increasingly divergent, which puts counsel in a difficult position to properly and fully represent all clients' interests.

Based on the totality of the circumstances, as set forth above, H&S is unable to continue effective representation and, respectfully submits, that good cause exists for this

Court to permit H&S to withdraw as plaintiff/counter-defendants' counsel.

**C.      H&S' withdrawal will cause minimal prejudice to other litigants.**

Hutchison & Steffen" withdrawal will cause no or minimal prejudice to the other litigants, as the case has already reached a settlement and there are no trial-related deadlines. The plaintiff/counter-defendants' failure to make the initial settlement payment is a separate issue that does not impact the litigation interests of the other parties involved. In fact because the settlement agreement has been finalized, the confession of judgment provided to opposing counsel, and the settlement obligations are clear (and have been enforced), any remaining issue can be addressed directly with plaintiff/counter-defendants thus ensuring that the withdrawal of counsel will not affect the rights or obligations of the other litigants.

To be clear, H&S recognizes that it will remain as counsel through the currently pending Court deadlines as it pertains to the settlement agreement.  However, beyond that, the only issues that would remain would be the ongoing obligations under the settlement agreement and potential enforcement of the confession of judgment.

**D.      H&S' withdrawal will cause minimal harm to the administration of justice.**

The withdrawal of counsel will cause minimal or no harm to the administration of justice. Again, this Court has already granted the CCTC's motion to enforce the settlement, which includes a confession of judgment, and plaintiff/counter-defendants' non-compliance with the settlement terms is unrelated to the quality or nature of the legal representation. The enforcement of the settlement is a matter of compliance rather than legal advocacy, and the plaintiff/counter-defendants' obligations are primarily financial in nature.

**E.      H&S' withdrawal will not delay the resolution of the case.**

Withdrawal will not delay the resolution of the case. In fact, the case has already been resolved through a settlement agreement, which includes a confession of judgment.  Moreover, this Court has issued orders mandating that the settlement agreement be enforced and the remaining issue pertains solely to the plaintiff/counter-defendants financial obligations under the settlement agreement. H&S's withdrawal will not result in these pending items being delayed.

### III.   CONCLUSION

Based on the foregoing, H&S respectfully requests that the Court issue an order approving H&S's motion to withdraw as plaintiff/counter-defendants counsel of record.

DATED this 24th day of April, 2025.

HUTCHISON & STEFFEN, PLLC

*/s/ Piers R. Tueller*

_____

Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Ramez A. Ghally (15225)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Plaintiff/Counter-defendants*
*Capital Pure Assets, Ltd., Shiva Prakash,*
*Hannah Dawn Prakash, Vikhyat Prakash,*
*James Chrisman, P.C., and James P. Chrisman*

### DECLARATION OF PIERS R. TUELLER

Piers R. Tueller, being first duly sworn, deposes and says that:

1.      I am a senior associate with the law firm of Hutchison & Steffen, PLLC, counsel for plaintiffs/counter-defendants in this case.

2.      I make this affidavit in support of the Emergency Motion of Hutchison & Steffen PLLC to Withdraw as Counsel ("Motion"), according to my personal knowledge, except as to those matters stated on information and belief and, as to those matters, I believe them to be true.

3.      On April 22, 2025, the Court entered an order determining that Counter-Defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, Chrisman, P.C., and James P. Chrisman failed to comply with their obligation under the settlement agreement to make an initial payment of $14,000 to CC Technology Corporation. Docket No. 62 at 7. The deadline to make that initial payment expired at noon on April 21, 2025. *Id.* Counter-Defendants violated that order. See Docket No. 64 (notice of non-compliance); see also Docket No. 63 (Counter-Defendants' notice of "partial" compliance). Moreover, the Court ordered CCTC to file a motion in accordance with LR 7-2(a) for the imposition of sanctions, including attorney's fees and costs; enforcement of the settlement agreement requirement to make the initial payment; enforcement of the settlement agreement requirement to make the first quarterly payment; and disbursement to CC Technology Corporation of the funds held in the Court's registry. The deadline for that motion was April 23, 2025. Any response and reply are due April 24, 2025, and April 25, 2025, respectively.

4.      In addition to the Court's order regarding the motion filing, the Court also ordered Counter-Defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, Chrisman, P.C., and James P. Chrisman to appear in-person for the hearing set for April 29, 2025 at 2:00pm.  As part of that order, the Court directly stated that "[f]ailure to comply with this order may result in additional sanctions and/or the imposition of contempt-related remedies, including issuance of arrest warrants and remand into the custody of the

United States Marshal Service.  Additionally Capital Pure Assets, Ltd, and Chrisman, P.C. were ordered to appear through an authorized representative.

5.    This renewed motion to withdraw necessitates emergency consideration as a result of plaintiff/counter-defendants' ongoing conduct.  There are timely issues to be addressed before the Court and ongoing – and upcoming – obligations on plaintiff/counter-defendants.  Specifically, the April 29, 2025 hearing as well as the end of the "cure period" for the first quarterly payment, which expires 30 days after the deadline for the first quarterly payment, which was April 1, 2025.  Given the conflicting communication (and often lack thereof) from plaintiff/counter-defendants regarding their factual position and understanding of the law, there is a clear issue between the counter-defendants as to their obligations. Moreover, there are conflicts between counter-defendants themselves that affect counsel's ability to represent all clients.  Specifically, Mr. Chrisman is claiming to not be involved with a settlement agreement breach, but is nonetheless being harmed by it.

6.    Furthermore, this motion is warranted on an emergency basis because there is an increasing likelihood of additional legal work necessitated by the presumptive filing of the confession of judgment, which is part of the settlement agreement.  At this juncture, H&S would respectfully seek the Court's permission to complete this phase and withdraw before any further action is necessary.

7.    Plaintiff/counter-defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman may be reached at the below listed addresses.

Capital Pure Assets, Ltd.; Shiva Prakash; Hannah Dawn Prakash; and Vikhyat Prakash:
2251 North Rampart Blvd., Ste. 325
Las Vegas, NV 89128
shiva1896@gmail.com
chairman@capitalpureassets.com
hannah@capitalpureassets.com
725-309-0955

James Chrisman, P.C. & James Chrisman:
8924 Spanish Ridge Ave
Las Vegas, NV 89136
james@jameschrisman.com

8.      Plaintiff/counter-defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman retained H&S to represent them on or about October 8, 2024.

9.      H&S attorneys have zealously advocated on behalf of plaintiff/counter-defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman, including, but not limited to, appearing on their behalf before the Court, engaging in rigorous discovery efforts, and working with the opposing party to resolve this matter.  However, there has been a breakdown in communications between H&S and plaintiff/counter-defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman such that continued representation is not tenable.

10.     It is stated within the engagement agreement that H&S or plaintiff/counter-defendants may terminate the attorney client relationship for any reason.

11.     Moreover, it is stated within the engagement agreement that H&S could and would withdraw if plaintiff/counter-defendants failed to fulfill their obligations to H&S regarding their services, this includes a large outstanding account balance.

12.     In this case plaintiff/counter-defendants have been given reasonable warning that H&S would withdraw unless the obligation is fulfilled.

13.     On February 13, 2025, Ramez Ghally and I met with Mr. Prakash and told him that H&S was quite concerned that plaintiff/counter-defendants' outstanding balance was delinquent and needed to be brought current.

14.     On February 18, 2025, Ramez Ghally and I again met with Mr. Prakash and again informed him that H&S was uncomfortable with plaintiff/counter-defendants' outstanding balance and that it needed to be brought current immediately.

15. Finally, on February 27, 2025 I emailed plaintiff/counter-defendants and informed them that H&S would file for withdrawal on March 4, 2025 if no payment was made. It was not. To date, there is still a significant account balance, which continues to increase based on the various filings and actions being taken by the parties, as well as the Court's orders.

16. On April 17, 2025, I emailed plaintiff/counter-defendants to discuss pending obligations and motions. I did not receive a response.

17. On April 21, 2025, I again email plaintiff/counter-defendants to remind them of their obligations.

18. On April 23, 2025, Ramez Ghally also email plaintiff/counter-defendants to remind them of their obligations.

19. Even after the first motion to withdraw was filed and denied, there has been no change. Plaintiff/counter-defendants' still have a large outstanding account balance (which continues to grow) and communication difficulties remain the same.

20. On April 24, 2025, in response to an email from Mr. Prakash, I informed him that based on the representations and positions taken therein, there appeared to be irreconcilable differences regarding certain factual and legal representations that could be properly asserted before the Court. I also informed him that those differences along with the continued outstanding account balance necessitated this motion to withdraw.

21. As the settlement agreement is to be enforced, and there are collection mechanism articulated therein should additional issues arise, the timing for H&S to withdraw is reasonable.

22. The undersigned respectfully requests that this Court grant this motion without the need for a hearing.

/ / /

/ / /

I declare under penalty of perjury under the laws of the State of Nevada that the forgoing is true and correct.

DATED this 24th day of April, 2025.

*/s/ Piers R. Tueller*

_____

Piers R. Tueller, Esq.

# ORDER

IT IS ORDERED THAT Hutchison & Steffen, PLLC, and its individual attorneys Joseph R. Ganley, Esq., Piers R. Tueller, Esq., and Ramez A. Ghally, Esq. are granted leave to withdraw from representing plaintiff/counter-defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman in this matter. The names of the firm and its individual attorneys shall be removed from the docket and the service list.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I am an employee of Hutchison & Steffen, PLLC, and that on this 24th day of April, 2025, I caused a copy of **EMERGENCY MOTION OF HUTCHISON & STEFFEN, PLLC TO WITHDRAW AS COUNSEL; DECLARATION OF PIERS R. TUELLER; [PROPOSED] ORDER** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


*/s/ Heather Shepherd*
_____
An employee of Hutchison & Steffen, PLLC