Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Ramez A. Ghally (15225)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
jganley@hutchlegal.com
ptueller@hutchlegal.com
rghally@hutchlegal.com

*Attorneys for Plaintiff/Counter-defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-00680-NJK<br><br><br>**RESPONSE TO SECOND MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CAPITAL PURE ASSETS, LTD., a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. CHRISMAN, an individual;<br><br>Counter-defendants. | |

**A. Counter-defendants entered into the Settlement Agreement in good faith**

Counter-defendants aver that they entered into the Mutual Release and Settlement Agreement (the "Settlement Agreement") fully intending to comply with their obligations thereunder. *See* Exhibit 1, Decl. of Shiva Prakash at ¶3.  However, due to unforeseen severe financial hardship, Capital Pure Assets, Ltd and Mr. Prakash (collectively "CPA") state that they are not able to fulfill the payment obligations at this time. *See id*.  CPA asserts that it needs additional time to gather the funds necessary to satisfy its other payment obligations. *See id*. at ¶5.  Since CPA's failure to pay purportedly arises out of unexpected hardship outside of its control rather than willful disregard of its contractual obligations or intentional flouting of the Court's order, additional sanctions or contempt findings are unwarranted.  *See In re Go*, 651 B.R. 891, 903 (Bankr. D. Nev. 2023) ("Sanctions for civil contempt are designed to compensate the party injured by the proven misconduct and to coerce compliance with a legal obligation."); *United States v. Armstrong*, 781 F.2d 700, 706 (9th Cir. 1986) ("[W]illlfullness is an essential element of criminal contempt."); *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1038 (D. Nev. 2021) (imposing sanctions where a party ***refused*** to comply with its settlement obligations.).  Furthermore, the imposition of additional monetary sanctions against a party that is unable to comply to a court order due to financial hardship does not accomplish the remedial coercive goal of a civil sanction, it simply increases the financial burden on a party that has already admitted its inability to meet that burden.  At most, this is a breach of contract, which CCTC should pursue in the normal course pursuant to the terms of the Settlement Agreement.

**B. Further enforcement of the Settlement Agreement is improper**

If CCTC would like to pursue an alleged breach of the Settlement Agreement, the mechanism for doing so is outlined under its terms, the filing of the executed confession of judgment and pursuit of collection efforts in separate proceedings.  *See* Settlement Agreement at §2(f)-(i). The Settlement Agreement, which CCTC acknowledges released all existing claims between the parties, was expressly bargained for and crafted to insulate certain counter-defendants from any further involvement or possible liability arising from this matter or a breach of the Settlement Agreement.  *See* Settlement Agreement §2(f).  That is why the payment

obligations under the Settlement Agreement and the confession of judgment are only applicable to CPA.  If the Court imposes sanctions or enforces the Settlement Agreement against all counter-defendants, it would improperly undercut the bargained for terms of the Settlement Agreement and unfurl key protections the Settlement Agreement was intended to provide.[1]  *See Raebel v. Tesla, Inc.*, 451 F. Supp. 3d 1183, 1188 (D. Nev. 2020) (stating that courts should enforce contracts as they are written).

Furthermore, any judicial relief related to the first quarterly payment is premature, because the cure period has yet to expire.  *See* Settlement Agreement §2(h).  Additionally, as noted above, the remedy for non-compliance with the quarterly payment obligation— the filing and enforcement of the confession of judgment—is specifically enumerated in the Settlement Agreement.  *See id.* at §2(i).  CCTC's attempt to circumvent the terms of the Settlement Agreement by seeking premature relief from the Court is improper.

**C.  There is no basis for the continued exercise of jurisdiction by this Court**

CCTC again asks this Court to "retain jurisdiction to enforce the Settlement Agreement." As previously noted in the response to CCTC's previous motion, a hypothetical future default of the Settlement Agreement does not create a valid controversy over which this Court may maintain jurisdiction.  *See Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 838-89 (9th Cir. 2014) ("Concrete legal issues require more than mere 'hypothetical threat[s],' and where we can 'only speculate' as to the specific activities in which a party seeks to engage, we must dismiss a claim as nonjusticiable.").  To the extent courts do retain continuing jurisdiction over a settlement agreement, they only do so with the consent of the parties.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1674 (1994) (When dismissal occurs pursuant to Rule 41(a)(1)(ii), the district court is empowered *(**with the consent of the parties**)* to incorporate the settlement agreement in the order or retain jurisdiction over the settlement contract itself. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is

---

[1] As further detailed in counsel's separately filed renewed motion to withdraw, this also creates an irreconcilable conflict between the counter-defendants rendering further representation violative of the Nevada Rules of Professional Conduct.  *See* NRPC 1.7(a).

some independent basis for federal jurisdiction." (emphasis added)).  Here, nothing in the Settlement Agreement or the stipulated dismissal agreed upon by the parties contemplates this Court's continuing exercise of jurisdiction over the parties or the Settlement Agreement.

Reliance on FRCP 41(a)(2) does not save CCTC's misguided argument.  FRCP 41(a)(2) only applies where a single party seeks to unilaterally dismiss its own claims and provides that a Court order is necessary to effectuate this unilateral voluntary dismissal. *Fitzgerald v. Alleghany Corp.*, 94 CIV. 3564 (LAK), 1995 WL 262624 (S.D.N.Y. 1995) ("Under Rule 41(a)(2), the plaintiff requires leave of court to dismiss its case, and dismissal may be conditioned on such terms and conditions as the court thinks fit.").  "This device 'usually comes into play when the parties are unable to agree on the terms of dismissal, but the plaintiff wants to dismiss without prejudice, and then the court may want to attach to the dismissal conditions to protect the defendant.'" *Vuz v. DCSS III, Inc.*, 20-CV-246-GPC-AGS, 2021 WL 4333552, at *3 (S.D. Cal. Sept. 22, 2021).  It is not a tool by which a party may obtain additional relief that the parties never otherwise agreed to, and it is not a sword by which the party seeking to dismiss its own claims may obtain relief to its benefit over the protestations of the opposing party.  Furthermore, none of the authorities cited by CCTC provide that a court may maintain jurisdiction over an action through a FRCP 41(a)(2) dismissal.  Thus, this argument again fails.

There is no basis for further judicial intervention by this Court.  If CCTC seeks to pursue relief due to an alleged breach of the Settlement Agreement, it should be required to follow the remedies contemplated by the parties under the terms of the Settlement Agreement.  Therefore, CCTC's motion should be denied in its entirety.

DATED this 24th day of April, 2025.

HUTCHISON & STEFFEN, PLLC

*/s/ Piers R. Tueller*

Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Ramez A. Ghally (15225)

*Attorneys for Plaintiff/Counter-defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Hutchison & Steffen, PLLC, and that on this 24th day of April, 2025, I caused a copy of **RESPONSE TO SECOND MOTION TO ENFORCE SETTLEMENT AGREEMENT** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Heather Shepherd*

_____
An employee of Hutchison & Steffen, PLLC