INTENTIONALLY LEFT BLANK
EXHIBIT PAGE ONLY

# EXHIBIT 1



Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Ramez A. Ghally (15225)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
jganley@hutchlegal.com
ptueller@hutchlegal.com
rghally@hutchlegal.com

*Attorneys for Plaintiff/Counter-defendants*
*Capital Pure Assets, Ltd., Shiva Prakash,*
*Hannah Dawn Prakash, Vikhyat Prakash,*
*James Chrisman, P.C., and James P. Chrisman*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-00680-NJK<br><br><br>**DECLARATION OF SHIVA PRAKASH** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>CAPITAL PURE ASSETS, LTD., a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. | |

1 of 3

CHRISMAN, and individual; DOES 1 through 10, inclusive; and ROE ENTITIES 1 through X, inclusive,

              Counter-defendants.

### DECLARATION OF SHIVA PRAKASH

Shiva Prakash, being first duly sworn, deposes and says that:

1.      I am one of the Counter-Defendants in the above-captioned matter and the Chairman of Capital Pure Assets, Ltd. ("CPA"). I make this declaration in support of a request to extend the cure period for the missed April 1, 2025 settlement payment, and to explain the circumstances surrounding our current inability to pay.

2.      CPA has been formally dissolved and currently has no operating revenue or active business assets. I, personally, do not currently have access to funds or investment sources sufficient to satisfy the outstanding balance under the Settlement Agreement. This hardship is not due to willful noncompliance, but rather a lack of liquidity and viable funding.

3.      CPA acted in good faith by complying with the Court's preliminary injunction order and depositing $336,000 into the Court's registry. At the time the Settlement Agreement was signed, we believed future funding or business activity would allow us to meet the scheduled payments. Unfortunately, that has not occurred.

4.      This lawsuit has also had a significant reputational impact on both CPA and myself. Since it was filed, we have lost prospective investors, had business opportunities fall through, and been denied banking and financing relationships. The public presence of this case has made it extremely difficult to move forward or raise the funds required to comply with the terms of the agreement. This litigation has, in effect, made compliance even harder over time.

5.      I respectfully request that the Court consider these facts in determining whether to enforce the Confession of Judgment or impose sanctions. I am not avoiding my obligations and remain willing to resolve this matter. I simply need more time and flexibility to do so given our current reality.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 24th day of April, 2025.

_____
Shiva Prakash