# EXHIBIT 1

Declaration of David B. Barney, Esq.

Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile: (702) 360-0000
Email: shackett@sklar-law.com
       dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:24-cv-00680-NJK<br><br>**DECLARATION OF DAVID B. BARNEY, ESQ. IN SUPPORT OF DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S REPLY IN SUPPORT OF SECOND MOTION TO ENFORCE SETTLEMENT AND FOR SANCTIONS AGAINST COUNTER-DEFENDANTS** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>    Counterclaimant,<br><br>v.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>    Counter-defendants. | |

1

I, David B. Barney, Esq., declare as follows:

1.    I am an attorney duly licensed to practice law in the State of Nevada. I am a member of the law firm Sklar Williams PLLC, counsel of record for Defendant/Counterclaimant CC Technology Corporation ("CCTC") in the above-captioned matter. I make this Declaration in that capacity, and in support of CCTC's Reply in Support of Second Motion to Enforce Settlement and for Sanctions against Counter-defendants (the "Reply").

2.    I make this Declaration based upon my own personal knowledge, and if called upon to testify to the matters set forth herein, I could and would competently do so.

3.    In or around November 2024, the parties exchanged several offers regarding settlement. One of the things discussed was when the "Quarterly Payments" would begin. While CCTC wanted them to start sooner, Counter-defendants represented that they would have to begin on April 1, 2025, because they would be selling assets in the meantime that would enable them to start making the payments. Based on that representation, CCTC eventually agreed to have the first Quarterly Payment due on April 1, 2025.

4.    On April 25, 2025, I accessed the Nevada Secretary of State's website and searched for the electronic records of Plaintiff/Counter-defendant Capital Pure Assets, Ltd. ("Capital Pure"). When reviewing the "Filing History" for Capital Pure, I saw that Capital Pure filed its Articles of Dissolution on April 10, 2025. A true and correct copy of this page is attached to the Reply as **Exhibit 2**.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Dated this 25th day of April, 2025.

DAVID B. BARNEY, ESQ.

2