UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD., <br>     Plaintiff(s), <br> v. <br> CC TECHNOLOGY CORPORATION, <br>     Defendant(s). | Case No. 2:24-cv-00680-NJK[1] <br><br> **ORDER** <br><br> [Docket No. 66] |

Pending before the Court is Counterclaimant CC Technology Corporation's motion for various relief arising out of Counter-Defendants' violation of the order enforcing the settlement agreement and related issues. Docket No. 66. Counter-Defendants filed a response. Docket No. 69. Counterclaimant filed a reply. Docket No. 70. The Court held a hearing on April 29, 2025, resolving the motion from the bench. Docket No. 71. This written order memorializes that ruling.

**I.      MOTION TO ENFORCE SETTLEMENT**

Counterclaimant seeks an order enforcing the settlement agreement as to the $14,000 initial payment. Docket No. 66 at 6. The Court already issued an order requiring this payment, Docket No. 62, and there is no need for a duplicative order to issue. This aspect of the motion is **DENIED** as unnecessary.

Counterclaimant seeks an order enforcing the settlement agreement as to disbursement of the funds held in the Court's registry. Docket No. 66 at 6-7. Counter-Defendants provided no argument in opposition in their responsive brief, so this aspect of the motion is **GRANTED** as unopposed. *See* Local Rule 7-2(d); *see also Stichting Pensioenfonds APB v. Countrywide Fin'l Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("in most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or

---

[1] On August 19, 2024, the case was referred to the undersigned magistrate judge on the parties' consent. Docket Nos. 27, 28.

1

abandonment in regard to the uncontested issue"). CC Technology Corporation and its counsel must coordinate with the Finance Department in the Clerk's Office, including providing any required paperwork. Upon receipt of any required paperwork, the Clerk's Office is **INSTRUCTED** to release the deposited funds of $336,000, plus accrued interest, to counsel for CC Technology Corporation (David Barney or Stephen Hackett).

Counterclaimant seeks an order enforcing the settlement agreement as to the first quarterly payment. Docket No. 66 at 8-9. As this request is not ripe, this aspect of the motion is **DENIED** without prejudice as premature.

## II.    MOTION FOR INHERENT AUTHORITY SANCTIONS

Counterclaimant seeks the imposition of "additional sanctions" under the inherent authority regarding enforcement of settlements. *See* Docket No. 66 at 15.[2] The Court has already awarded fees and costs for the earlier motion to enforce related to the $14,000 initial payment. Docket No. 62 at 6. This second motion to enforce settlement is being largely denied and granted in part as unopposed. The Court is not persuaded that inherent authority sanctions are warranted as to the second motion to enforce settlement, so this aspect of the motion is **DENIED**.

## III.   MOTION TO RETAIN JURISDICTION

Counterclaimant seeks an order that the Court will retain jurisdiction of the settlement after dismissal. Docket No. 66 at 9-13. The settlement agreement calls for dismissal after Counter-Defendants make the initial payment of $14,000. Docket No. 57-2 at ¶ 2(b). Given the failure of Counter-Defendants to make that payment, it appears that dismissal is not ripe at this juncture and no party has filed a request for dismissal. This aspect of the motion is **DENIED** without prejudice as premature.

## IV.   MOTION FOR CONTEMPT SANCTIONS

The Court issued an order requiring Counter-Defendants to make the $14,000 initial payment by noon on April 21, 2025. Docket No. 62 at 7. Counter-Defendants violated that order

---

[2] The Court separately addresses contempt sanctions below.

and remain in violation of that order as of the hearing on this motion. Counterclaimant seeks an order holding Counter-Defendants in civil contempt. Docket No. 66 at 13-15.

### A.  STANDARDS

"A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler,* 741 F.2d 263, 266 (9th Cir.1984). "In a civil contempt action, '[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.'" *F.T.C. v. Enforma Natural Prods., Inc.,* 362 F.3d 1204, 1211 (9th Cir.2004) (quoting *F.T.C. v. Affordable Media, LLC,* 179 F.3d 1228, 1239 (9th Cir.1999)). There need not be an intentional violation of the order to find a party in civil contempt. *See, e.g.*, *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir.1986).[3]

Asserting an impossibility defense is not successful based on conclusory representations; the contemnors bear the burden of producing evidence showing "categorically and in detail" why they are unable to comply. *Coleman v. Newsom*, 131 F.4th 948, 959-60 (9th Cir. 2025) (quoting *Affordable Media*, 179 F.3d at 1241); *see also in re Icenhower*, 755 F.3d 1130, 1139 (9th Cir. 2014) (the contemnors must come forward with competent evidence of the inability to comply). This burden is not met by showing compliance would be difficult or expensive, but rather by establishing that compliance is "factually impossible." *Coleman*, 131 F.4th at 960 (quoting *United States v. Rylander*, 460 U.S. 752, 757 (1983)); *see also Coleman*, 131 F.4th at 961 (requiring a "literal impossibility").

### B.  ANALYSIS

There is no dispute that the Court issued a specific and definite order: "No later than noon on April 21, 2025, Counter-Defendants must deliver the original copy of the confession of

---

[3] No party contests the undersigned's authority to hold Counter-Defendants in contempt in this consent case. "In any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, . . . the magistrate judge may exercise the civil contempt authority of the district court." 28 U.S.C. § 636(e)(4).

3

judgment and must make the initial payment of $14,000." Docket No. 62 at 7. There is also no dispute that Counter-Defendants violated the order to make the initial payment of $14,000. *E.g.*, Docket No. 64. Hence, the burden shifts to the contemnors to establish an impossibility to comply with the order.

In an effort to meet this burden, Counter-Defendants filed a declaration attested to by Shiva Prakash on his behalf and on behalf of Capital Pure. Docket No. 69-1. As a threshold matter, this declaration fails to provide any basis of any kind why the other Counter-Defendants violated the subject order and, on that basis, it is insufficient as to any of the other Counter-Defendants.[4] The declaration is also insufficient as to Shiva Prakash and Capital Pure, as it attests in generalized terms to an inability to make the $14,000 initial payment. According to the declaration, Shiva Prakash and Capital Pure apparently believed just a few months ago that they had sufficient money to pay the settlement amounts. *See* Docket No. 69-1 at ¶ 3. Nonetheless, Shiva Prakash personally now contends that they do not have access to funds or investment sources to make the payments. *See id.* at ¶ 2. Shiva Prakash attests that the lack of resources stems from reputational harm given the pendency of this case, which he states has led to lost prospective investors, lost business opportunities, and denial of banking or financing relationships. *Id.* at ¶ 4. No documentation or other evidentiary support is provided as to any of these circumstances. The generalized statements are a far cry from the particularized evidentiary showing required to establish an impossibility to comply with the Court's order.

Accordingly, this aspect of the motion is **GRANTED** and all Counter-Defendants are held in contempt. Counter-Defendants will hereby be fined (jointly and severally) in an amount of $500 per day that their violation persists. Unless the payment is made beforehand, the first fine will be levied at 4:00 p.m. on April 30, 2025. The fines will continue to be levied at 4:00 p.m. every day

---

[4] The order defines "Counter-Defendants" as Capital Pure Assets, Ltd, Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, Chrisman P.C., and James Chrisman. Docket No. 62 at 1 n.2. Moreover, the governing provision in the settlement agreement requires these same "Counter-Defendants" to deliver the initial payment of $14,000 to Counterclaimant. Docket No. 57-2 at ¶ 2(a). Even if some of the Counter-Defendants believe this payment obligation should not apply to them, they are still required to comply with the Court's clear order to make the $14,000 initial payment. *E.g.*, *Maness v. Meyers*, 419 U.S. 449, 458 (1975).

4

thereafter so long as the violation persists. If Counter-Defendants make the $14,000 initial payment, a notice so stating must be filed in prompt fashion. In addition, the Court sets an in-person status conference for 10:00 a.m. on May 6, 2025, in Courtroom 3C. **Counter-Defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, Chrisman, P.C., and James P. Chrisman must appear in-person for that hearing**.[5] Counter-Defendants should anticipate that their failure to make the required $14,000 initial payment before the status conference will result in an additional coercive contempt sanction of incarceration in being remanded into the custody of the United States Marshal Service until the payment is made. In addition, a failure to appear at the status conference will result in issuance of arrest warrants.

## V.   CONCLUSION

Accordingly, the Court **GRANTS** in part and **DENIES** in part Counterclaimant CCTC's motion for various relief arising out of Counter-Defendants' violation of the order enforcing the settlement agreement and related issues.

IT IS SO ORDERED.

Dated: April 29, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] Capital Pure Assets, Ltd. and Chrisman, P.C. must appear through an authorized representative. The individual Counter-Defendants (Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, and James P. Chrisman) must all themselves appear.