Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Ramez A. Ghally (15225)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
jganley@hutchlegal.com
ptueller@hutchlegal.com
rghally@hutchlegal.com

*Attorneys for Plaintiff/Counter-defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD., a Nevada limited liability company, | Case No.: 2:24-cv-00680-NJK |
| Plaintiff, | |
| v. | **MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 20, inclusive, | |
| Defendants. | |
| CC TECHNOLOGY CORPORATION, a Colorado corporation, | |
| Counterclaimant, | |
| v. | |
| CAPITAL PURE ASSETS, LTD., a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. CHRISMAN, an individual; | |
| Counter-defendants. | |

**I.      Introduction**

Capital Pure Assets, LTD, Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman (collectively "Counter-defendants) have acknowledged and agreed that the parties negotiated, agreed to, and executed the Settlement Agreement and are bound by its terms.  The parties have complied with the Settlement Agreement's terms that mandate case dismissal.  CC Technology Corporation ("CCTC") has indicated it is unwilling to stipulate to the mandated case dismissal.  Therefore – and in accordance with the Court's direction – Counter-defendants seek judicial relief from the Court to enforce the settlement agreement and dismiss this case with prejudice.

**II.     Relevant Facts**

As this is the parties' collective third motion to enforce settlement, the facts relevant for the Court's consideration are straightforward:

1.      Under the Settlement Agreement terms, Counter-defendants were to deliver an Initial Payment of $14,000 to CCTC's counsel.  ECF 57-2 at 2.  Within three (3) days of Counter-defendants' delivery of the Initial Payment, the Parties were required to file a Stipulation and Order for Dismissal of Case with Prejudice, and for Release of Funds Held in Court Registry. *Id*.

2.      On April 17, 2025 the Court ordered Counter-defendants to deliver the Initial Payment of $14,000 to CCTC's counsel by April 21, 2025.  ECF 62 at 7.

3.      On April 22, 2025, the Court entered an Order (ECF No. 65) in response to the notices regarding settlement filed by counsel. In this Order, the Court found Counter-defendants violated the order requiring them to deliver the initial payment of $14,000 to CCTC's counsel. ECF No. 65 at 1.

4.      On April 29, 2025, the Court held a hearing to resolve CCTC's motion for various relief (ECF No. 66) and to address Counter-defendants' failure to deliver the Initial Payment. ECF No. 72.

5.      At the April 29, 2025 hearing all Counter-Defendants were held in contempt for failing to deliver the Initial Payment. *Id*. at 4.  The Court ordered, "Counter-Defendants will

hereby be fined (jointly and severally) in an amount of $500 per day that their violation persists. Unless the payment is made beforehand, the first fine will be levied at 4:00 p.m. on April 30, 2025. The fines will continue to be levied at 4:00 p.m. every day thereafter so long as the violation persists. If Counter-Defendants make the $14,000 initial payment, a notice so stating must be filed in prompt fashion…" *Id*. at 4-5.

6. On April 29, 2025, after the hearing, Counter-defendants initiated a wire transfer of the Initial Payment of $14,000 to CCTC's counsel. ECF No. 74.

7. Delivery of the Initial Payment was confirmed on May 2, 2025 and Counter-defendants filed the requisite notice to the Court regarding the same. *Id*.

8. On May 5, 2025, the Court entered an order acknowledging Counter-defendants' notice of compliance (ECF No. 74) and noted that the "case now appears primed for dismissal. ECF No. 75; citing ECF 52-2 at ¶2(b).

9. The Court further directed counsel to promptly confer on whether jurisdiction should be retained after dismissal and either file a stipulation of dismissal or simultaneous counter-motion practice on May 9, 2025. *Id*.

10. On May 6, 2025, counsel held a telephonic conference to address whether an agreement could be reached regarding dismissal.[1] During that call Counter-defendants (via counsel) reiterated their position that the Settlement Agreement requires the parties to file a Stipulation and Order for Dismissal of Case with Prejudice, and for Release of Funds Held in Court Registry within three (3) business days of Counter-defendants' delivery of the Initial Payment, which was accomplished on May 2, 2025.[2] CCTC's counsel disagreed and referred back to the position proffered in the Second Motion to Enforce Settlement (ECF No. 66).[3] The parties telephonically conferred again on May 8, 2025 to see if there was a possible compromise.[4] As none existed, the parties agreed that motion practice was unfortunately necessary.[5]

---

[1] See Declaration of Piers R. Tueller at ¶4, attached hereto as Exhibit A.
[2] *Id*. at ¶5.
[3] *Id*. at ¶6.
[4] *Id*. at ¶7.
[5] *Id*. at ¶8.

**III.    Legal Discussion**

   ***A.       Immediate Case Dismissal is Warranted.***

It is well established a "trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (quoting *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969)).  "A settlement agreement is binding when the parties have a meeting of the minds as to all essential terms to resolve the case." *Peyman v. Rayhan*, No. 2:09-cv-01384-KJD-LRL, 2011 WL4527932, at *1 (D. Nev. Sept. 28, 2011) (citing *May v. Anderson*, 119 P.3d 1254, 1258-59 (Nev. 2005)).  A motion to enforce a settlement agreement essentially is an action to specifically enforce a contract, and a district court has the power to enforce a completed settlement agreement.  See *Sagastume v. Wireless Comms. of Nevada#7 LLC*, No. 2:19-cv-00997-RFB-VCF, 2021 WL 3566369, at *1 (D. Nev. Jan. 27, 2021) (citing *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989); (*Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987)).

The parties do not dispute, and the Court has already found, the parties entered into a valid and binding "Mutual Release and Settlement Agreement" (the "Settlement Agreement"), to resolve this case in its entirety.  ECF No. 62, at 4.  A copy of the Settlement Agreement has been filed in this matter at ECF No. 57-2.  *Id*.  Thus, at this point, the only issue before the Court is case dismissal as mandated by the Settlement Agreement.  This too has now been resolved.  On May 2, 2025, the Initial Payment's delivery to CCTC's counsel was confirmed.  See ECF No. 74.  In the Settlement Agreement, Section 2(b) it states "[w]ithin three (3) business days of Counter-defendants' delivery of the Initial Payment… the Parties ***shall*** file in the Lawsuit a 'Stipulation and Order for Dismissal of Case with *Prejudice*…"  See ECF No. 57-2.  (emphasis added).  Consequently, even with the most conservative of calculations, the deadline to file such a stipulation was May 7th.  This has not happened.

The parties do not dispute, and the Court has aptly stated, "[h]olding parties to the terms of executed and valid settlement agreements is critically important." ECF No. 62, at 3 (citing *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp.3d 1033, 1045 (D. Nev. 2021)). This is because

"[s]ettlement agreements are designed to ***end litigation***, not create it." *Harper*, 552 F. Supp. 3d at 1043 (citing *In re City Equities Anaheim, Ltd.*, 22 F.3d at 957). (emphasis added). As such, the time has come to end the litigation and dismiss this case with prejudice. Any ongoing issues with the Settlement Agreement can be resolved via the enforcement mechanisms outlined therein.

### B. This Court may not maintain jurisdiction over the Settlement Agreement or the Parties in this matter.

It is anticipated CCTC will ask this Court (as it has previously done) to "incorporate the Settlement Agreement into the eventual dismissal order in this case or at least find that it is already incorporated by reference into the parties' agreed upon stipulation… so that the Court can maintain jurisdiction over the parties in connection with their obligations under the Settlement Agreement, including any future defaults and the potential filing of the Confession of Judgment." There is still no basis for this request.

"Enforcing a settlement agreement is interpreted as an action to enforce a contract." *Monroy v. Wal-Mart Inc.*, 2:22-CV-01638-RFB-NJK, 2024 WL 4441831, at \*1 (D. Nev. Sept. 29, 2024). "A contract's construction and enforcement are governed by principles of state contract law." *Id*. "This is true even if the underlying cause of action is federal." *Id*.

Under the Settlement Agreement, because the Initial Payment and the settlement documents were delivered the parties are to dismiss this action with prejudice. With the dismissal of the claims between the parties, there would no longer be a basis for this Court to exert jurisdiction because there would be no case or controversy over which this Court may exercise jurisdiction. *See Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) ("An actual controversy must exist at all stages of federal court proceedings."). A hypothetical future default of the Settlement Agreement does not create a valid controversy over which this Court may maintain jurisdiction. *See id*. at 838–39 ("Concrete legal issues require more than mere 'hypothetical threat[s],' and where we can 'only speculate' as to the specific activities in which a party seeks to engage, we must dismiss a claim as nonjusticiable.").

Furthermore, assuming CCTC will rely on the case law previously proffered to the Court, it remains unavailing because retaining jurisdiction requires consent of the parties for the Court

to incorporate the settlement agreement into a dismissal or retain jurisdiction over the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1674 (1994) (When dismissal occurs pursuant to Rule 41(a)(1)(ii), the district court is empowered *(with the consent of the parties)* to incorporate the settlement agreement in the order or retain jurisdiction over the settlement contract itself.  Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." (emphasis added)).

Here, there is nothing in the Settlement Agreement or the stipulated dismissal agreed upon by the parties that contemplates this Court's continuing exercise of jurisdiction over the parties or the Settlement Agreement after dismissal.  In fact, the parties expressly negotiated the legal remedies in the case of an alleged breach of the settlement agreement.  Specifically, the parties agreed that as part of the settlement agreement, "Capital Pure and Shiva shall execute and deliver to CCTC's counsel… a confession of judgment, confessing judgment in favor of CCTC and against Capital Pure and Shiva, jointly and severally, in the amount of Nine-Hundred-Eighty-Six-Thousand Dollars ($986,000.00)."  ECF No. 57-2 at 3 (¶2(f)).  CCTC was authorized to file the confession of judgment "only in the event that Capital Pure and Shiva default on their obligation to pay the Settlement Amount pursuant to the terms of this Agreement and the terms of the Confession of Judgment."  *Id*.  Moreover, notwithstanding a cure period to make timely payments, the Settlement Agreement again reiterated that "…in the event Capital Pure and Shiva fail to make any Quarterly Payment on or before the date such payment is due, and then fail to make such payment in full during the applicable Cure Period, then CCTC may file the Confession of Judgment in its sole discretion… CCTC's election to file the Confession of Judgment, or to not file it, shall not affect any other rights or remedies available to CCTC in connection herewith."  *Id*. at 3-4 (¶2(i)).  The purpose of a confession of judgment is to serve as the legal recourse in case of breach.  As CCTC is previously noted and will likely argue again, it has the discretion to file the confession of judgment, just like any other litigant analyzing legal remedies for an alleged breach of contract.  The Settlement Agreement does not include an

agreement to have this Court retain jurisdiction.  Consequently, the issue is simple, retaining jurisdiction is unfounded, unnecessary, and goes against the Settlement Agreement.

**IV.    Conclusion**

Based on the arguments contained herein, this Court should dismiss this action and not continue to exercise jurisdiction over the parties after the matter has been dismissed.

DATED this 9th day of May, 2025.

HUTCHISON & STEFFEN, PLLC

*/s/ Piers R. Tueller*

_____
Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Ramez A. Ghally (15225)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Plaintiff/Counter-defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Hutchison & Steffen, PLLC, and that on this 9th day of May, 2025, I caused a copy of **MOTION TO ENFORCE SETTLEMENT AGREEMENT** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Heather Shepherd*

An employee of Hutchison & Steffen, PLLC

**INDEX OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A | Declaration of Piers R. Tueller |