Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
        dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00680-NJK<br><br>**DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S THIRD MOTION TO ENFORCE SETTLEMENT AND FOR ORDER ENTERING CONFESSION OF JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Counter-defendants. | |

1

Defendant/Counterclaimant CC Technology Corporation ("CCTC"), by and through its attorneys, the law firm of Sklar Williams PLLC, hereby files this Third Motion to Enforce Settlement and for Order Entering Confession of Judgment (hereinafter, the "Motion").

This Motion is made and based upon the following Memorandum of Points and Authorities, the exhibits attached hereto, all of the papers and pleadings on file herein, and any oral argument that the Court may allow at a hearing on this matter.

Dated this 9th day of May, 2025.

SKLAR WILLIAMS PLLC

/s/ David B. Barney_____
Stephen R. Hackett, Esq.
Nevada Bar No. 5010
David B. Barney, Esq.
Nevada Bar No. 14681
410 South Rampart Blvd, Suite 350
Las Vegas, NV 89145
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

**I.      INTRODUCTION AND FACTUAL BACKGROUND**

On February 19, 2025, the parties in this case entered into a Mutual Release and Settlement Agreement (the "Settlement Agreement"), by which they agreed to resolve all of the claims and issues between them, including those made in this lawsuit. *See* Settlement Agreement, filed in this matter at ECF No. 57-2. The structure of the settlement was straightforward: (i) concurrently with the Counter-defendants execution and delivery of the Settlement Agreement to CCTC, they would deliver an initial payment of $14,000 to CCTC, along with an original copy of a Confession of Judgment signed by Shiva Prakash ("Shiva") and Capital Pure Assets, Ltd. ("Capital Pure"), *id.* at 2 (Section 2(a)); (ii) within three business days of them doing so, the parties would enter a stipulation and order for dismissal of this case, which would also cause the release of $336,000 being held by the Court, to CCTC, *id.* (Section 2(b)); and (iii) after dismissal, the Counter-defendants would pay to CCTC an additional amount of $986,000, in eight "Quarterly Payments" beginning April 1, 2025. *Id.* (Section 2(c)).

As the Court will recall, the Counter-defendants failed to comply with their obligations in the Settlement Agreement from day one. Because they failed to deliver the initial payment and Confession of Judgment to CCTC, CCTC was forced to file an initial Motion to Enforce Settlement and for Sanctions against Counter-defendants (ECF No. 57; the "First Motion to Enforce"). In the First Motion to Enforce, CCTC requested that the Court enter an order requiring the Counter-defendants to comply with the Settlement Agreement, by delivering the initial payment and the original Confession of Judgment to CCTC's Counsel. ECF No. 57, at 5-6. CCTC further requested that the Court impose sanctions on the Counter-defendants for their failure to comply with the Settlement Agreement, by requiring them to pay CCTC's attorney fees and costs incurred as a result of their bad faith conduct. *Id.* at 7.

After the motion was fully briefed, the Court entered an Order Granting Motion to Enforce Settlement and for Sanctions (ECF No. 62; the "Enforcement Order"). In the Enforcement Order, the Court ordered the Counter-defendants to deliver the initial payment and the original Confession of Judgment to CCTC, by no later than noon on April 21, 2025. ECF No. 62, at 7. The Court

further found that sanctions were appropriate, and it ordered CCTC to file a motion to calculate sanctions by May 8, 2025. *Id.*

While Counter-defendants' counsel delivered the Confession of Judgment to CCTC in accordance with the Court's orders, *see* ECF No. 63, the Counter-defendants failed to make the initial payment as ordered by the Court. ECF No. 64. After the Court requested full briefing on the issues raised by CCTC in its notice of non-compliance to the Court, ECF No. 65, CCTC filed a Second Motion to Enforce Settlement and for Sanctions against Counter-defendants (ECF No. 66; the "Second Motion to Enforce"). In that motion, CCTC requested that the Court enforce additional provisions of the Settlement Agreement, including the Counter-defendants' obligation to make the first Quarterly Payment, and that it impose additional sanctions, including contempt sanctions, against the Counter-defendants for their continued failure to comply with the Settlement Agreement and now the Court's orders. *See generally* ECF No. 66, at 5-15. CCTC further requested that the Court retain jurisdiction over the Settlement Agreement, to ensure that the Counter-defendants comply with their obligations thereunder. *Id.* at 9-13.

The Court held a hearing on the Second Motion to Enforce, during which it found, as relevant here, that the issues of (i) enforcement of the Counter-defendants' obligations in connection with the first Quarterly Payment and (ii) retention of jurisdiction were not yet ripe. ECF No. 72, at 2. The Court entered an Order to that effect on April 29, 2025 (ECF No. 72; the "April 29 Order"), in which it denied CCTC's requests on those matters without prejudice, as they were premature. *Id.* As of the date of this Motion, however, each of those matters is now ripe for adjudication.

Regarding the first Quarterly Payment, the Settlement Agreement provides as follows:

> Beginning on April 1, 2025, and continuing for a period of twenty-one months thereafter, the Counter-defendants shall make eight (8) quarterly payments to CCTC in the amount of One-Hundred-Twenty-Three-Thousand-Two-Hundred-Fifty Dollars ($123,250.00) (each, a "**Quarterly Payment**"), until the Settlement Amount is paid in full. For the avoidance of doubt, the Quarterly Payment shall be made on the following dates: (i) April 1, 2025; (ii) July 1, 2025; (iii) October 1, 2025; (iv) January 1, 2026; (v) April 1, 2026; (vi) July 1, 2026; (vii) October 1, 2026; and (viii) January 1, 2027.

ECF No. 57-2, at 2 (Section 2(c)).

While the Counter-defendants are all contractually bound to make each Quarterly Payment, as set forth above, the parties included a separate mechanism to allow CCTC to enter a judgment against Shiva and Capital Pure on an expedited basis, whereas it would have to pursue a separate matter against the other Counter-defendants for a breach.  In particular, the parties agreed that if Capital Pure and Shiva did not make a Quarterly Payment, CCTC would have to provide notice to them of their failure to do so, and they would then have a "Cure Period" of thirty (30) days after notice is given to make the payment.  ECF No. 57-2, at 3 (Section 2(f), (h)).  If they still failed to make the Quarterly Payment by the end of the Cure Period, then CCTC would be able to file the Confession of Judgment in its discretion.  *Id.* at 3-4 (Section 2(i)).  CCTC's right to file the Confession of Judgment against Shiva and Capital Pure is in addition to the contractual rights it has to pursue recovery of any Quarterly Payments against the remaining Counter-defendants.  *Id.*

While the first Quarterly Payment was due on April 1, 2025, the Counter-defendants failed to make that payment.  *See* Declaration of Robert Lang ("Lang Decl."), attached hereto as **Exhibit 1**, ¶ 3.  On April 2, 2025, in accordance with the terms of the Settlement Agreement, CCTC notified the Counter-defendants of this failure.  *See* Declaration of David B. Barney, Esq., attached hereto as **Exhibit 2**, ¶ 3; true and correct copy of such correspondence, attached hereto as **Exhibit 3**.

During the hearing on CCTC's Second Motion to Enforce, the Court raised the issue of ripeness regarding the Counter-defendants' failure to make the first Quarterly Payment, because Shiva and Capital Pure were still within the Cure Period applicable to that payment.  *See* ECF No. 72, at 2.  CCTC's counsel agreed that it would re-brief that issue once the Cure Period had expired, assuming the payment had not been made.  As of the date of this Motion, the Cure Period has now expired, and none of the Counter-defendants have made the first Quarterly Payment.  *See* Lang Decl., ¶ 4.  Accordingly, CCTC brings this Motion requesting that the Court (i) enter the Confession of Judgment against Shiva and Capital Pure, and (ii) order the other Counter-defendants to make the first Quarterly Payment.

The Court also found in the April 29 Order that the issue of whether to retain jurisdiction over this matter was not yet ripe, because the triggering event that would cause the parties to file a stipulation for dismissal under the Settlement Agreement, *i.e.*, delivery of the initial payment,

had not yet occurred. As of the date of this Motion, that condition has been satisfied, and so the issues of when and how the Court may dismiss this case, and if it retains jurisdiction after dismissal, are now ripe for adjudication. *See* ECF No. 74 (Counter-defendants' notice of compliance regarding the initial payment). CCTC respectfully submits that the Court should adjudicate the live controversy before it, involving the Counter-defendants failure to make the first Quarterly Payment. CCTC requests that the Court should further retain jurisdiction over this matter, to ensure that the Counter-defendants comply with their obligations under the Settlement Agreement, going forward. If the Court finds that dismissal is appropriate, however, it should retain jurisdiction over the Settlement Agreement, to avoid duplicative litigation and to ensure that the Counter-defendants comply with their ongoing obligations.

On May 5, 2025, the Court entered an Order in which required the parties to meet and confer on the issue involving dismissal of this matter, and whether the Court should retain jurisdiction after dismissal. ECF No. 75. On May 6 and 7, 2025, CCTC's counsel conferred with the Counter-defendants' counsel by phone, regarding the issues of (i) whether this case should be dismissed, (ii) if so, whether the Court should retain jurisdiction after dismissal, and (iii) whether the Court should enforce the parties' obligations in the Settlement Agreement, including regarding the Confession of Judgment and the Counter-defendants' payment of the first Quarterly Payment. *See* Barney Decl., ¶ 4. The parties were not able to agree on any of these issues, however, and CCTC files this Motion in accordance with the Court's order for briefing by May 9, 2025. *Id.*; ECF No. 75.

## II.   LEGAL ARGUMENT

### A.   The Court Should Enter the Confession of Judgment, in accordance with the Terms of the Settlement Agreement.

Courts routinely enforce agreements that allow a party to file a confession of judgment, by entering the judgment in accordance with the terms of the agreement. *See, e.g.*, *Bd. of Trustees of Unite Here Health v. Aguilar*, No. 2:16-cv-02501-RFB-GWF, 2023 WL 6255697, at *1-4 (D. Nev. Sept. 25, 2023); *Blue Sunsets, LLC v. Kontilai*, No. 2:18-CV-90 JCM (NJK), 2020 WL 1148563, at *5-6 (D. Nev. Mar. 9, 2020). The parties do not dispute that Shiva and Capital Pure signed a

Confession of Judgment, as part of the Settlement Agreement.  ECF No. 57-2, at 17-19 (copy of the Confession of Judgment).  Under Section 2(h) of the Settlement Agreement, if a Quarterly Payment is not timely made, CCTC is required to give notice of that breach to Capital Pure and Shiva, and they will then have a Cure Period of thirty days after the notice is given in which to make the payment.  *Id.* at 3 (Section 2(h)).  In the event Capital Pure and Shiva fail to make the payment during the Cure Period, CCTC is entitled to file the Confession of Judgment, without further notice or other action.  *Id.* (Section 2(i)).

Counter-defendants failed to make the first Quarterly Payment on April 1, 2025, in accordance with the terms of the Settlement Agreement.  *See id.* at 2 (Section 2(c)); Lang Decl., ¶ 3.  On April 2, 2025, CCTC gave notice to the Counter-defendants of their failure to make the Quarterly Payment.  Exhibit 3.  Notwithstanding this notice, none of the Counter-defendants, including Shiva and Capital Pure, have made the Quarterly Payment within thirty days after the notice was given, or otherwise.  Lang Decl., ¶ 4.  CCTC is therefore entitled to file the Confession of Judgment, in accordance with the terms of the Settlement Agreement and NRS 17.090.  *See* NRS 17.090 (providing that a confession of judgment may be entered without further action).  CCTC has attached to this Motion as **Exhibit 4** a copy of the Confession of Judgment, which contains the appropriate information based on the Counter-defendants' failure to make any Quarterly Payments.  In light of Shiva and Capital Pure's failure to make the first Quarterly Payment, and then a failure to make the same during the Cure Period, the Court should enter the Confession of Judgment attached hereto as Exhibit 4 as a Judgment upon which CCTC may commence execution, in accordance with applicable law.

**B.    The Court Should Enforce the Settlement Agreement, by Requiring the Counter-defendants to Make the First Quarterly Payment.**

It is well established that a "trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it."  *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (quoting *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969)).  "A settlement agreement is binding when the parties have a meeting of the minds as to all essential terms to resolve the case."  *Peyman v. Rayhan*, No. 2:09-

cv-01384-KJD-LRL, 2011 WL4527932, at \*1 (D. Nev. Sept. 28, 2011) (citing *May v. Anderson*, 119 P.3d 1254, 1258-59 (Nev. 2005)).  A motion to enforce a settlement agreement essentially is an action to specifically enforce a contract, and a district court has the power to enforce a completed settlement agreement.  *See Sagastume v. Wireless Comms. of Nevada#7 LLC*, No. 2:19-cv-00997-RFB-VCF, 2021 WL 3566369, at \*1 (D. Nev. Jan. 27, 2021) (citing *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989); (*Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987)).

As set forth above, the Counter-defendants agreed to make eight Quarterly Payments to CCTC, in the amount of $123,250.  *See* discussion, *supra* at 4 (quoting ECF No. 57-2, at 2 (Section 2(c))).  The first of those payments was required to be made by April 1, 2025.  *Id.*  Notwithstanding this obligation, each one of the Counter-defendants failed to comply with the same, by making the first Quarterly Payment to CCTC.  Lang Decl., ¶ 3.  The Court should therefore enforce the terms of the Settlement Agreement, by requiring the Counter-defendants—jointly and severally—to make the first Quarterly Payment, immediately.  ECF No. 62, at 7.

Not only would such relief be in the interests of justice, inasmuch as it would prevent the Counter-defendants from continuing to flout their obligations that they agreed to assume in exchange for CCTC dropping its claims, but it would also be in the interests of judicial economy, as another result would simply duplicate this matter and require another Judge—with no knowledge about the parties, this case, the Settlement Agreement, or the parties' conduct in connection with the same—to start an entirely new case including discovery and additional motion practice, to likely get to the same result.  This matter is ripe for adjudication, this Court is apprised of the agreements at issue, and it should require the Counter-defendants to comply with their obligation to make the first Quarterly Payment.

  **C.**   **The Court Should Refrain from Dismissing this Case until the Counter-defendants Complete the Settlement Agreement or, Alternatively, Retain Jurisdiction to Enforce the Terms of the Parties' Agreement Post-Dismissal.**

    **i.**   ***The Court Should Retain Jurisdiction over the Settlement Agreement, to Efficiently Address the Issues of Counter-defendants' Compliance.***

"Courts possess inherent authority to enforce settlement agreements in pending cases."

ECF No. 62, at 2 (citing *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957-58 (9th Cir. 2021)). Because this case has not yet been dismissed, it remains pending and thus the Court has continuing jurisdiction to enforce the Settlement Agreement. In fact, the Court has a live controversy in front of it, regarding enforcement of the Counter-defendants' obligation to make the first Quarterly Payment. The Court has proper jurisdiction over that matter, and it should rule upon that issue, which is properly in front of it.

In addition, the Counter-defendants have proven that they do not intend to comply with their obligations under the Settlement Agreement, and that they do not care about their contractual obligations or the orders of this Court. They have made clear that unless and until the Court orders them to comply with the Settlement Agreement—and even then it remains uncertain—they have no intention of paying CCTC the total amount of $1,336,000 they promised to pay, in exchange for CCTC dropping its claims. To ensure that CCTC has any chance of recouping even a portion of those funds, and to prevent completely duplicative litigation, this Court should exercise its inherent powers to enforce the parties' agreement and not dismiss this matter until the Counter-defendants' obligations under the Settlement Agreement are satisfied, including their obligation to make all Quarterly Payments going forward.

### ii. *If the Court Finds Dismissal to Be Appropriate, it Should Retain Jurisdiction over the Settlement Agreement after Dismissal.*

CCTC appreciates the Court raising the issue of whether dismissal is proper, now that the initial payment, the Confession of Judgment, and the $336,000 held in the Court's registry have been turned over to CCTC. ECF No. 75. CCTC is also aware of the Counter-defendants' efforts to obtain a dismissal promptly. *See generally* ECF No. 78. But the parties agreed to dismiss this case based on an understanding that CCTC would receive $14,000, as well as the original Confession of Judgment on *February 19, 2025*, when the Counter-defendants delivered the executed settlement documents to CCTC. *See* ECF No. 57-2, at 2 (Section 2(a)). CCTC further understood that it would receive the $336,000 held in the Court's registry, and it would dismiss this case, three business days after that. *Id.* (Section 2(b)). But due to the Counter-defendants' conduct alone, namely their ongoing breach of the Settlement Agreement and then a failure to

comply with the Court's orders regarding the same, CCTC has been forced to incur significant fees and delays in connection with getting the initial funds paid under the Settlement Agreement, and this case has continued past the time that the Counter-defendants had to comply with additional terms of the agreement.

Counter-defendants cannot, as a matter of law, disregard their obligations under the Settlement Agreement entirely, and then attempt to enforce the obligations that were conditioned upon their initial compliance. *See Leach Logistics, Inc. v. CF USA, Inc.*, 751 F. Supp. 3d 1087, 1096 (D. Nev. 2024) (providing that if one party breaches a contract, the other party may seek recovery of its damages and is not required to comply with the initial terms, based on the breach). With all of this being said, if the Court finds that dismissal is appropriate based on the terms of the parties' agreement, it should retain jurisdiction over the Settlement Agreement, to ensure that (i) the Counter-defendants do not get away with their bad faith conduct, which surely will continue in the absence of court supervision, and (ii) the parties and another Court will not have to unnecessarily litigate this matter in an entirely new lawsuit, which will start from scratch and involve both discovery and motion practice, where the basic of matter the Counter-defendants' compliance with their payment obligations is ripe—and will remain ripe—for this Court's adjudication.

The Ninth Circuit has held that "courts have ancillary jurisdiction to enforce a settlement agreement . . . if the parties' obligation to comply with the terms of the settlement agreement has been made part of the order of dismissal—either by separate provision (such as a provision retaining jurisdiction over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (citing *Kokkonen v. Guardia Life Ins. Co. of Am.*, 511 U.S. 375, 379 (1994)) (internal quotations omitted). If one of these requirements is met, a court would have ancillary jurisdiction that arises from a breach of the court's dismissal order. *Id.*

A court's decision to retain ancillary jurisdiction over a settlement agreement is within the court's discretion. *See Wright v. Prudential Ins. Co. of Am.*, 285 F. Supp. 515, 520 (D. N.J. 2003) (citing *Kokkonen*, 511 at 381-82). If the Court finds that dismissal is appropriate before the

Counter-defendants have satisfied their payment obligations, as requested above, a dismissal of this matter would now be done under Fed. R. Civ. P. 41(a)(2), as opposed to Rule 41(a)(1)(ii), which would have required that all parties file a stipulation for dismissal.  In *Kokkonen*, the United States Supreme Court held that if a dismissal is based upon Rule 41(a)(2), "the parties' compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, **in the court's discretion**, be one of the terms set forth in the order." *Kokkonen*, 511 U.S. at 381-82 (bold added).

A Rule 41(a)(2) dismissal generally comes into play when the parties cannot agree to the terms of a dismissal, and a party nonetheless seeks to obtain dismissal upon the court's approval. *See Vuz v. DCSS III, Inc.*, No. 20-cv-246-GPC-AGS, 2021 WL 4333552, at *3 (S.D. Cal. Sept. 22, 2021).  Now that the Counter-defendants request a dismissal under Fed. R. Civ. P. 41(a)(2), *see* ECF No. 78, if the Court finds dismissal is appropriate, it should also retain jurisdiction over this matter to avoid a completely new lawsuit between the parties, where this Court is in the best position to summarily adjudicate the parties rights regarding the Settlement Agreement.  Such relief is permitted under Rule 41(a)(2), which gives the Court discretion to enter dismissal upon *any* terms it considers proper, and it is appropriate in light of the circumstances of this case.

/ / /

/ / /

/ / /

### III.   CONCLUSION

In light of the above, the Court should enforce the terms of the Settlement Agreement by: (i) entering the Confession of Judgment attached hereto as Exhibit 4 as a Judgment against Shiva Prakash and Capital Pure Assets, Ltd., and (ii) ordering the remaining Counter-defendants to make the first Quarterly Payment.  The Court should further retain jurisdiction over this matter, either pre- or post-dismissal, to avoid unnecessary, duplicative litigation between the parties, and because such relief would be in the interests of justice and enforce the important policy that a settlement agreement should end litigation—not create endless litigation.

Dated this 9th day of May, 2025.

SKLAR WILLIAMS PLLC

 */s/ David B. Barney*_____
Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
410 South Rampart Blvd., Ste 350
Las Vegas, Nevada 89145
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the 9th day of May, 2025, a true and correct copy of the above and foregoing **DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S THIRD MOTION TO ENFORCE SETTLEMENT AND FOR ORDER ENTERING CONFESSION OF JUDGMENT** was filed electronically with the Clerk of the Court by submission to the electronic filing and service system (CM/ECF) at the United States District Court, District of Nevada.  CM/ECF will provide copies to all parties and counsel of record registered to receive CM/ECF notification.

 */s/ David B. Barney*_____
An employee of Sklar Williams PLLC

**INDEX OF EXHIBITS**

| Exhibit | Description |
| --- | --- |
| 1 | Declaration of Robert Lang |
| 2 | Declaration of David B. Barney, Esq. |
| 3 | Notice of Default |
| 4 | Completed Confession of Judgment |