Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Ramez A. Ghally (15225)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
jganley@hutchlegal.com
ptueller@hutchlegal.com
rghally@hutchlegal.com

*Attorneys for Plaintiff/Counter-defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-00680-NJK<br><br>**OPPOSITION TO MOTION TO CALCULATE SANCTIONS** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CAPITAL PURE ASSETS, LTD., a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. CHRISMAN, an individual;<br><br>Counter-defendants. | |

## I.    INTRODUCTION

Counterclaimant seeks to recover an impermissibly large swath of fees and costs which have nothing to do with its February 26, 2025 motion enforce settlement and for sanctions (the "motion to enforce settlement").  In fact, approximately half of the total fees either: (1) have nothing to do with the motion to enforce settlement, or (2) are redacted so that it is impossible to determine the purpose of the fees incurred.  See Motion to Calculate Sanctions at Exhibit 2 (Document 77-2).   It is a classic case of pure over-reach.The Court's April 17, 2025 Order Granting Motion to Enforce Settlement and for Sanctions (the "Order") only grants sanctions in the context of Counter-defendants' noncompliance with the parties' settlement agreement.  *See* Order at 6:3–23.  The Court expressly noted therein that "an award of fees in this context generally includes the hours spent for the motion practice to enforce settlement and for sanctions, including the reply brief."  *Id*. at 6:18–19 (emphasis added) (citing *Harper v. Nevada Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1047 (D. Nev. 2021)).

The Court's language regarding the scope of permissible fees is congruent with the approach mandated by the U.S. Supreme Court and the United States District Court, District of Nevada.  *See Goodyear Tire & Rubber Co. v. Haeger,* 581 U.S. 101, 107, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017) (finding that sanctions imposed for bad-faith behavior "must be compensatory rather than punitive in nature"); *Harper*, 552 F. Supp. 3d. at 1045 (noting that the determination of these sanctions "is a 'but-for' test by which the movant may recover only the portion of its fees that it would not have paid but for the misconduct") (quoting *Goodyear Tire*, 137 S. Ct. at 1187).

First, the following fee entries are unrelated to the motion for sanctions:  1/14/2025, 1/16/2025, 1/17/2025, 1/27/2025, 2/2/2025, 2/3/2025 2/4/2025, 2/6/2025, 2/7/2025, 2/11/2025, 2/2/2025,  2/13/2025,  2/14/2025,  2/18/2025,  2/19/2025  2/20/2020,  2/27/2025  3/10/2025, 3/14/2025, and 4/8/2025 . *Id*. at 2–6.  Many of these entries fall well outside of the timeframe involved  in  Counterclaimant's  motion  to  enforce  settlement;  moreover,  many  clearly demonstrate  no  relation  to  this  motion  practice,  including  drafting  discovery  stipulations, drafting the settlement agreement, drafting a status report, and negotiating settlement.  *Id*.

Second, Counter-defendants provide the following screenshots to demonstrate that many of the fee entries are impermissibly redacted:





*Id*. at 2–10.  Counterclaimant has made it impossible to determine for what purpose these fees were incurred, including whether they relate in any way to the motion to enforce settlement.

Furthermore, given their timeframe, many of the legal-research costs cannot be related to the motion to enforce settlement, including those costs incurred on 2/2/2025, 2/13/2025, and 2/14/2025.  In fact, Counterclaimant did not even begin to contemplate a motion to enforce settlement until February 24, 2025.  *See* Exhibit 2 to Motion (Document 77-2) at 6 (2/24/2025 entry reflecting correspondence with Counter-defendants' counsel regarding "forthcoming motion to enforce settlement" and 2/25/2025 entry stating "Begin drafting motion to enforce settlement").

And some of the costs are also completely redacted:



In all, the only fees which appear to relate to the motion to enforce settlement are those entries for 2/24/2025, 2/25/2025; 2/26/2025; 3/10/2025 (only the second two portions thereof relating to the pending motion practice); 3/12/2025; 3/13/2025; 3/14/2025 (only the second entry thereof relating to drafting the reply brief); 3/17/2025; and 4/17/2025.  In total, Counter-defendants calculate these permissible fees at **$8,425.50**.

Additionally, for the claimed costs, the entries for 2/2/2025, 2/13/2025, and 2/14/2025 should be disallowed entirely given that they fall outside of the timeframe relating to Counterclaimant's motion to enforce settlement. For this calculation, given the fact that the entry for these dates include potentially permissible dates for 2/25/2025 and 2/26/2025 (and the $1,182.64 amount is not broken down by date), Counter-defendants propose that 3/5 of this amount be eliminated ($886.98), for total costs equaling **$667.89**. In sum, the award of fees and costs to Counterclaimant should be reduced to a total maximum amount of **$9,093.39**.

## II.    LEGAL DISCUSSION

The law governing sanctions is clear-cut, and this Court has previously noted that "[b]ecause of their very potency, inherent powers [to sanction] must be exercised with restraint and discretion." *Harper*, 552 F. Supp. 3d. at 1046 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). In that vein, sanctions are "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Id*. at 1046–47 (quoting *Goodyear*, 137 S.Ct. at 1184). In *Goodyear*, the U.S. Supreme Court clearly stated that "the fee award may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Goodyear*, 137 S.Ct. at 1186 (*quoting Mine Workers v. Bagwell*, 512 U.S. 821, 829 (1994). The Ninth Circuit has similarly held that fines can only be imposed for "actual losses from the period of actual contempt." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1149 (9th Cir. 1983).

The relevant facts for this analysis are not in dispute. The Court's Order (Document 62) reflects the fact that "[o]n February 6, 2025, the parties filed a joint status report representing that 'the parties reached a settlement agreement on December 23, 2024,'" which indicated that "[t]he parties are in full agreement as to the terms of the settlement documents and are in the process of executing those documents." *Id*. at 2: 8–16. And the Court's order later clarifies that the fee award would "generally include[ ] the hours spent for the motion practice to enforce settlement and for sanctions, including the reply brief." *Id*. at 6:18–20.

///

Counterclaimant cannot fairly seek to recover the entire gambit of its fees and costs relating to the settlement agreement.  In fact, the only ostensible losses that Counterclaimant has incurred relate to its motion practice to enforce that settlement agreement (which, again, the Court expressly contemplated in its Order).  Counterclaimant cannot seriously claim it has suffered losses from negotiating the settlement agreement, particularly because Counterclaimant is enjoying the benefits afforded by the settlement agreement, including receiving an initial payment under that agreement.  Counterclaimant disingenuously seeks to stretch the Court's sanctions order by including clearly disallowed billing entries in its fees request.

Furthermore, as detailed in Section 1, *supra*, given the extensive redactions on many of Counterclaimant's billing entries, it is impossible to know what a large portion of these fees and costs constitute.  As such, because the Court cannot determine whether these fees and costs were incurred because of Counter-defendants' misconduct (as identified in the Court's April 17, 2025 Order), the Court should not award those fees to Counterclaimant.

Based on the foregoing, Counter-defendants respectfully request the Court award a maximum of $9,093.39 to Counterclaimant for the sanctions awarded in the Court's April 17, 2025 Order.

III.    CONCLUSION

Counterclaimant's motion seeks fees and costs far beyond those deemed potentially permissible by the Court.  As such, Counter-defendants request that, to the extent the Court awards fees and costs, such sanctions should be capped at $9,093.39.

DATED this 22nd day of May, 2025.

HUTCHISON & STEFFEN, PLLC

*/s/ Piers R. Tueller*

_____
Joseph R. Ganley (5643)
Piers R. Tueller (14633)
Ramez A. Ghally (15225)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Plaintiff/Counter-defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I am an employee of Hutchison & Steffen, PLLC, and that on this 22nd day of May, 2025, I caused a copy of **OPPOSITION TO MOTION TO CALCULATE SANCTIONS** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Heather Shepherd*

An employee of Hutchison & Steffen, PLLC