Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
        dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00680-NJK<br><br><br>**DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>**ORAL ARGUMENT REQUESTED** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Counter-defendants. | |

1

Defendant/Counterclaimant CC Technology Corporation ("CCTC"), by and through its attorneys, the law firm of Sklar Williams PLLC, hereby files this Opposition to Counter-defendants' Motion to Enforce Settlement Agreement (hereinafter, the "Opposition").

This Opposition is made and based upon the following Memorandum of Points and Authorities, all of the papers and pleadings on file herein, and any oral argument that the Court may allow at a hearing on this matter.

Dated this 23rd day of May, 2025.

SKLAR WILLIAMS PLLC

*/s/ David B. Barney*_____
Stephen R. Hackett, Esq.
Nevada Bar No. 5010
David B. Barney, Esq.
Nevada Bar No. 14681
410 South Rampart Blvd, Suite 350
Las Vegas, NV 89145
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

**I.    INTRODUCTION AND FACTUAL BACKGROUND**

CCTC respectfully incorporates by reference the Introduction and Factual Background section of its Third Motion to Enforce Settlement and for Order Entering Confession of Judgment (ECF No. 79; the "Third Motion to Enforce").  In addition to CCTC filing its Third Motion to Enforce on May 9, 2025, in accordance with the Court's orders, Plaintiff and Counter-defendants Capital Pure Assets, Ltd. Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman (collectively, "Counter-defendants") filed their own Motion to Enforce Settlement Agreement on the same date (ECF No. 78; the "Motion").

In the Motion, Counter-defendants argue that dismissal of this case is appropriate, based on the terms of the Settlement Agreement (ECF No. 57-2), and that the Court cannot retain jurisdiction over this matter to enforce the terms of the Settlement Agreement.  ECF No. 78, at 4-7.  Both arguments are incorrect.  With regard to the Counter-defendants' request that the Court dismiss this matter immediately, they neglect to consider the effect of their own breach of the Settlement Agreement, which caused this matter to continue past additional breaches by the Counter-defendants while the Court still has jurisdiction over these matters.  Based on the Counter-defendants' own conduct, the Court now has additional matters before it, which are ripe for adjudication, which should at a minimum be decided before this case is dismissed.

Regarding the Counter-defendants' argument that the Court may not retain jurisdiction over the Settlement Agreement or the parties in this matter, their position ignores Supreme Court authority showing otherwise.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).  In fact, the Court has discretion to retain jurisdiction over these matters, to ensure the Counter-defendants comply with their remaining obligations in the Settlement Agreement, and such relief is in the interests of justice, as well as judicial economy.  For all of these reasons, and as set forth in further detail below, the Court should deny the Motion in its entirety.

/ / /

/ / /

/ / /

## II.    LEGAL ARGUMENT

### A.    Dismissal of this Case is Not Warranted or Required at this Juncture.

Courts have inherent authority to enforce settlement agreements in pending cases. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957-58 (9th Cir. 2021).   The interpretation and enforcement of a settlement agreement is governed by state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013).  A motion to enforce a settlement agreement "essentially is an action to specifically enforce a contract." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989).

While the Counter-defendants seek to enforce the Settlement Agreement by requiring immediate dismissal of the same, they neglect to advise the Court of the legal effect of their own prior breach of the parties' agreement.  Under Nevada law, "[w]hen parties exchange promises to perform, one party's material breach of its promise discharges the non-breaching party's duty to perform." *Leach Logistics, Inc. v. CF USA, Inc.*, 751 F. Supp. 3d 1087, 1098 (D. Nev. 2024) (citing *Cain v. Price*, 415 P.3d 25, 29 (Nev. 2018)).  In fact, where a party materially breaches a contract, the opposing party is "both excused from its contractual obligation and entitled to seek damages for the other party's breach." *Id.*  That is the exact situation in this case, where the Counter-defendants materially breached the Settlement Agreement and now impermissibly seek to hold CCTC to its contractual obligations that would have been in effect, had the Counter-defendants complied with their promises in the first place.

CCTC acknowledges that had the Counter-defendants delivered the initial payment and confession of judgment along with their signatures on the Settlement Agreement on February 19, 2025, the parties would have filed a stipulation to dismiss this case and release the funds held in the Court registry by no later than February 24, 2025. *See* ECF No. 57-2, at 2 (Section 2(a)-(b)), ECF No. 61-2 (showing the Counter-defendants' delivery of a fully executed Settlement Agreement on February 19, 2025).  But as the Court knows, that did not occur.  Instead of complying with the Settlement Agreement by delivering the initial payment and confession of judgment to CCTC, Counter-defendants materially breached the agreement by failing or refusing to do so. *See* ECF No. 62, at 4-6.  This led to CCTC having to file a motion to enforce settlement,

4

to secure the Counter-defendants' performance of its obligations under the Settlement Agreement. *Id.*

Then, even after the Court granted the motion and required the Counter-defendants to comply with their contractual obligations, the Counter-defendants did not comply with the terms of the Settlement Agreement until they were held in contempt of court and faced a penalty of daily fines. *See* ECF No. 72, at 4-5; ECF No. 75. Perhaps the most alarming part of the Counter-defendants' failure to comply with their obligations in the Settlement Agreement is that from February 19, 2025, to April 29, 2025, they refused to comply with their contractual obligation to pay CCTC $14,000, even after the Court ordered them to do so. ECF No. 72, at 4-5. Then, when the Court found them in contempt and imposed fines for every day they failed to pay, the Counter-defendants magically snapped their fingers and paid within a matter of hours. ECF No. 74.

After refusing to comply with the terms of the Settlement Agreement for months and then refusing to comply with the Court's orders regarding the same, Counter-defendants now attempt to enforce the terms of the Settlement Agreement based on their delivery of $14,000 to CCTC, after several months and additional breaches of the Settlement Agreement by the Counter-defendants. *See* Motion, at 4-5. As set forth in the Third Motion to Enforce, Counter-defendants have now breached the Settlement Agreement by failing or refusing to pay an amount of $123,250 that was due on April 1, 2025, and they have anticipatorily repudiated their obligation to pay CCTC the remaining amount of $986,000, overall. ECF No. 79, at 4-6; ECF No. 69-1, ¶ 2.

Counter-defendants, through their bad faith conduct in connection with the Settlement Agreement, have fundamentally changed the relationship of the parties, in which their timely compliance with the Settlement Agreement would have triggered dismissal of this case, and CCTC would have had an expectation that they would comply with the Settlement Agreement going forward. But instead, they have caused delay and significant additional costs and attorney fees for CCTC, and they have now all but confirmed that CCTC will not see a penny of the remaining amounts the Counter-defendants agreed to deliver, which CCTC agreed to accept in exchange for dropping its fraud and other claims against the Counter-defendants.

Not only would the dismissal of this case at this juncture (i) be improper in light of the

pending issues involving the Counter-defendants' payment of the first Quarterly Payment, *see* ECF No. 79, at 6-8, and (ii) go against the interests of justice and judicial economy by rewarding the Counter-defendants for their bad faith conduct and requiring the parties to initiate duplicative litigation, but the Counter-defendants have waived their right to enforce the contract as a matter of law, including its dismissal provisions, based on their prior—and continuing—material breaches of the agreement. *See Leach Logistics, Inc.*, 751 F. Supp. 3d at 1098 (citing *Cain*, 415 P.3d at 29). The Court should therefore refrain from dismissing this case until the Counter-defendants comply with their obligations in the Settlement Agreement.

**B.** **The Court Can—and Should—Maintain Jurisdiction over the Parties and the Settlement Agreement.**

As an initial matter, Counter-defendants argue that the Court does not have jurisdiction over this matter because "[a] hypothetical future default of the Settlement Agreement does not create a valid controversy over which this Court may maintain jurisdiction." ECF No. 78, at 5. This analysis is wrong for several reasons. First, there is no "hypothetical" default as the Counter-defendants suggest. There is a present and existing default and controversy in front of the Court, based on (i) the Counter-defendants' breach of their obligation to make the first Quarterly Payment, ECF No. 79, 6-8, and (ii) their anticipatory repudiation of their remaining payment obligations. ECF No. 69-1, ¶ 2. That being the case, there are very real and ripe controversies in front of the Court, and Counter-defendants' assertion that CCTC is relying on a hypothetical future default is without any merit.

Second, the United States Supreme Court has held that while courts generally may not have jurisdiction over a matter post-dismissal, they may retain jurisdiction over a settlement agreement, even after dismissal, under the doctrine of ancillary jurisdiction. *Kokkonen*, 511 U.S. at 380-81. While there can be no dispute that the Court has jurisdiction over the matters currently in front of it, *i.e.*, Counter-defendants' failure to make the first Quarterly Payment, the Court may retain jurisdiction over the parties' compliance with the Settlement Agreement even after dismissal, under the doctrine of ancillary jurisdiction. *Id.*

This leads to the Counter-defendants' next argument, which is that the Court cannot retain

jurisdiction over the Settlement Agreement, because the parties did not consent to the same. ECF No. 78, at 6-7. As set forth in detail in the Third Motion to Enforce, the question of whether the parties consented to the Court retaining jurisdiction is only half of the relevant inquiry. ECF No. 79, at 9-11. In *Kokkonen v. Guardian Life Insurance Company of America*, the Supreme Court held that a court may retain jurisdiction over a settlement agreement post-dismissal, if *either* (i) the parties consent, or (ii) the court in its discretion finds that relief to be appropriate, if a dismissal is made under Fed. R. Civ. P. 41(a)(2). 511 U.S. at 381-82.

In this case, there is no stipulation for dismissal signed by all parties that have appeared under Fed. R. Civ. P. 41(a)(1)(A)(ii) being submitted by the parties. That being the case, if the Court finds that dismissal is appropriate before the Counter-defendants have satisfied their payment obligations under the Settlement Agreement, it can—and should—retain jurisdiction to ensure the Counter-defendants' compliance with those obligations. This is because such a dismissal would be under Fed. R. Civ. P. 41(a)(2). *See, e.g.*, *Vuz v. DCSS III, Inc.*, No. 20-cv-246-GPC-AGS, 2021 WL 4333552, at *3 (S.D. Cal. Sept. 22, 2021) (providing that the rule comes into play when the parties cannot agree to the terms of a dismissal, and a party nonetheless seeks to obtain dismissal upon the court's approval). Rule 41(a)(2) provides that a dismissal under that rule can be made "on terms that the court considers proper," which gives the Court discretion to include in its dismissal order any terms it deems appropriate, including retaining jurisdiction over a settlement agreement. *See* Fed. R. Civ. P. 41(a)(2); *Kokkonen*, 511 U.S. at 381-82 ("When [a] dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), . . . the parties' compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order.").

For this reason, the Court is allowed under Fed. R. Civ. P. 41(a)(2), to retain jurisdiction over the terms of the Settlement Agreement, irrespective of whether the parties agreed to such a retention of jurisdiction in the settlement agreement. As set forth in the Third Motion to Enforce, CCTC respectfully submits that the Court should refrain from dismissing this case until the Counter-defendants comply with their payment obligations under the Settlement Agreement. Alternatively, if the Court finds that dismissal is appropriate now, it should retain jurisdiction over

7

this matter to avoid a completely duplicative case between the parties, and to ensure that the Counter-defendants comply with their promises exchanged as consideration for the relinquishment of CCTC's claims in this case.

**III.     CONCLUSION**

In light of the above, CCTC requests that the Court deny the Motion in its entirety, and that it retain jurisdiction over this matter to ensure the parties' compliance with their contractual obligations. In the alternative, if the Court finds that dismissal is appropriate now, it can and should retain jurisdiction over the performance of the settlement, in its dismissal order under Fed. R. Civ. P. 41(a)(2), to ensure the parties' compliance with the Settlement Agreement and in the interests of judicial economy.

Dated this 23rd day of May, 2025.

SKLAR WILLIAMS PLLC

 */s/ David B. Barney*_____
Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
410 South Rampart Blvd., Ste 350
Las Vegas, Nevada 89145
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

8

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the 23rd day of May, 2025, a true and correct copy of the above and foregoing **DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S OPPOSITION TO COUNTER-DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT** was filed electronically with the Clerk of the Court by submission to the electronic filing and service system (CM/ECF) at the United States District Court, District of Nevada.  CM/ECF will provide copies to all parties and counsel of record registered to receive CM/ECF notification.

*/s/ Jessica Uriostegui*
An employee of Sklar Williams PLLC