Piers R. Tueller (14633)
Ramez A. Ghally (15225)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
ptueller@hutchlegal.com
rghally@hutchlegal.com

*Attorneys for Plaintiff/Counter-defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-00680-NJK<br><br>**OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CAPITAL PURE ASSETS, LTD., a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. CHRISMAN, an individual;<br><br>Counter-defendants. | |

**I.      INTRODUCTION**

The Court's order was clear, recognizing the case is "primed for dismissal" and the only issue to be briefed for the Court is whether jurisdiction should be retained by the Court. *See* ECF No. 75. Of course, in accordance with the parties' Settlement Agreement, and the plain language contained therein, this matter should have *already* been dismissed. There is no reason for this Court to hold this matter open. Counter-defendants recognize the wind-down of this matter has been rocky. Nevertheless, the conditions precedent to dismissal have been satisfied.

In answering the Court's question, it is important to note the parties' Settlement Agreement is the controlling document and there has been no dispute regarding the language contained therein. Specifically, the Settlement Agreement makes this simple, stating the Agreement constitutes a single, integrated written contract expressing the entire agreement and understanding of the Parties hereto with respect to the subject matter hereof. *See* Settlement Agreement, filed in this matter at ECF No. 57-2. Thus ensuring there is no misunderstanding or attempt to raise alternative arguments/positions not contained in the agreement itself. As it relates to dismissal, the Settlement Agreement mandates that, "[w]ithin three (3) business day of Counter-defendants' delivery of the Initial Payment… the Parties ***shall*** file in the Lawsuit a 'Stipulation and Order for Dismissal of Case ***with*** Prejudice…'" *Id.* (emphasis). Dismissal has not happened because CCTC refused.

At this point, the Court's inclination is correct, this case is primed – and ready – or dismissal, and an order mandating the same should be entered.

**II.      LEGAL DISCUSSION**

**A.      This Court has no Ancillary Jurisdiction over this Lawsuit.**

CCTC has titled this motion as its third request to enforce the settlement agreement. Indeed, the Court should enforce the entire Settlement Agreement, including the mandatory dismissal provision. It is hypocritical for CCTC to argue strict contractual compliance as it relates to potential enforcement and remedies, yet bemoan the Settlement Agreement language when it comes to the mandatory requirement to dismiss this lawsuit, by simply claiming things have somehow changed due to some sort of different "understanding." ECF No. 79 at 9:22-23.

CCTC cannot have it both ways.  In relying on the holding in *In re City Equities Anaheim, Ltd.*, CCTC (and Counter-defendants) acknowledge that "[s]settlement agreements are designed to ***end litigation***, not create it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 2021). CCTC has provided this Court with no legal basis for ancillary jurisdiction over the Settlement Agreement.

In arguing to retain jurisdiction, CCTC incorrectly omitted that the Ninth Circuit allows "courts [to] have ancillary jurisdiction to enforce a settlement agreement ***only*** if the parties' obligation to comply with the terms of the settlement agreement has been made part of the order of dismissal—either by separate provision (such as a provision retaining jurisdiction over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (citing *Kokkonen v. Guardia Life Ins. Co. of Am.*, 511 U.S. 375, 379 (1994)).  This is a mandatory requirement and the ***only*** way ancillary jurisdiction could be asserted by this Court.  This is because federal courts "have no inherent power to enforce settlement agreements entered into by parties litigating before them." *Id.*; *citing Arata v. Nu Skin Int'l, Inc.,* 96 F.3d 1265, 1268 (9th Cir.1996) (citing *Kokkonen,* 511 U.S. at 378, 114 S.Ct. 1673).

In *Torlakson*, the 9th Circuit addressed the issue for this Court at length, concluding the district court had no ancillary jurisdiction over the settlement agreement. Id. at 967-68.  There, parties settled and  enumerated in a specific paragraph of the settlement agreement that the district court retained jurisdiction for two and one-half years from the effective date of the settlement agreement for a limited purpose. *Id*. at 965.  Almost two years after the district court's jurisdiction to enforce the settlement agreement had expired, plaintiffs filed a motion for additional attorneys' fees, "for their work monitoring implementation of the settlement…." *Id*. at 966.  The 9th Circuit upheld the district court's ruling that there was no ancillary jurisdiction to enforce the agreement.  Id. at 967-68.  Interestingly, the 9th Circuit did hold that a court could have ancillary jurisdiction over a party's motion for attorneys' fees, even though there was no jurisdiction over a settlement agreement.  *Id*. at 968.

In allowing the district court to retain limited ancillary jurisdiction to only address a motion for attorney fees, the 9th Circuit highlighted three things: first, plaintiffs were not seeking to implement any aspect of the Settlement Agreement or its constituent parts. *Id*. at 969. Specifically, the 9th Circuit concluded the settlement agreement (as incorporated into the district court's dismissal order) limited the district court's ancillary jurisdiction over enforcing the parties' settlement terms. Second, a settlement agreement does not affect the court's ancillary jurisdiction over an attorney's fees dispute. Unlike its ancillary jurisdiction to enforce the settlement Agreement, the court's ancillary jurisdiction over Plaintiffs' motion for attorneys' fees need not have been explicitly "retained." *Id*. at 969–70. Third, any exercise of ancillary jurisdiction over an attorney's fees dispute is still discretionary. *Id*. at 971.

Here, in addressing CCTC's present motion, the Settlement Agreement does not contain a provision allowing the Court to retain any sort of jurisdiction. Thus there is no basis for this Court to retain jurisdiction. CCTC's arguments pertaining to obligations under the Settlement Agreement, and the reliance on *Leach Logistics, Inc. v. CF USA, Inc.*, 751 F. Supp. 3d 1087 (D. Nev. 2024), are new contractual questions. The fact that this Court is well aware of this matter and the issues surrounding the Settlement Agreement does not provide a basis for jurisdiction. *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995). Ultimately, any issue regarding compliance with the contract terms (i.e., the Settlement Agreement) can be brought in a separate action based on applicable claims. Again, settlement agreements are designed to end litigation, not create it. At this point, the claims against the parties have been settled and this matter should be dismissed.

**B.      CCTC's Issues Regarding Compliance with the Settlement Agreement are Irrelevant, Unpersuasive, and Improperly brought before the Court.**

"Enforcing a settlement agreement is interpreted as an action to enforce a contract." *Monroy v. Wal-Mart Inc.*, 2:22-CV-01638-RFB-NJK, 2024 WL 4441831, at *1 (D. Nev. Sept. 29, 2024). "A contract's construction and enforcement are governed by principles of state contract law." *Id*. "This is true even if the underlying cause of action is federal." *Id*. Moreover, a breach of a settlement agreement generally requires a separate action for enforcement. *Midwest Sports Medicine and Orthopedic Surgery, Inc. v. U.S.*, 73 F.Supp.2d 870 (S.D. Ohio 1999); *see*

*also*, *T.G. Plastics Trading Co. Inc. v. Toray Plastics (America), Inc.*, 958 F.Supp.2d 315 (D. R.I. 2013).  If such a beach occurs an aggrieved party may bring an independent action for breach of contract.  *See Id.*  Simply, claims of settlement agreement breach typically require their own basis for jurisdiction.  This means that the enforcement action is not merely a continuation of the original case but a separate contract dispute.  *Johannes Baumgartner Wirtschafts-Und Vermogensberatung GmbH v. Salzman*, 969 F.Supp.2d 278 (E.D.N.Y. 2013).

Here, CCTC's concerns regarding Counter-defendants' hypothetical future non-compliance with requirements enumerated in the Settlement Agreement are separate and apart from the underlying claims and are more appropriately addressed outside of this lawsuit.  That is one of the reasons a confession of judgment is typically used, particularly here in Nevada – to provide a streamlined process for creditors to obtain a judgment for money due or to become due, or to secure against contingent liabilities, without the need for a full court proceeding.  *See* NRS 17.090; *see also Coast to Coast Demolition & Crushing, Inc. v. Real Equity Pursuit, LLC*, 126 Nev. 97, 101, 226 P.3d 605, 607 (2010).

Interestingly, CCTC has telegraphed its intent to proceed against all Counter-defendants despite CPA's and Shiva Prakash's  execution of the confession of judgment .  *See e.g.*, ECF No. 79 at 8:12-14 ("The Court should therefore enforce the terms of the Settlement Agreement, by requiring the Counter-defendants—jointly and severally—to make the first Quarterly Payment, immediately.").  This legal strategy may lead to issues as this will likely require a discussion regarding the Settlement Agreement's plain language, the parties' intent, and the application of the Settlement Agreement's integration clause.  This legal strategy also opens up different and distinct affirmative defenses from those provided in the underlying pleadings.  Again, an action for breach of contract is unique to each contract.  This lawsuit is not pled to include an alleged breach of this contract.  As such, to allow CCTC to move forward with what essentially amounts to a breach of contract action, without allowing Counter-defendants to raise defenses is against the Federal Rules of Civil Procedure.

Additionally, CCTC fails to provide this Court with a legal basis wherein it could enter the confession of judgment in this lawsuit at this time.  There is no dispute that courts routinely

enforce agreements that allow a party to file a confession of judgment, but they must be entered in accordance with the terms of the agreement. *See* ECF No. 79 at 6:24-28. CCTC's own legal authority indicates that confessions of judgment are not filed in the same, underlying action, ***unless*** the parties agreed to allow the court to retain jurisdiction. *See Id*. at 6:26-28; *citing Bd. of Trustees of Unite Here Health v. Aguilar*, No. 2:16-cv-02501-RFB-GWF, 2023 WL 6255697, at \*1-4 (D. Nev. Sept. 25, 2023)[1]; *Blue Sunsets, LLC v. Kontilai*, No. 2:18-CV-90 JCM (NJK), 2020 WL 1148563, at \*5-6 (D. Nev. Mar. 9, 2020)[2]. This makes a great deal of sense since settlement agreements (such as this one) often call for payments over an extended period of time, including for many years. Imposing upon the Court to retain jurisdiction over a closed matter for years to come when the parties did not agree to such a condition is not appropriate. Here, the parties bargained for finality. To allow CCTC to keep this matter open and to bring in the confession of judgment – along with any other legal remedy CCTC desires against the Counter-defendants – would be in contravention of the Settlement Agreement language and applicable legal precedent.

Ironically, CTCC has no viable argument to justify the failure to comply with the Settlement Agreement's express terms which mandate that dismissal must occur within three business days after the initial payment was made and the original confession of judgment was provided to CCTC. These conditions have occurred and dismissal is now overdue.

/ / /

/ / /

/ /

---

[1] "After [the parties] agreed to a judgment amount and settlement payment plan… the parties filed a Stipulation and Order to Dismiss Defendants from this case without prejudice, which the Court granted… The Court would also retain jurisdiction to take further action in the event Defendants failed to remit to Plaintiff all payments promised to it. The Parties agreed that Defendants' failure to satisfy any of the conditions set forth in the Stipulation, and particularly the payment obligations it imposed, constituted an event of default. The Parties agreed that in the event of a default, the judgment amount would be increased to include (1) interest… [and], (2) the amount of all reasonable costs and attorney's fees expended in collecting said judgment by execution… The Parties also agreed that the judgment amount would be reduced by any sums paid by Defendants toward the judgment amount."

[2] The settlement agreement expressly authorized plaintiffs to immediately obtain a judgment against the defendants by filing a confession of judgment with that court.

**III.    CONCLUSION**

Lacking legal authority, and based on the parties' negotiated settlement language, CCTC has not shown that this Court should continue to exercise jurisdiction over the parties.  This matter should have been dismissed.  Therefore, CCTC's motion should be denied in its entirety.

DATED this 23rd day of May, 2025.

HUTCHISON & STEFFEN, PLLC

*/s/ Piers R. Tueller*

Piers R. Tueller (14633)
Ramez A. Ghally (15225)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Plaintiff/Counter-defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Hutchison & Steffen, PLLC, and that on this 23rd day of May, 2025, I caused a copy of *OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT* to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


*/s/ Bobbie Benitez*

An employee of Hutchison & Steffen, PLLC