Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
          dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant
CC Technology Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>   Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>   Defendants. | Case No. 2:24-cv-00680-NJK<br><br>**DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S REPLY IN SUPPORT OF MOTION TO CALCULATE SANCTIONS** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>   Counterclaimant,<br><br>v.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>   Counter-defendants. | |

1

Defendant/Counterclaimant CC Technology Corporation ("CCTC"), by and through its attorneys, the law firm of Sklar Williams PLLC, hereby files this Reply ("Reply") in Support of Motion to Calculate Sanctions (ECF No. 77; the "Motion").

This Reply is made and based upon the following Memorandum of Points and Authorities, all of the papers and pleadings on file herein, and any oral argument that the Court may allow at a hearing on this matter.

Dated this 29th day of May, 2025.

SKLAR WILLIAMS PLLC

 /s/ David B. Barney_____
Stephen R. Hackett, Esq.
Nevada Bar No. 5010
David B. Barney, Esq.
Nevada Bar No. 14681
410 South Rampart Blvd, Suite 350
Las Vegas, NV 89145
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

When imposing sanctions based on bad faith conduct relating to a settlement agreement, courts award "the fees the innocent party incurred . . . because of the misconduct—or put another way, . . . the fees that party would not have incurred but for the bad faith." *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1046-47 (D. Nev. 2021) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)).  In its Motion to Enforce Settlement and for Sanctions against Counter-defendants (ECF No. 57; the "Sanction Motion"), CCTC requested sanctions by way of its attorney fees and costs that would not have been incurred, but for the Counter-defendants' bad faith conduct.  ECF No. 45, at 7.  This includes all costs and attorney fees incurred by CCTC, after the Counter-defendants agreed to the terms of the Settlement Agreement (ECF No. 57-2), but refused to sign or comply with the same, such as fees associated with attempts to secure the Counter-defendants' performance and signatures, briefing required by the Court regarding why the parties had not dismissed this case, and eventually, briefing associated with the Sanction Motion.

The only arguments in Counter-defendants' Opposition to the Motion (ECF No. 80) are: (i) that CCTC can **only** include the attorney fees and costs associated with briefing on the Sanction Motion in its calculation of sanctions, and (ii) that several billing entries submitted by CCTC are fully redacted, so the Court cannot properly evaluate those fees for purposes of the Motion.  But as set forth above, and as requested in the briefing on the Sanction Motion, *see, e.g.*, ECF No. 61, at 8-11, the fees and costs incurred by CCTC as a result of the Counter-defendants' bad faith conduct is not limited to the fees incurred in connection with the Sanction Motion.  To the contrary, they include CCTC's efforts to secure the Counter-defendants' signatures and then performance of the Settlement Agreement, notwithstanding the fact that the parties agreed to all the terms of the agreement for over a month, and the Court was inquiring as to why the case had not yet been dismissed.  CCTC also had to prepare briefing and status reports on that issue for the Court, and it would not have incurred any of these fees or costs if the Counter-defendants did not engage in bad faith delay tactics relating to the Settlement Agreement.  These fees and costs are therefore appropriately awarded as part of the sanction against the Counter-defendants.

Regarding the argument that several of CCTC's billing entries were fully redacted, CCTC addressed that matter in the Motion.  CCTC stated that "fully redacted entries are irrelevant and were not included in CCTC's calculation of its attorney fees and costs."  ECF No. 77, at 12 n.1. Accordingly, the Counter-defendants' argument on this issue has no bearing on the Motion, because those fees and costs were not even included in CCTC's request.  In light of these facts, and as set forth in further detail below, the Court should grant the Motion in its entirety and award to CCTC its reasonable attorney fees and costs as requested therein.

## II.  LEGAL ARGUMENT

When imposing sanctions as a result of a party's bad faith conduct relating to a settlement agreement, courts award "the fees the innocent party incurred solely because of the misconduct— or put another way, . . . the fees that party would not have incurred but for the bad faith."  *Harper*, 552 F. Supp. 3d at 1046-47 (citing *Chambers*, 501 U.S. at 45).  "In the context of a refusal to sign a written settlement agreement after its terms are [agreed upon], attorneys' fees would be recoverable for time expended on further discussions or negotiations with the opposing counsel regarding the refusal to sign, briefing a motion to enforce settlement, attending a hearing on a motion to enforce settlement, and briefing the request for sanctions, including preparing the documentation underlying the calculation for such request."  *Id.* (citing *Leverty & Assoc. Law Chtd. v. Exley*, No. 3:17-cv-00175-MMD-WGC, 2018 WL 6728415, at *13 (D. Nev. Nov. 5, 2018); *Glass v. Pfeffer*, 849 F.2d 1261, 1266 & n.3 (10th Cir. 1988)).  These are the exact types of fees being sought by CCTC, which were all incurred as a result of the Counter-defendants' bad faith refusal to sign, and then comply with, the Settlement Agreement.

As set forth in the Sanction Motion, the parties reached an agreement on the language of the Settlement Agreement in its entirety, on January 9, 2025.  ECF No. 57, at 3.  Had the Counter-defendants simply signed that agreement—instead of delaying for over a month, with no legitimate excuse—this case would have been dismissed in January, and the parties would not be burdening the Court with these ongoing issues.  But they did not, and they instead forced CCTC's counsel to proverbially hunt them down, to obtain signatures and then compliance with the Settlement Agreement.

4

While the Counter-defendants argue that CCTC's fees incurred in doing so are not properly awarded on the Motion, both the case law cited above and a look at the billing records attached to the Motion prove otherwise. As an initial matter, Counter-defendants concede that the fees and costs incurred by CCTC from February 24–April 17, 2025, are appropriately awarded. This Reply will therefore address the billing entries that fall outside that period, which are also properly awarded on the Motion.

As set forth in the billing history attached to the Motion as Exhibit 2 (ECF No. 77-2; the "Billing History"), all of the billing entries before February 24, 2025, arise directly as result of, and in connection with, the Counter-defendants failure to complete their entry into and/or comply with the Settlement Agreement. Beginning on January 14, 2025, CCTC's counsel had to begin requesting the status of the settlement documents, so the case could be dismissed. ECF No. 77-2, at 2. In the meantime, the parties agreed to file a stipulation to extend discovery if the case had not yet been dismissed, which they did when the Counter-defendants had not finalized the Settlement Agreement. *Id.*; *see also* ECF No. 51. After the parties filed their stipulation, the Court entered an Order extending the discovery deadlines in this case, which also ordered the parties to file a joint status report regarding settlement by February 7, 2025, if the case was not dismissed by that date. ECF No. 51.

CCTC then incurred additional fees in connection with: (i) continuing to try to secure the Counter-defendants' signatures on and compliance with the Settlement Agreement, including by email and phone, (ii) briefing the joint status report, which then grew into a second joint status report when dismissal papers were not filed by February 7, 2025, and (iii) counsel having to keep its client apprised of the progress of settlement and the Court's orders. ECF No. 77-2, at 2-6; *see also* ECF No. 54 (requiring the parties to file a second joint status report, by February 18, 2025). These fees would not have been incurred, but for the Counter-defendants' delay tactics and refusal to sign and then comply with the Settlement Agreement. They are therefore appropriately awarded on the Motion, as the purpose of such a sanction is to ensure that CCTC is reimbursed for the fees and costs it incurred as a direct result of the bad faith conduct for which sanctions are being imposed.

To briefly address the Counter-defendants' argument that certain billing entries are improperly redacted, and thus, should not be included in the subject sanction, CCTC addressed the redactions in its Motion. CCTC stated that "[p]artially redacted entries reflect privileged information, and fully redacted entries are irrelevant and were not included in CCTC's calculation of its attorney fees and costs." ECF No. 77, at 12 n.1. Accordingly, the fully redacted entries were not included in CCTC's request for sanctions, and so those entries are irrelevant to the instant matter.

With regard to partially redacted entries, this is a common practice done to preserve the attorney-client privilege on any motion for an award of attorney fees, and it should not be used to discount the fees set forth in the Billing History. While CCTC would be happy to show the Court unredacted entries in the Billing History *in camera*, should the Court find it appropriate, it respectfully submits that the Court can see the matters relate to CCTC's counsel's efforts to procure compliance with the parties' agreement to settle this case. Once again, there would be **no** work done if the Counter-defendants signed and complied with the Settlement Agreement on or about January 9, 2025—or any other time before the Sanction Motion was decided—and the billing entries reflect the work that CCTC's counsel was required to do, as a direct result of the Counter-defendants' bad faith conduct. Such fees and costs are therefore awardable as a sanction against the Counter-defendants, and the Motion should be granted in its entirety.

## III.    CONCLUSION

The Court has already found that an award of sanctions is proper based on the Counter-defendants' bad faith conduct relating to the Settlement Agreement. Counter-defendants do not dispute that CCTC's fees and costs were reasonable, and they concede that CCTC is entitled to recover at least $9,093.39, relating to the preparation and litigation of the Sanction Motion. But the Counter-defendants fail to recognize clear case law allowing recovery of fees and costs outside of mere briefing on a motion to enforce settlement, including continued efforts to procure an opposing party's compliance, and any other fees and costs incurred in connection with further briefing and other matters the party would not have incurred, but for the opposing party's bad faith conduct. Because these matters are also properly included in an award of attorney fees and costs

based on sanctions relating to a motion to enforce settlement, the Court should award to CCTC its reasonable attorney fees and costs as outlined in the Motion, in the amounts of $14,831 and $1,554.87, respectively.

Dated this 29th day of May, 2025.

SKLAR WILLIAMS PLLC

*/s/ David B. Barney*_____
Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
410 South Rampart Blvd., Ste 350
Las Vegas, Nevada 89145
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 29th day of May, 2025, a true and correct copy of the above and foregoing **DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S REPLY IN SUPPORT OF MOTION TO CALCULATE SANCTIONS** was filed electronically with the Clerk of the Court by submission to the electronic filing and service system (CM/ECF) at the United States District Court, District of Nevada.  CM/ECF will provide copies to all parties and counsel of record registered to receive CM/ECF notification.

 */s/ Jessica Uriostegui*
An employee of Sklar Williams PLLC

8