Piers R. Tueller (14633)
Ramez A. Ghally (15225)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
ptueller@hutchlegal.com
rghally@hutchlegal.com

*Attorneys for Plaintiff/Counter-defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-00680-NJK<br><br>**REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CAPITAL PURE ASSETS, LTD., a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C. a Nevada professional corporation; JAMES P. CHRISMAN, an individual;<br><br>Counter-defendants. | |

/ / /

## I.    LEGAL DISCUSSION

CCTC continues to advocate for *selective* enforcement of the Settlement Agreement – giving CCTC what it wants, while avoiding the requirements it does not.  No matter the narrative CCTC presents, it cannot ignore the fact that on May 2, 2025, the Initial Payment's delivery to CCTC's counsel was confirmed.  *See* ECF No. 74.  Thus, in accordance with the Settlement Agreement (which CCTC has requested this Court enforce three times), "[w]ithin three (3) business days of Counter-defendants' delivery of the Initial Payment… the Parties ***shall*** file in the Lawsuit a 'Stipulation and Order for Dismissal of Case with Prejudice…'" *See* ECF No. 57-2.  (emphasis added).  CCTC has no choice but to recognize that it should have complied with its obligations under the Settlement Agreement and agreed to file a stipulation and order for dismissal.

### A.    The United States Supreme Court Decision in *Kokkonen* Supports Case Dismissal and no Ongoing Ancillary Jurisdiction.

CCTC's error is further compounded by CCTC's own reliance on *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).[1]  While claiming Counter-defendants are "ignoring United States Supreme Court authority" CCTC fails to analyze for this Court *Kokkonen's* full context and holding.  In that case, the Court was clear: "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994) (internal citations omitted).

In ***Kokkonen*** the parties settled all claims and counterclaims and recited the substance of the agreement on the record in chambers before the district court judge.  *Id*. at 376.  Subsequently, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), the parties executed a

---

[1] CCTC's Opposition (ECF No. 81) to Counter-defendants Motion to Enforce the Settlement Agreement only relies on three cases: (1) *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); (2) *Leach Logistics, Inc. v. CF USA, Inc.*, 751 F. Supp. 3d 1087 (D. Nev. 2024); and (3) *Vuz v. DCSS III, Inc.*, No. 20-CV-246-GPC-AGS, 2021 WL 4333552 (S.D. Cal. Sept. 22, 2021).  It is telling that although *Kokkonen*, provides precedential opinion on the issue of whether a district court can retain jurisdiction, neither *Leach Logistics*, nor *Vuz* cites to this opinion.  Moreover, *Leach Logistics* does not even address the Court's retention of jurisdiction after the execution of a settlement agreement.

stipulation and order of dismissal with prejudice, dismissing the complaint and cross-complaint, which the district judge signed under the notation "It is so ordered."  *Id*. at 376-77. Specifically, the stipulation and order ***did not*** reserve jurisdiction in the district court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement.  *Id*. at 377.

After the parties disagreed regarding an obligation to return certain files to as mandated under the settlement agreement the "aggrieved party" moved to enforce the settlement agreement, in district court.  *Id*.  The district court entered an enforcement order, asserting an "inherent power" to do so.  *Id*.  The *Kokkonen* Court disagreed, again reminding the litigants – and all of us – that "federal court are court of limited jurisdiction."  *Id*.  The Court continued stating, the dismissal in this case issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), provides for dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action," and causes that dismissal to be with prejudice if (as here) the stipulation so specifies.  *Id*. at 378.  There is no rule nor provision of law which provides for court jurisdiction over disputes arising out of an agreement that produces the stipulation (e.g., a settlement agreement).  *Id*.

While the Court did recognize the doctrine of ancillary jurisdiction (recognizing jurisdiction over some matters that are incidental to the main issues), it was clear this doctrine has limits.  *Id*.  Ancillary jurisdiction had been asserted (in the very broad sense) for only two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.  *Id*. at 379-80.  (internal citations omitted).  However, in *Kokkonen* (and here), neither of these options supported the assertion of jurisdiction.  The Court recognized it does have some inherent authority (or discretion), but that is limited to investigating and prosecuting violations of court orders.  *Id*.; *citing Young v. United States ex rel. Vuitton et Fils S.A.,* 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987).  There the only order at issue was

that the suit be dismissed, a disposition that is in no way flouted or imperiled by an alleged breach of the settlement agreement. *Id*.

Of note, the *Kokkonen* Court stated the situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal, either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement), or by incorporating the terms of the settlement agreement in the order. *Id*. at 381. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. *Id*. However, that was not the case. *Id*. The Court held that a district court's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of an order. *Id*.

Here, it is uncontested that the parties did not include language allowing this Court to retain jurisdiction. Instead, the Settlement Agreement simply mandates dismissal with prejudice. The *Kokkonen* Court acknowledged that when the dismissal specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order." *Id*. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract) ***only if*** the parties agree. *Id*. (emphasis added). Absent such action, however, enforcement of the settlement agreement is for state courts. *Id*. at 382.

Ultimately, this is where CCTC is wrong. The parties did not agree to allow this Court to retain jurisdiction. The Court's inherent authority/discretion does not stretch so far as to destroy the parties' Settlement Agreement. A stipulation for dismissal with prejudice was what was negotiated and agreed upon and this Court should enter an order to that effect.

/ / /

**B.      CCTC Proffers no Alternative Legal Basis Mandating This Court Retain Jurisdiction Over This Matter.**

CCTC's additional reliance on *Leach Logistics, Inc. v. CF USA, Inc.*, 751 F. Supp. 3d 1087 (D. Nev. 2024) is irrelevant.[2]  CCTC has seemingly proffered this case to argue its actually discharged from *its* obligations under the Settlement Agreement, while ironically filing a separate, pending motion with the Court to "enforce" the Settlement Agreement mandating *Counter-defendants* must do everything, and more, as prescribed under the Settlement Agreement.  Frankly, at this point, CCTC has already received an executed confession of judgment and $350,000, yet CCTC refuses to do a single thing its required to do under the Settlement Agreement.

If CCTC has an issue with ongoing Settlement Agreement compliance, it has other remedies it can pursue – as negotiated and included in the Settlement Agreement.  Counter-defendants understand there were previous issues with their conduct, but now it is CCTC who is acting inappropriately.  Forcing the Court to keep matter open when CCTC has already received money and a binding legal document is axiomatically wrong.

**II.      CONCLUSION**

Based on the arguments contained herein, this Court should dismiss this action and not continue to exercise jurisdiction over the parties after the matter has been dismissed.

DATED this 30th day of May, 2025.

HUTCHISON & STEFFEN, PLLC

*/s/ Piers R. Tueller*

Piers R. Tueller (14633)
Ramez A. Ghally (15225)
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Plaintiff/Counter-defendants*

---

[2] CCTC's citation to *Vuz v. DCSS III, Inc.*, No. 20-CV-246-GPC-AGS, 2021 WL 4333552 (S.D. Cal. Sept. 22, 2021) is also similarly irrelevant.  In *Vuz*, the United States District Court for the Southern District of California discussed FRCP 41(a) voluntary dismissals and California law regarding good faith settlement.  In this case the Settlement Agreement mandates the process for dismissal and CCTC simply needs to comply with that obligation.

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Hutchison & Steffen, PLLC, and that on this 30th day of May, 2025, I caused a copy of **REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Heather Shepherd*

An employee of Hutchison & Steffen, PLLC