Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
        dbarney@sklar-law.com
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CC TECHNOLOGY CORPORATION, a Colorado corporation; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00680-NJK<br><br><br>**DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S REPLY IN SUPPORT OF THIRD MOTION TO ENFORCE SETTLEMENT AND FOR ORDER ENTERING CONFESSION OF JUDGMENT** |
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CAPITAL PURE ASSETS, LTD, a Nevada limited liability company; SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, an individual; VIKHYAT PRAKASH, an individual; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Counter-defendants. | |

1

Defendant/Counterclaimant CC Technology Corporation ("CCTC"), by and through its attorneys, the law firm of Sklar Williams PLLC, hereby files this Reply ("Reply") in Support of Third Motion to Enforce Settlement and for Order Entering Confession of Judgment (ECF No. 79; the "Motion").

This Reply is made and based upon the following Memorandum of Points and Authorities, all of the papers and pleadings on file herein, and any oral argument that the Court may allow at a hearing on this matter.

Dated this 30th day of May, 2025.

SKLAR WILLIAMS PLLC

*/s/ David B. Barney*_____
Stephen R. Hackett, Esq.
Nevada Bar No. 5010
David B. Barney, Esq.
Nevada Bar No. 14681
410 South Rampart Blvd, Suite 350
Las Vegas, NV 89145
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

In their Opposition to the Motion (ECF No. 82), Counter-defendants argue that the Court cannot maintain jurisdiction over this matter because the parties did not agree to such relief in the Settlement Agreement (ECF No. 57-2).  ECF No. 82, at 4.  They also argue that CCTC cannot enforce its rights under the Settlement Agreement, while at the same time not submitting the Stipulation and Order for Dismissal that was attached to the parties' agreement.  *Id.* at 4-8.  Both of these arguments are incorrect under applicable law.

With regard to its argument on jurisdiction, Counter-defendants tell only half the story to the Court.  While parties may agree to a court to retaining jurisdiction over a settlement agreement in a stipulated dismissal, courts may also retain jurisdiction over a settlement agreement in their discretion, where a dismissal is not made upon a stipulation.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).  Because the parties have not submitted a stipulation for dismissal in this case—and the stipulation attached to the Settlement Agreement would have to be modified in any event—if the Court decides to dismiss this case now, it has discretion to retain jurisdiction over the settlement agreement.  Such jurisdiction would be appropriate, and in the interests of judicial economy, and the Counter-defendants' argument is without merit.

Regarding the argument that CCTC may not enforce its rights under the Settlement Agreement because it has not agreed to dismiss this case by stipulation, that argument is likewise incorrect.  Governing law provides that when a party materially breaches a contract, as the Counter-defendants have done here, the "injured party is both excused from its contractual obligation and entitled to seek damages for the other party's breach."  *Leach Logistics, Inc. v. CF USA, Inc.*, 751 F. Supp. 3d 1087, 1096 (D. Nev. 2024) (citing *Cain v. Price*, 415 P.3d 25, 29 (2018)).  Because the Counter-defendants materially breached the Settlement Agreement, including, by (i) failing to deliver the confession of judgment or initial payment to CCTC, and (ii) failing to make the first Quarterly Payment, CCTC is permitted—as a matter of law—to pursue its remedies without having to follow the terms of the contract that would have been effective, had the Counter-defendants timely performed (or performed at all regarding the Quarterly Payment

3

obligations). Because CCTC is not required to do so, based on the Counter-defendants' own breach, this argument fails as well.

The bottom line is that the Counter-defendants agreed to pay $1,336,000 to CCTC, as consideration for CCTC dropping its claims. They have only made payments once held in contempt, and it is clear they have no intention of paying the remaining almost $1 million owed to CCTC. Requiring the Counter-defendants to cure their ongoing breach is warranted, and within the Court's control pre-dismissal. If the Court determines that dismissal is appropriate at this time, however, it can and should still maintain jurisdiction over this matter, to avoid a completely duplicative lawsuit and the re-litigation of these matters, where they are ripe for adjudication and this Court is in the best position to adjudicate the same.

## II.     LEGAL ARGUMENT

### A.     The Court Should Enter the Confession of Judgment, in accordance with the Terms of the Settlement Agreement.

Counter-defendants raise one argument against the Court's entry of the Confession of Judgment against Shiva Prakash ("Shiva") and Capital Pure Assets, Ltd. ("Capital Pure"). They argue that the Court may only enter the Confession of Judgment if the parties agreed to file it in this case. Beyond the fact that this argument is not supported by law, it is also not supported by the language of the Settlement Agreement or the Confession of Judgment.

The analysis of the cases cited in the Motion does not address the impact of an agreement to file a confession of judgment in a particular lawsuit. While the parties agreed to do so in *Board of Trustees of Unite Here Health v. Aguilar*, No. 2:16-cv-02501-RFB-GWF, 2023 WL 6255697, at *2 (D. Nev. Sept. 25, 2023), there is nothing in the cases cited by the Counter-defendants—or otherwise—which states that a Court must retain jurisdiction over a matter post-dismissal, in order to file a Confession of Judgment. Even *Aguilar* states otherwise, by holding that "United States district courts have jurisdiction to render judgments by confession." *See Aguilar*, 2023 WL 6255697, at *1 (citing *Bowles v. J.J. Schmitt & Co.*, 170 F.2d 617, 620-21 (2d Cir. 1948). The court further states that "[f]ederal courts may follow the state law's procedures for obtaining confessed judgments." *Id.* (citing *Fed. Deposit Ins. Corp. v. Yarrington*, No. 13-CV-89-S, 2013

WL 11866198, at *1 (D. Wyo. Jun. 13, 2013)) (alteration in original).

As this Court has already ruled, it has inherent authority to enforce the Settlement Agreement that was entered into by the parties in this lawsuit. ECF No. 62, at 2, 4-6. This includes the authority to effectuate the terms of the Settlement Agreement, such as CCTC's ability to file the Confession of Judgment. And while the Counter-defendants attempt to conflate this issue with the Court's decision regarding ancillary jurisdiction after dismissal, that issue is (i) a separate issue altogether, and (ii) irrelevant, because no dismissal has occurred and there is no reason the Court cannot enter a judgment that the parties agreed to before dismissal.

In addition to the fact that the Counter-defendants' legal argument on this issue is unfounded, the plain language of the Settlement Agreement supports CCTC's request for the entry of the Confession of Judgment by the Court. As set forth in the parties' agreement, if Shiva and Capital Pure fail to make a Quarterly Payment, and then fail to cure their breach within the applicable Cure Period, "CCTC may file the Confession of Judgment in its sole discretion, without further notice or other action." ECF No. 57-2, at 3-4. Not only does this language not foreclose the ability of CCTC to file the document in this Court, but the Confession of Judgment itself **contains the case number of this case** and the name of this Court. ECF No. 57-2, at 17; ECF No. 79-4. Counter-defendants' request that the Court force CCTC to file the Confession of Judgment in another court, or in a separate case in this Court, is completely arbitrary and not founded in law. Based on the Court's ability to enter the Confession of Judgment while enforcing the Settlement Agreement, and the language of the Settlement Agreement and Confession of Judgment themselves, the Court should grant the Motion and enter the Confession of Judgment without further delay.

> **B.      The Court Should Enforce the Settlement Agreement, by Requiring the Counter-defendants to Make the First Quarterly Payment.**

Counter-defendants do not provide any legal argument in opposition to why the Court cannot, or should not, enforce the Settlement Agreement by requiring the Counter-defendants to make the first Quarterly Payment, pre-dismissal. Instead, they appear to only address the question of ancillary jurisdiction post-dismissal, and remark in the abstract that the Counter-defendants

should be able to raise defenses in a new case. But if they had any valid defenses, why do the Counter-defendants not state them in the Opposition?

The language of the Settlement Agreement is clear, in that the Counter-defendants were obligated to make the first Quarterly Payment on April 1, 2025. ECF No. 78, at 4-5, 7-8. There is no dispute that they failed to do so. Accordingly, the matter is ripe for this Court's adjudication based on its inherent authority to enforce a settlement agreement entered into involving a case in front of it. This fact is unchanged by the Counter-defendants' blanket assertion of unnamed defenses, to be provided at a later date, or their claim that the breach of the first Quarterly Payment is a "hypothetical future" breach, which is simply not true. ECF No. 82, at 5. This matter is ripe for adjudication, and the Court should enforce the Settlement Agreement by requiring the Counter-defendants to make the first Quarterly Payment. Any other result would require completely duplicative litigation and court congestion, with no change in substance.

**C.    The Court Should Refrain from Dismissing this Case until the Counter-defendants Complete the Settlement Agreement or, Alternatively, Retain Jurisdiction to Enforce the Terms of the Parties' Agreement Post-Dismissal.**

In their Opposition, Counter-defendants do not address the fact that this Court has jurisdiction before dismissal. They simply argue the Court should punt on the issues in front of it, so they can drag these matters out further. But that does not discount, or refute as a legal matter, the fact that the Court has jurisdiction over the Settlement Agreement prior to the eventual dismissal of this case, and its adjudication of the Counter-defendants' ongoing breach of the Settlement Agreement is warranted.

With regard to the Counter-defendants' argument about ancillary jurisdiction post-dismissal, they once again give the Court only half of the analysis on the issue. While it is true that the Court may retain jurisdiction upon the agreement of the parties, it may also retain jurisdiction in its discretion, if a dismissal is entered by the Court outside of a stipulation. The United States Supreme Court has held that when a dismissal is entered under Federal Rule of Civil Procedure 41(a)(2), "the parties' compliance with the terms of [a] settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, **in the court's discretion**, be one of the terms set forth in the order." *Kokkonen*, 511 U.S. at 381-82.

Because the parties have not submitted a stipulation for the dismissal of this case, any dismissal entered by the Court would be under Federal Rule of Civil Procedure 41(a)(2). *See, e.g.*, *Vuz v. DCSS III, Inc.*, No. 20-cv-246-GPC-AGS, 2021 WL 4333552, at *3 (S.D. Cal. Sept. 22, 2021) (providing that the rule comes into play when the parties cannot agree to the terms of a dismissal, and a party nonetheless seeks to obtain dismissal upon the court's approval). Accordingly, if the Court finds that dismissal is appropriate at this time, it should include in its order of dismissal that the Court retains jurisdiction over the Settlement Agreement, until the parties' ongoing obligations thereunder are satisfied. Such a result is not only permitted, but warranted under applicable law, and in the interests of justice and judicial economy.

### III.    CONCLUSION

In light of the above, and as set forth in further detail in the Motion, the Court should enforce the terms of the Settlement Agreement, by: (i) entering the Confession of Judgment attached as Exhibit 4 to the Motion (ECF No. 79-4), and (ii) ordering the remaining Counter-defendants to make the first Quarterly Payment. The Court should further retain jurisdiction over this matter, either pre- or post-dismissal, to avoid unnecessary, duplicative litigation between the parties, and because such relief would be in the interests of justice and enforce the important policy that a settlement agreement should end litigation—not create endless litigation.

Dated this 30th day of May, 2025.

SKLAR WILLIAMS PLLC

*/s/ David B. Barney*_____
Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
410 South Rampart Blvd., Ste 350
Las Vegas, Nevada 89145
*Attorneys for Defendant/Counterclaimant*
*CC Technology Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the 30th day of May, 2025, a true and correct copy of the above and foregoing **DEFENDANT/COUNTERCLAIMANT CC TECHNOLOGY CORPORATION'S REPLY IN SUPPORT OF THIRD MOTION TO ENFORCE SETTLEMENT AND FOR ORDER ENTERING CONFESSION OF JUDGMENT** was filed electronically with the Clerk of the Court by submission to the electronic filing and service system (CM/ECF) at the United States District Court, District of Nevada.  CM/ECF will provide copies to all parties and counsel of record registered to receive CM/ECF notification.

*/s/ Jessica Uriostegui*
An employee of Sklar Williams PLLC