UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD.,<br>  Plaintiff(s),<br>v.<br>CC TECHNOLOGY CORPORATION,<br>  Defendant(s). | Case No. 2:24-cv-00680-NJK[1]<br>**ORDER**<br>[Docket No. 77] |

Pending before the Court is Defendant/Counterclaimant CC Technology Corporation's ("Counterclaimant") motion to calculate sanctions. Docket No. 77. Plaintiff/Counter-Defendants Capital Pure Assets, Ltd., Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman ("Counter-Defendants") filed a response in opposition. Docket No. 80. Counterclaimant filed a reply. Docket No. 83. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part the motion to calculate sanctions.

**I. BACKGROUND**

On April 17, 2025, the Court granted Counterclaimant's motion to enforce settlement and for sanctions. Docket No. 62. The Court ordered Counterclaimant to substantiate its fees in a separate motion by May 8, 2025. *See id.* at 7. That is the matter currently before the Court.

**II. ATTORNEYS' FEES**

Federal courts sitting in diversity apply state law in calculating attorneys' fees. *Mangold v. Cal. Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49

---

[1] This case was referred to the undersigned magistrate judge on the parties' consent. Docket Nos. 27, 28.

(Nev. 2005) (quoting *University of Nevada v. Tarkanian*, 879 P.2d 1180, 1188, 1186 (Nev. 1994)). One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *See Shuette*, 124 P.3d at 549 & n.98 (quoting *Herbst v. Humana Health Ins. of Nevada*, 781 P.2d 762, 764 (Nev. 1989)); *see also Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1325-26 (D. Nev. 2014). "There is a strong presumption that the lodestar rate is reasonable." *Herbst*, 781 P.2d at 764. Nevada law requires courts to consider the qualities of the advocate, the character of the work done, the work actually performed by the lawyer, and the result. *See, e.g.*, *Hornwood v. Smith's Food King No. 1*, 807 P.2d 208, 213 (Nev. 1991) (citing *Brunzell v. Golden Gate National Bank*, 445 P.2d 31, 33 (Nev. 1969)).

A.  Reasonable Hours

Counterclaimant seeks an award of $14,831 in attorneys' fees. Counterclaimant filed billing records reflecting by the Court's math that Attorney Barney spent 7.6 hours preparing the motion to enforce settlement, Attorney Hackett spent 0.2 hours reviewing the motion to enforce settlement, Attorney Barney spent 9.6 hours reviewing the opposition and preparing the reply on the motion to enforce settlement, Attorney Hackett spent 2.2 hours reviewing the opposition and preparing the reply on the motion to enforce settlement, and both Attorney Barney and Attorney Hackett spent 0.5 hours reviewing and discussing the order granting the motion to enforce settlement. *See* Docket No. 77-2 at 6-9. Counter-Defendants do not challenge that these hours are properly included in the fee calculation. Moreover, the Court finds these hours to be reasonable based on the circumstances of this case. *Cf. Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (explaining that courts have a duty to evaluate reasonableness of fee requests even when no objection is made); Local Rule 7-2(d).

The parties do dispute the other hours for which fees are sought. First, Counter-Defendants challenge the time expended outside of the motion practice to enforce settlement. Docket No. 80 at 5-6. Counterclaimant argues that it may recover for its efforts to obtain signatures on the settlement agreement. Docket No. 83 at 4-5. Counter-Defendants have the better argument. The sanctions permitted are "limited to the fees the innocent party incurred solely because of the

misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017). This is a "but-for" test by which the movant may recover only the portion of its fees that it would not have paid but for the misconduct. *Id.* at 109. In this case, the Court found that Counter-Defendants violated the settlement agreement when they refused to make the initial payment of $14,000. Docket No. 62 at 4-5. Counterclaimant is entitled to fees incurred as a result of that misconduct, which do not include the preceding work that Counterclaimant identifies in the billing records.[2] In the circumstances of this case, the Court limits the fee award to the time spent related to the motion practice to enforce settlement.

Counter-Defendants also dispute certain billing entries that are redacted. Docket No. 80 at 6.[3] The pertinent period of legal work includes three entries regarding client communications regarding a redacted subject matter. *See* Docket No. 77-2 at 7. The billing records also include correspondence between counsel and the client after the reply was filed, but before the Court resolved the motion to enforce settlement. *See id.* at 8-9. Counterclaimant replies that this type of redaction is "common practice done to preserve the attorney-client privilege" and that Counterclaimant is willing to submit these entries for *in camera* review if needed. Docket No. 83 at 6. The time to make the appropriate showing of the fees sought was when the motion to calculate sanctions was filed, not thereafter. *See* Docket No. 62 at 7 (directing that the motion to calculate sanctions "must include *all* required argument and factual support to calculate sanctions" (emphasis added)). When insufficient information is submitted to substantiate the hours expended, the Court may reduce the fee to a reasonable amount. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court will

---

[2] The authority cited by Counterclaimant addresses the scenario in which a settlement is reached at a settlement conference and the terms are placed on the record. *See* Docket No. 83 at 4. In that context, a binding settlement exists at the time the terms are placed on the record, *see Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002), and the bad faith misconduct is generally the attempt to avoid the binding agreement by refusing to sign the formalized, written agreement, *see Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1044-45 (D. Nev. 2021).

[3] The fully redacted entries were excluded from the fee award sought, *see* Docket No. 77 at 12 n.1, so the Court addresses herein only the partially redacted entries.

3

apply a 20% haircut to these hours given the lack of substantiating information provided. *Cf. Rasooly v. Aetna Life Ins. Co.*, 2021 WL 1583894, at *6 (C.D. Cal. Mar. 25, 2021). As such, the Court will include in the lodestar 0.72 hours for Attorney Barney and 0.24 hours for Attorney Hackett with respect to these communications.

### B. Reasonable Hourly Rates

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar. The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested, supported by affidavits or other appropriate evidence. *See, e.g.*, *Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, 2015 WL 6163443, at *2 (D. Nev. Oct. 20, 2015) (applying Nevada law). Counter-Defendants do not challenge the hourly rates sought. Moreover, although they appear on the higher end of the spectrum, the Court does not find the rates sought to be unreasonable considering the qualities of the advocate, the character of the work done, the work actually performed, and the result. *See Brunzell*, 445 P.2d at 33; *see also, e.g.*, *Lee v. Vons Cos.*, 2024 WL 5159368, at *2 (D. Nev. Dec. 17, 2024); *Zanon v. Beauty by Design*, 2022 WL 18863860, at *1 (D. Nev. June 23, 2022).

### C. Lodestar

In light of the above, the Court calculates the lodestar as follows:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| David Barney | 18.42 | $375 | $6,908.50 |
| Stephen Hackett | 3.14 | $565 | $1,774.10 |

Accordingly, Counter-Defendants will be required to pay attorneys' fees in the amount of $8,682.60.

### III.   COSTS

Counterclaimant seeks to recover $1,554.87 in legal research costs. *See* Docket No. 77 at 9. These costs are documented in two block entries that cover a number of different dates, including some that precede the motion to enforce settlement by several weeks. *See* Docket No. 77-2 at 9. Counter-Defendants argue that the grouped entries improperly include costs that are not recoverable as being unrelated to the motion practice to enforce settlement. Docket No. 80 at 4,

4

5.  Given the dates of research identified, Counter-Defendants argue that 60% of the first billing entry should be disallowed.  *See* Docket No. 80 at 5.  The Court finds Counter-Defendants' approach reasonable and will exclude 60% of the first billing entry for costs to account for the remote dates of research, as well as 100% of the costs in the second billing entry.[4]  Accordingly, the Court will award $845.29 in costs.

**IV.   CONCLUSION**

For the reasons discussed above, the Court **GRANTS** in part and **DENIES** in part the motion to calculate sanctions.  Counter-Defendants must pay to Counterclaimant attorneys' fees of $8,682.60 and costs of $845.29 by July 8, 2025.

IT IS SO ORDERED.

Dated: June 17, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] Although the Court agrees that 60% of the first billing entry should be eliminated, Counter-Defendants' math appears to be incorrect.  *See* Docket No. 80 at 5.