UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAPITAL PURE ASSETS, LTD.,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>CC TECHNOLOGY CORPORATION,<br><br>　　　　Defendant(s). | Case No. 2:24-cv-00680-NJK[1]<br><br>**ORDER**<br><br>[Docket Nos. 78, 79] |

Pending before the Court is Counter-Defendants' motion to enforce settlement. Docket No. 78.[2]  Defendant/Counterclaimant CC Technology Corporation's ("Counterclaimant" or "CCTC") filed a response in opposition. Docket No. 81. Counter-Defendants filed a reply. Docket No. 84. Also pending before the Court is Counterclaimant's motion to enforce settlement. Docket No. 79. Counter-Defendants filed a response in opposition. Docket No. 82. Counterclaimant filed a reply. Docket No. 85. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** Counter-Defendants' motion to enforce settlement and **DENIES** Counterclaimant's motion to enforce settlement.

## I.  BACKGROUND

This case arose out of discussions and agreements to engage in a joint venture. Capital Pure alleged that the joint venture was meant to focus on a real estate project in Chicago, *see* Docket No. 1 at ¶¶ 15-22, and that CCTC failed to perform its duties in finding viable projects, *see id.* at ¶¶ 40-54. CCTC filed counterclaims alleging that the joint venture was meant to focus

---

[1] This case was referred to the undersigned magistrate judge on the parties' consent. Docket Nos. 27, 28.

[2] Plaintiff is Capital Pure Assets, Ltd. ("Capital Pure"). Counter-Defendants are Capital Pure, Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman. The Court will refer to these parties jointly as "Counter-Defendants."

on its "CannaCard" payment system, *see, e.g.*, Docket No. 5 at ¶ 24,[3] but that the joint venture agreement was a sham standby letter of credit scheme and that Capital Pure never intended to move forward with any project, *see, e.g., id.* at ¶¶ 70-78 (alleging fraud). CCTC also alleged that it sought return of the escrow funds pursuant to the parties' escrow agreement, but that the funds were wrongfully withheld. *See, e.g., id.* at ¶ 56.

As of February 19, 2025, the parties executed a settlement agreement resolving the claims and counterclaims in this case. Docket No. 57-2. That settlement agreement required certain actions, including the rendering of a $14,000 initial payment and delivering an original copy of the confession of judgment, after which the parties would file a stipulation to dismiss this case. *See, e.g., id.* at ¶ 2(b). Upon Counter-Defendants' failure to make the $14,000 initial payment or deliver an original copy of the confession of judgment, Counterclaimant filed a motion to enforce settlement. Docket No. 57. On April 17, 2025, the Court granted that motion and ordered Counter-Defendants to make the $14,000 initial payment and deliver the confession of judgment by April 21, 2025. Docket No. 62. On April 21, 2025, Counter-Defendants filed a notice of compliance with respect to delivering the original confession of judgment. Docket No. 63. On April 29, 2025, the Court granted Counterclaimant's motion to hold Counter-Defendants in contempt for violating the Court's order to make the $14,000 initial payment. Docket No. 72. On May 2, 2025, Counter-Defendants filed a notice of compliance attesting to wiring the $14,000 initial payment on April 29, 2025. Docket No. 74. On May 5, 2025, the Court determined that Counter-Defendants had purged their contempt. Docket No. 75. The Court also noted that it appeared the case may be primed for dismissal, but that it understood the parties may dispute whether jurisdiction should be retained. *Id.* at 1.[4]

The parties are now before the Court on cross-motions regarding dismissal and retention of jurisdiction. Docket Nos. 78, 79.

---

[3] There is an answer portion of this document and a counterclaims portion of this document. The paragraph citations herein are made to the counterclaims portion of the filing.

[4] The Court had earlier ordered that $336,000 in escrow funds be placed in the Court's registry. Docket No. 42 (granting motion for preliminary injunction). Following settlement, those funds have been released to Counterclaimant. *See, e.g.*, Docket No. 76.

## II. STANDARDS

Courts possess inherent authority to enforce settlement agreements in pending cases. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957-58 (9th Cir. 2021). The construction and enforcement of settlement agreements are governed by state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013). Nevada law requires an offer and acceptance, meeting of the minds, and consideration to constitute an enforceable contract. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). "The starting point for the interpretation of any contract is its plain language." *Miller v. Weinmann*, No. 2:19-cv-02213-JCM-DJA, 2023 WL 5428644, at *4 (D. Nev. Aug. 23, 2023).

## III. ANALYSIS

The parties both seek enforcement of the settlement agreement, but as to different provisions: Counter-Defendants seek dismissal of the case; Counterclaimant seeks issuance of an order requiring Counter-Defendants to render a quarterly payment.[5] The parties also dispute whether, in the event dismissal is ordered, the Court should retain jurisdiction to further enforce the settlement agreement.

### A.   Dismissal

Counter-Defendants seek dismissal of this case pursuant to the terms of the settlement agreement. *E.g.*, Docket No. 78 at 4-5. In particular, Counter-Defendants point to the plain language of the settlement agreement for the filing of a stipulation of dismissal upon making the $14,000 initial payment. Relying on caselaw addressing being relieved of contractual obligations

---

[5] Counterclaimant also provides less than a page of argument to seek entry of confession of judgment. *See* Docket No. 85 at 4-5. Despite a specific admonition to ensure that all requests are supported by "fulsome argument," Docket No. 75 at 1 n.2; *see also, e.g., Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (explaining that courts need not resolve issues raised without meaningful development), this request for relief is not meaningfully developed. The motion provides one sentence that courts "routinely" allow filing confessions of judgment, with citation to two unpublished decisions, but the motion fails to provide any articulation of the governing law or standards. Moreover, the cases cited by Counterclaimant involve motions specifically geared toward seeking entry of judgment, not motions to enforce settlement. *Cf.* Local Rule IC 2-2(b) (requiring separate requests to be filed separately); *see also Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-00256-JCM-NJK, 2017 U.S. Dist. Lexis 132101, at *2 (D. Nev. Aug. 18, 2018) (explaining importance of the rule, including as to the clear presentation of governing standards). The Court decides herein that dismissal is warranted and that retention of jurisdiction to further enforce the settlement agreement is not warranted. In light of its deficiencies, the Court declines to address Counterclaimant's request for entry of confession of judgment.

upon a material breach, Counterclaimant argues that dismissal is not warranted because Counter-Defendants have committed "additional breaches," such as their obligation elsewhere in the settlement agreement to make a quarterly payment. *E.g.*, Docket No. 81 at 4-6; Docket No. 79 at 7-9. Counterclaimant insists that the Court should instead enforce that provision in the settlement requirement rather than dismissing the case.

By operation of the plain language of the settlement agreement, this case is ripe for dismissal. The parties were required to seek dismissal within three business days of the delivery of the $14,000 initial payment. Docket No. 57-2 at ¶ 2(b). There is no dispute that the initial payment was wired on April 29, 2025, and that delivery was confirmed on May 2, 2025. Docket No. 74 at 2. Hence, dismissal of the case is overdue.

Moreover, the Court is unpersuaded by Counterclaimant's arguments to the contrary. Courts possess inherent authority to enforce settlement agreements in pending cases. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957-58 (9th Cir. 2021). When the underlying controversy has been resolved and the conditions precedent for dismissal have been satisfied, however, courts need not delay dismissal to resolve disputes as to other aspects of that agreement even though the case remained technically "pending" when the motion to enforce was filed. *See Furst v. Walter*, No. CV-17-03096-PHX-JJT, 2019 WL 1227117, at *2, 3 (D. Ariz. Mar. 15, 2019) (because "the parties' settlement extinguished the underlying claims[] and the parties satisfied the conditions of dismissal of this case," rejecting argument that the court must postpone dismissal and decide motion to enforce settlement). As the settlement extinguished the claims and counterclaims in this case, and as the conditions precedent for dismissal established in the settlement agreement have been satisfied, the Court will enforce the settlement by dismissing the case.

B.     Retention of Jurisdiction

Having determined that the case is ripe for dismissal, the Court turns to Counterclaimant's argument that the Court should retain jurisdiction to continue enforcing the settlement terms. Counterclaimant argues that the Court has the authority to retain jurisdiction and doing so is warranted in light of past violations and as a matter of judicial economy. *E.g.*, Docket No. 79 at 9-11. Counter-Defendants argue that retention of jurisdiction is not warranted because the

4

settlement agreement provides for no such relief and, instead, the parties bargained for a different enforcement mechanism of an executed confession of judgment. *E.g.*, Docket No. 82 at 2-4.

Whether to retain jurisdiction is a discretionary matter. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *see also Camacho v. City of San Luis*, 359 Fed. Appx. 794, 798 (9th Cir. 2009) ("it was the court's prerogative not to retain jurisdiction").[6] Courts are less inclined to retain jurisdiction when they had no involvement in formulating the terms of the settlement agreement. *See HM Elecs. v. R.F. Techs.*, No. 12-cv-02884-BAS-MDD, 2016 WL 4063806, at *1 (S.D. Cal. Feb. 17, 2016). Courts are also less inclined to retain jurisdiction when the settlement agreement itself does not seek such relief. *See Furst*, 2019 WL 1227117, at *2.

The Court declines in its discretion to retain jurisdiction in this case to enforce the settlement agreement further.[7]

## IV. CONCLUSION

For the reasons discussed below, the Court **GRANTS** Counter-Defendants' motion to enforce settlement and **DENIES** Counterclaimant's motion to enforce settlement. This case is **DISMISSED** with prejudice. The Clerk's Office is **INSTRUCTED** to close this case.

IT IS SO ORDERED.

Dated: June 18, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[6] Even when the parties agree to retention of jurisdiction, courts are under no obligation to do so. *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996) (collecting cases).

[7] To be crystal clear, in declining to retain jurisdiction over enforcement of the settlement agreement, the Court is not indicating in any way that it lacks jurisdiction to enforce its recent sanctions order (Docket No. 86) in the event Counter-Defendants fail to comply. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).